IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE ELECTROCHROMICS INC,<br><br>    Plaintiff,<br><br>   v.<br><br>VIEW INC,<br><br>    Defendant.<br>_____/ | No. C 12-06441 SI<br><br>**ORDER RE MOTION TO FILE UNDER SEAL** |

Currently before the Court is defendant's motion to file its Certification of Interested Parties (required by Civil Local Rule 7-12) under seal to protect from disclosure non-public information regarding some or all of its investors. Docket No. 12. In support of its motion, View, Inc. filed the declaration of Brian Griedel which states that Mr. Griedel is "informed and believes" that disclosure to plaintiff Sage and/or the public of information regarding View's investors "could cause competitive harm" to View, Inc. and/or its investors. Docket No. 12-1.

Mr. Griedel's declaration fails to meet the "good cause" standard required to seal the information at issue. Generally, when applying to file documents under seal in connection with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient for the Court to file the documents under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80. "Simply mentioning a general category of privilege,

without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana,* 447 F.3d at 1184. Neither do "'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning.'" *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Mr. Griedel's declaration contains only broad, unsubstantiated allegations of potential harm. Within **five (5) days** of the date of this Order, View must submit a further declaration providing specific examples, supported by articulated reasoning, demonstrating why disclosure of some of all of its confidential investors will result in harm sufficient to allow View to file its Certification under seal.

**IT IS SO ORDERED.**

Dated: January 14, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2