TERRENCE P. MCMAHON (SBN: 71910)
TERRY W. AHEARN (SBN: 216543)
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA  94025-4004
Telephone:     +1 650 815 7400
Facsimile:      +1 650 815 7401
tmcmahon@mwe.com
tahearn@mwe.com

SARAH CHAPIN COLUMBIA (*pro hac vice*)
LEIGH MARTINSON (*pro hac vice*)
HASAN RASHID (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
28 State St
Boston, Massachusetts 02109
Telephone:    (617) 535-4000
Facsimile:     (617) 535-3800
scolumbia@mwe.com
lmartinson@mwe.com

Attorneys for Plaintiff
*SAGE Electrochromics, Inc*.

KEITH SLENKOVICH (SBN:  129793)
JOSEPH F. HAAG (SBN:  248749)
RUSSELL TONKOVICH (SBN: 233280)
MATTHEW CHEN (SBN:  253712)
TOBY MOCK (SBN:  265004)
CRYSTAL ROBERTS (SBN:  284622)
WILMER CUTLER PICKERING HALE
   AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel:  (650) 858-6000
Fax:  (650) 858-6100
Keith.Slenkovich@wilmerhale.com
Joseph.Haag@wilmerhale.com
Russell.Tonkovich@wilmerhale.com
Matthew.Chen@wilmerhale.com
Tobias.Mock@wilmerhale.com
Crystal.Roberts@wilmerhale.com

WILLIAM F. LEE (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, CA 02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000
William.Lee@wilmerhale.com

Attorneys for Defendant
*View, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **SAGE ELECTROCHROMICS, INC.,** a New Jersey Corporation,<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>**VIEW, INC**., a Delaware Corporation,<br><br>Defendant-Counterclaimant. | CASE NO.  3: 12-CV-06441 (JST)<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO DOCKET NO. 30 (REASSIGNMENT ORDER)** |

Pursuant to the Court's Reassignment Order, Plaintiff-Counterclaim Defendant Sage Electrochromics, Inc. ("SAGE") and Defendant-Counterclaimant View, Inc. ("View") hereby submit the following Joint Case Management Statement in this action. All subsections attributed by their heading to a specific party are submitted solely on behalf of that party, and any statements therein should not be taken to necessarily reflect the position or view of the other party.

## I. DATE CASE FILED

SAGE filed the Complaint on December 20, 2012. Dkt. 1. View filed an Answer, Affirmative Defenses, and Counterclaims of Defendant-Counterclaimant View, Inc. on February 11, 2013. Dkt. 29. SAGE's response to View's counterclaims is due March 7, 2013.

## II. DESCRIPTION OF PARTIES

### A. SAGE

Plaintiff, SAGE Electrochromics, Inc., is a New Jersey corporation located at One SAGE Way in Faribault, MN 55021. SAGE is the leading innovator and developer of dynamic glass technology and materials. The term "dynamic glass" refers to glass which can change from a clear state to a tinted state upon the application of an electric charge to the glass. Dynamic glass can return to a clear state when the electric charge is removed. Dynamic glass is sometimes referred to as electrochromic glass.

Over the past 26 years, SAGE has advanced the field of electrochromic glass through its research, development, and investment in intellectual property and has received numerous awards for its innovations. SAGE has patented its many innovations and now holds more than 200 United States and foreign patents. SAGE also has created and developed a market for its dynamic glass products. Analysts estimate that the market for dynamic glass could range from $700 million to $2 billion by 2020. SAGE's SageGlass® product is now deployed in hundreds of buildings worldwide. In 2013, SAGE will celebrate the tenth year of its commercial shipment of its advanced dynamic glass.

In order to meet the demand for this expanding market of electrochromic glass, SAGE

built the largest and most technologically advanced electrochromic glass plant in the world. This plant is located in Faribault, Minnesota. SAGE invested substantial economic resources into the construction of this new glass plant. This plant will produce dynamic glass that practices many of SAGE's patented innovations.

Compangnie de Saint-Gobain ("St. Gobain") acquired 50% of the shares of SAGE in 2010. In 2012, St. Gobain acquired the remaining shares of SAGE. St. Gobain is one of the world's leading industrials and materials corporations and a major innovator in the field of electrochromic glass.

**B.    VIEW**

Defendant-Counterclaimant View (previously known as Soladigm and Echromics) is a Delaware Corporation with its corporate headquarters located in Milpitas, CA. Throughout its history, View has been and continues to be a leading innovator in the research, development, and manufacturing of electrochromic glass. View has been internationally recognized by dozens of venture capitalists, CEOs, academics and entrepreneurs as a leader in entrepreneurship, innovation, and management excellence in the field of cleantech, including by its selection from among thousands of domestic and international greentech technology companies as a 2011 GoingGreen Global 200 Winner.

In 2012, View completed construction and commenced commercial operation of its state-of-the-art electrochromic glass manufacturing facility in Olive Branch, Miss. The facility is the only one of its kind in the world capable of manufacturing large, architectural-scale electrochromic glass at high volumes. The facility has met a long-felt need in the industry for the production of electrochromic glass at a level of quality, size, and volume previously unattainable, and at a cost that will make bringing electrochromic glass to the mainstream a reality.

### III. SUMMARY OF CLAIMS AND COUNTERCLAIMS

#### A. SAGE

SAGE alleges that it is the owner of the entire right, title and interest to the two United States Patents being asserted-against View in this case. SAGE alleges infringement, contributory infringement, and induced infringement of U.S. Patent No. 5,724,177 ("the '177 patent") entitled "Electrochromic Devices and Methods," issued March 8, 1998, and U.S. Patent No. 7,372,610 ("the '610 patent") entitled "Electrochromic Devices and Methods," issued May, 13, 2008 (collectively "SAGE patents"). SAGE will respond to View's counterclaims on March 7, 2013.

#### B. VIEW

View alleges infringement, contributory infringement, and induced infringement by SAGE of U.S. Patent No. 8,243,357 ("the '357 patent") entitled "Fabrication of Low Defectivity Electrochromic Devices," issued August 14, 2012. View alleges that it is the owner of the entire right, title and interest to the '357 patent. View further alleges that the asserted SAGE patents are invalid and not infringed by View.

### IV. DESCRIPTION OF EVENTS UNDERLYING ACTION

#### A. SAGE

In 2006, 17 years after SAGE was established, View, which was then known as Soladigm, was founded. SAGE alleges that View's mission was and is to attempt to engage in the dynamic glass design and manufacture business pioneered by SAGE. On or about November 12, 2012, View announced that its large-scale electrochromic dynamic glass product was ready for global deployment. SAGE alleges that View's dynamic glass product directly competes with SAGE's dynamic glass product in the market that SAGE alleges it created. SAGE alleges in this case that View plans to unfairly compete in the marketplace by using SAGE's patented technology to market and sell products that infringe SAGE's intellectual property.

#### B. VIEW

SAGE is believed to be nearing completion of its first high-volume electrochromic glass manufacturing facility, anticipated to be in commercial operation by the end of March 2013.

View alleges that SAGE's mission by its construction of this new facility is to attempt to enter the market for large, architectural-scale electrochromic glass pioneered by View. View alleges that SAGE is infringing and, with the anticipated commercial operation of its new facility, will continue to infringe View's patented electrochromic glass technology by engaging in the importation, manufacture, use, sale, and/or offer for sale of electrochromic glass products (including but not limited to "SageGlass" and "Quantum Glass" products).

## V. DESCRIPTION OF RELIEF SOUGHT, DAMAGES CLAIMED, AND METHOD OF DAMAGES COMPUTATION

### A. SAGE

SAGE requests that the Court find the '177 and '610 patents valid and infringed by View. SAGE requests that View be preliminarily and permanently enjoined from infringing the asserted patents. SAGE seeks damages adequate to compensate SAGE for View's infringing acts. The method of computation for damages has not been determined due to the early stage of the case, but in no event shall be based on less than a reasonable royalty for the use made of SAGE's asserted patents by View. SAGE requests interest, costs and other enhanced damages as allowed under the law. SAGE will respond to View's counterclaims for infringement on March 7, 2013

### B. VIEW

View requests that the Court find the '357 patent valid and infringed by SAGE. View requests that SAGE be preliminarily and permanently enjoined from infringing the '357 patent. View seeks damages adequate to compensate View for SAGE's infringing acts. The method of computation for damages has not been determined due to the early stage of the case. However, the damages should be no less than a reasonable royalty for the use of the '357 patent by SAGE. View requests interest, costs and other enhanced damages as allowed under the law. View further requests that the Court find the '177 and '610 patents invalid and not infringed by View.

## VI. STATUS OF DISCOVERY

The parties have not held their Rule 26(f) conference and discovery has not yet begun.

**VII. PROCEDURAL HISTORY**

The present action was filed on December 20, 2012, by SAGE. View filed its Answer and Counterclaims on February 11, 2013. Dkt. 29. SAGE's response to View's counterclaims is due on March 7, 2013.

**VIII. DEADLINES IN PLACE BEFORE REASSIGNMENT**

Judge Illston set an Initial Case Management Conference for March 29, 2013. No other deadlines were in place prior to reassignment.

**IX. REQUESTED MODIFICATIONS OF DEADLINES**

None at this time.

**X. CONSENT TO MAGISTRATE JUDGE**

SAGE declined to proceed before a United States Magistrate Judge for all purposes. Dkt. 8.

**XI. IMMEDIATE NEED FOR CASE MANAGEMENT CONFERENCE**

The parties request that the Court set an initial case management conference.

**XII. IMMEDIATE RELIEF SOUGHT REGARDING CASE SCHEDULE**

None at this time.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2013 | McDERMOTT WILL & EMERY LLP |

By: /s/ Terry W. Ahearn
   Terrence P. McMahon
   Terry Ahearn
   Sarah Chapin Columbia *(pro hac vice)*
   Leigh Martinson *(pro hac vice)*
   Hasan Rashid *(pro hac vice)*

Attorneys for Plaintiff-Counterclaim Defendant
SAGE ELECTROCHROMICS, INC.

WILMER CUTLER PICKERING HALE AND DORR LLP

By:   /s/ Toby Mock
   Keith Slenkovich
   Toby Mock
   William F. Lee *(pro hac vice)*
   Joseph F. Haag
   Russell Tonkovich
   Matthew Chen
   Crystal Roberts

Attorneys for Defendant-Counterclaimant
VIEW, INC.

**SIGNATURE OF ATTESTATION**

Pursuant to Civil L.R. 5.1(i)(3), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated:  February 26, 2013                            /s/ Terry W. Ahearn

                                                     Terry W. Ahearn

DM_US 41247305-8.092184.0011