TERRENCE P. MCMAHON (SBN: 71910)
TERRY W. AHEARN (SBN: 216543)
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone:     +1 650 815 7400
Facsimile:      +1 650 815 7401
tmcmahon@mwe.com
tahearn@mwe.com

SARAH CHAPIN COLUMBIA (*pro hac vice*)
LEIGH MARTINSON (*pro hac vice*)
HASAN RASHID (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
28 State St
Boston, Massachusetts 02109
Telephone:     (617) 535-4000
Facsimile:      (617) 535-3800
scolumbia@mwe.com
lmartinson@mwe.com
hrashid@mwe.com

Attorneys for Plaintiff
*SAGE Electrochromics, Inc*.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| **SAGE ELECTROCHROMICS, INC.,** a New Jersey Corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>**VIEW, INC**., a Delaware Corporation,<br><br>            Defendant. | CASE NO.  C 12-06441 (JST)<br><br>ELECTRONIC CASE FILING<br><br>**DEMAND FOR JURY TRIAL**<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT SAGE ELECTROCHROMICS, INC.'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT VIEW, INC.'S FIRST AMENDED COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

In response to View, Inc.'s ("View") First Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Answer and Counterclaims") filed in this action, Dkt. 34, SAGE Electrochromics, Inc. ("SAGE"), through its attorneys, hereby responds to the Amended Answer and Counterclaims as follows:

## GENERAL DENIAL

Except as expressly admitted herein, SAGE denies each and every allegation in the Amended Answer and Counterclaims.  SAGE specifically denies any infringement or wrongdoing.

## PARTIES AND BACKGROUND

1.      On information and belief, SAGE admits that View is a Delaware corporation with its corporate headquarters located in Milpitas, CA.

2.      On information and belief, SAGE admits that View was previously known as Soladigm and Echromics and was founded in 2006 in Santa Rosa, CA.  SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.  Therefore SAGE denies the remaining allegations in Paragraph 2.

3.      SAGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.  Therefore SAGE denies the allegations in Paragraph 3.

4.      SAGE admits a long-felt need existed in the industry for the production of electrochromic glass beginning at least as early as 1991.  SAGE admits that View constructed a glass manufacturing facility in Olive Branch, Miss.  SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.  Therefore SAGE denies the remaining allegations in Paragraph 4.

5.      SAGE admits that it is a New Jersey corporation located in Faribault, MN.

6.      SAGE admits that it manufactures, distributes, markets, sells and/or offers for sale electrochromic glass products, including but not limited to "SageGlass" products, throughout the world, within the United States, and within this judicial district.  SAGE denies the remaining allegations in Paragraph 6.

7.      SAGE admits that it recently constructed a new manufacturing facility for its electrochromic glass products in Faribault, MN, and that the facility is scheduled to be in operation in the first quarter of 2013.

## JURISDICTION AND VENUE

8.      SAGE admits that this Court has jurisdiction over the Amended Answer and Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202.

9.      SAGE admits that this Court has subject matter jurisdiction over the Amended Answer and Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.  SAGE admits an actual controversy exists.

10.     SAGE admits this Court has personal jurisdiction over SAGE in this action.

11.     SAGE admits that venue is proper.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,243,357)

12.     Answering Paragraph 12, SAGE incorporates by reference its answers to Paragraphs 1-11 above as if fully set forth in Paragraph 12.

13.     SAGE admits that U.S. Patent No. 8,243,357 ("the '357 Patent"), titled "Fabrication of Low Defectivity Electrochromic Devices," was issued on August 14, 2012. SAGE admits that Mark Kozlowski, Eric Kurman, Zhongchun Wang, Mike Scobey, Jeremy Dixon, Anshu Pradhan, and Robert Rozbicki are listed as inventors on the '357 Patent.  SAGE admits that a copy of the '357 Patent was attached to the Amended Answer and Counterclaims as Exhibit A.  SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.  Therefore SAGE denies the remaining allegations in Paragraph 13.

14.     SAGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.  Therefore SAGE denies the allegations in Paragraph 14.

15.     SAGE denies the allegations set forth in Paragraph 15.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

16.     SAGE admits that SAGE and/or one or more of its employees or authorized agents obtained knowledge of the '357 Patent at least as earlier as a result of the instant filing of the Amended Answer and Counterclaims.  SAGE denies the remaining allegations of Paragraph 16.

17.     SAGE denies the allegations set forth in Paragraph 17.

18.     SAGE denies the allegations set forth in Paragraph 18.

19.     SAGE denies the allegations set forth in Paragraph 19.

20.     SAGE denies the allegations set forth in Paragraph 20.

21.     SAGE denies the allegations set forth in Paragraph 21.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,831,851)

22.     Answering Paragraph 22, SAGE incorporates by reference its answers to Paragraphs 1-21 above as if fully set forth in Paragraph 22.

23.     SAGE admits that U.S. Patent No. 5,831,851 ("the '851 Patent"), titled "Apparatus and Method for Controlling High Throughput Sputtering," was issued on November 3, 1998. SAGE admits that Lindsey Eastburn and Leon Mass are listed as inventors on the '851 Patent. SAGE admits that a copy of the '851 Patent was attached to the Amended Answer and Counterclaims as Exhibit B.  SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23.  Therefore SAGE denies the remaining allegations in Paragraph 23.

24.     SAGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.  Therefore SAGE denies the allegations in Paragraph 24.

25.     SAGE admits that View notified SAGE of the '851 Patent by a letter dated February 15, 2013.  SAGE admits that it responded to View's letter on February 28, 2013.  The letters speak for themselves and do not require further characterization. Therefore SAGE denies any remaining allegations of Paragraph 25.

26.     SAGE denies the allegations set forth in Paragraph 26.

1    27.    SAGE admits that it obtained knowledge of the '851 Patent at least as a result of

2    the correspondence sent by View to SAGE on February 15, 2013.

3    28.    SAGE denies the allegations set forth in Paragraph 28.

4    29.    SAGE denies the allegations set forth in Paragraph 29.

5    30.    SAGE denies the allegations set forth in Paragraph 30.

6    **THIRD COUNTERCLAIM**

7    **(Declaratory Judgment of Non-Infringement of the '177 Patent)**

8    31.    Answering Paragraph 31, SAGE incorporates by reference its answers to

9    Paragraphs 1-30 above as if fully set forth in Paragraph 31.

10    32.    SAGE admits that it is the sole owner of all rights, title, and interest in and to U.S.

11    Patent No. 5,724,177 ("the '177 patent").  SAGE admits it charged View with infringement of the

12    '177 Patent by filing a Complaint for Patent Infringement against View on December 20, 2012.

13    33.    SAGE denies the allegations set forth in Paragraph 33.

14    34.    SAGE denies the allegations set forth in Paragraph 34.

15    **FOURTH COUNTERCLAIM**

16    **(Declaratory Judgment of Non-Infringement of the '610 Patent)**

17    35.    Answering Paragraph 35, SAGE incorporates by reference its answers to

18    Paragraphs 1-34 above as if fully set forth in Paragraph 35.

19    36.    SAGE admits that it is the sole owner of all rights, title, and interest in and to U.S.

20    Patent No. 7,372,610 ("the '610 patent").  SAGE admits it charged View with infringement of the

21    '610 Patent by filing a Complaint for Patent Infringement against View on December 20, 2012.

22    37.    SAGE denies the allegations set forth in Paragraph 37.

23    38.    SAGE denies the allegations set forth in Paragraph 38.

24    **FIFTH COUNTERCLAIM**

25    **(Declaratory Judgment of Invalidity of the '177 Patent)**

26    39.    Answering Paragraph 39, SAGE incorporates by reference its answers to

27    Paragraphs 1-38 above as if fully set forth in Paragraph 39.

28

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

SAGE's Answer to View's First Amended
Answer, Affirmative Defenses, and          - 5 -          CASE NO.  C 12-06441 (JST)
Counterclaims

40.     SAGE admits that it contends that the '177 Patent is valid and enforceable.  SAGE admits that an actual and justiciable controversy exists between the parties with respect to the validity of the '177 Patent.

41.     SAGE denies the allegations set forth in Paragraph 41.

42.     SAGE denies the allegations set forth in Paragraph 42.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '610 Patent)

43.     Answering Paragraph 43, SAGE incorporates by reference its answers to Paragraphs 1-42 above as if fully set forth in Paragraph 43.

44.     SAGE admits that it contends that the '610 Patent is valid and enforceable.  SAGE admits that an actual and justiciable controversy exists between the parties with respect to the validity of the '610 Patent.

45.     SAGE denies the allegations set forth in Paragraph 45.

46.     SAGE denies the allegations set forth in Paragraph 46.

## RESPONSE TO PRAYER FOR RELIEF

SAGE denies that View is entitled to any relief whatsoever.

A.      SAGE denies that View is entitled to the relief requested in Paragraph A.

B.      SAGE denies that View is entitled to the relief requested in Paragraph B.

C.      SAGE denies that View is entitled to the relief requested in Paragraph C.

D.      SAGE denies that View is entitled to the relief requested in Paragraph D.

E.      SAGE denies that View is entitled to the relief requested in Paragraph E.

F.      SAGE denies that View is entitled to the relief requested in Paragraph F.

G.      SAGE denies that View is entitled to the relief requested in Paragraph G.

H.      SAGE denies that View is entitled to the relief requested in Paragraph H.

I.      SAGE denies that View is entitled to the relief requested in Paragraph I.

J.      SAGE denies that View is entitled to the relief requested in Paragraph J.

K.      SAGE denies that View is entitled to the relief requested in Paragraph K.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

## FIRST AFFIRMATIVE DEFENSE

### (No Literal Infringement)

47.     SAGE has not literally infringed and does not literally infringe, directly and/or indirectly, contributorily and/or by inducement, any valid and enforceable claim of the '357 or '851 Patents.

## SECOND AFFIRMATIVE DEFENSE

### (No Infringement Under Doctrine of Equivalents)

48.     Under the Doctrine of Equivalents, SAGE has not infringed and does not infringe, directly and/or indirectly, contributorily and/or by inducement, any valid and enforceable claim of the '357 or '851 Patents.

## THIRD AFFIRMATIVE DEFENSE

### (Patent Invalidity)

49.     The '357 and '851 Patents are invalid at least because they fail to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102 and/or 103.

## FOURTH AFFIRMATIVE DEFENSE

### (Patent Invalidity)

50.     The '357 and '851 Patents are invalid at least because they fail to meet the conditions for patentability set forth in 35 U.S.C. § 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Unclean Hands and Estoppel)

51.     View's claims for relief are barred in whole or in part under the equitable doctrines of laches, waiver, unclean hands, and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Limitation of Damages of the '851 Patent)

52.     View's claim for damages for any alleged infringement of the '851 Patent is limited by 35 U.S.C. §286.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

## SEVENTH AFFIRMATIVE DEFENSE

### (Limitation of Damages)

53.     View is barred, in whole or in part, from recovering any damages for any alleged infringement of the '357 and '851 Patents under 35 U.S.C. §287.

## COUNTERCLAIMS

For its Counterclaims against View, Plaintiff and Counterdefendant SAGE alleges as follows:

## THE PARTIES

1.     SAGE is a New Jersey corporation located at One SAGE Way in Faribault, MN 55021.

2.     Upon information and belief, View is a Delaware corporation, having its corporate headquarters and principal place of business at 195 S. Milpitas Blvd., Milpitas, CA 95035. Defendant does business in the Northern District of California.

3.     View was formerly known as Soladigm, Inc., which also did business in the Northern District of California.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5.     View, directly or through its intermediaries, makes, distributes, offers for sale or license, sells or licenses, and advertises its products and services in the United States, the State of California, and the Northern District of California. Defendant has conducted and does conduct business within the State of California and within this judicial district, including but not limited to Defendant's announcement on or about November 12, 2012 that its View Dynamic Glass was installed and publicly in use in the W San Francisco Hotel located at 181 3rd Street, San Francisco, CA.

6.     In its Amended Answer and Counterclaims to SAGE's initial Complaint, Dkt. 34, View admitted, for purposes of this action only, that this Court has personal jurisdiction over View. View has further availed itself of this Court's personal jurisdiction by asserting

Counterclaims against SAGE in this Court and, in addition, by having made, distributed, sold, offered for sale, and advertised its products in, and otherwise directed its business activities toward, the State of California.

7.      Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '357 Patent)

8.      The allegations of paragraphs 1-7 of these Counterclaims are incorporated by reference as if fully set forth herein.

9.      On March 4, 2013, Defendant View filed its Amended Answer and Counterclaims in this Court, alleging infringement by SAGE of the '357 Patent.

10.     The allegations of infringement in the Amended Answer and Counterclaims have created an actual and justiciable controversy between SAGE and View concerning whether SAGE infringes any valid and enforceable claim of the '357 Patent.

11.     SAGE does not infringe, directly or indirectly, literally or by equivalents, the '357 Patent.

12.     Accordingly, SAGE is entitled to a declaratory judgment that it does not infringe the '357 Patent.

## COUNT II

### (Declaratory Judgment of Non-Infringement of the '851 Patent)

13.     The allegations of paragraphs 1-12 of these Counterclaims are incorporated by reference as if fully set forth herein.

14.     On March 4, 2013, Defendant View filed its Amended Answer and Counterclaims in this Court, alleging infringement by SAGE of the '851 Patent.

15.     The allegations of infringement in the Amended Answer and Counterclaims have created an actual and justiciable controversy between SAGE and View concerning whether SAGE infringes any valid and enforceable claim of the '851 Patent.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

16. SAGE does not infringe, directly or indirectly, literally or by equivalents, the '851 Patent.

17. Accordingly, SAGE is entitled to a declaratory judgment that it does not infringe the '851 Patent.

## COUNT III

### (Declaratory Judgment of Invalidity of the '357 Patent)

18. The allegations of paragraphs 1-17 of these Counterclaims are incorporated by reference as if fully set forth herein.

19. One or more claims of the '357 Patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

20. Accordingly, SAGE is entitled to a declaratory judgment that the asserted claims of the '357 Patent are invalid.

## COUNT IV

### (Declaratory Judgment of Invalidity of the '851 Patent)

21. The allegations of paragraphs 1-20 of these Counterclaims are incorporated by reference as if fully set forth herein.

22. One or more claims of the '851 Patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. Accordingly, SAGE is entitled to a declaratory judgment that the asserted claims of the '851 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, SAGE respectfully requests entry of judgment in its favor and against View as follows:

24. That the Court dismiss with prejudice View's Amended Answer and Counterclaims, and that View take nothing by its Counterclaims;

25. That the Court enter judgment against View and in favor of SAGE;

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

26.     That the Court enter judgment declaring that SAGE has not infringed and is not infringing the '357 Patent;

27.     That the Court enter judgment declaring that SAGE has not infringed and is not infringing the '851 Patent;

28.     That the Court enter judgment declaring that the claims of the '357 Patent are invalid and/or void and/or unenforceable;

29.     That the Court enter judgment declaring that the claims of the '851 Patent are invalid and/or void and/or unenforceable;

30.     That the Court award SAGE its fees and costs, including attorney fees incurred herewith;

31.     That the Court award SAGE such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

SAGE demands a trial by jury of all claims and issues so triable.

Dated: March 21, 2013                    McDERMOTT WILL & EMERY LLP

By: */s/ Terry W. Ahearn*
    Terrence P. McMahon
    Terry W. Ahearn
    Sarah Chapin Columbia (*pro hac vice*)
    Leigh Martinson (*pro hac vice*)
    Hasan Rashid (*pro hac vice*)

    Attorneys for Plaintiff
    SAGE ELECTROCHROMICS, INC.

DM_US 41454036-7.092184.0011

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK