1 | KEITH SLENKOVICH (SBN: 129793)
    JOSEPH F. HAAG (SBN: 248749)
2 | RUSSELL TONKOVICH (SBN: 223280)
    MATTHEW CHEN (SBN: 253712)
3 | TOBY MOCK (SBN: 265004)
    CRYSTAL ROBERTS (SBN: 284622)
4 | WILMER CUTLER PICKERING HALE
        AND DORR LLP
5 | 950 Page Mill Road
    Palo Alto, California 94304
6 | Tel. (650) 858-6000
    Fax. (650) 858-6100
7 | Keith.Slenkovich@wilmerhale.com
    Joseph.Haag@wilmerhale.com
8 | Russell.Tonkovich@wilmerhale.com
    Matthew.Chen@wilmerhale.com
9 | Tobias.Mock@wilmerhale.com
    Crystal.Roberts@wilmerhale.com
10
    WILLIAM F. LEE (*pro hac vice*)
11 | WILMER CUTLER PICKERING HALE
        AND DORR LLP
12 | 60 State Street
    Boston, Massachusetts 02109
13 | Tel. (617) 526-6000
    Fax. (617) 526-5000
14 | William.Lee@wilmerhale.com

15 | *Attorneys for Defendant-Counterclaimant View, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| **SAGE ELECTROCHROMICS, INC.**, | ) | No. C-12-6441 (JST) |
| Plaintiff–Counterclaim Defendant, | ) ) | **VIEW, INC.'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER AND COUNTERCLAIMS TO ASSERT A SUPPLEMENTAL COUNTERCLAIM FOR PATENT INFRINGEMENT** |
| vs. | ) ) ) | |
| **VIEW, INC.**, | ) ) | |
| Defendant–Counterclaimant. | ) ) ) ) | Date:   June 20, 2013<br>Time:   2:00 p.m.<br>Place:  Courtroom 9, 19th Floor |

**NOTICE**

To the court and all interested parties, please take notice that a hearing on Defendant-Counterclaimant View, Inc.'s Motion for Leave to File a Second Amended Answer and Counterclaims to Assert a Supplemental Counterclaim for Patent Infringement will be held on June 20, 2013 at 2:00 p.m. in Courtroom 9, Floor 19, of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California.

**MOTION**

Pursuant to Fed. R. Civ. P. 13(e), Defendant-Counterclaimant View, Inc. ("View") respectfully moves for leave to file a Second Amended Answer and Counterclaims (attached hereto as Exhibit A) to Assert a Supplemental Counterclaim for Patent infringement of U.S. Patent No. 8,432,603 ("the '603 Patent").[1]

**STATEMENT OF ISSUE TO BE DECIDED**

Whether justice requires that the court grant View's Motion for Leave to File a Second Amended Answer, Affirmative Defenses, and Counterclaims to add a count of infringement for the '603 Patent where the USPTO issued the '603 Patent after View filed its first amended pleading, and where View's infringement claims for the '603 Patent are related to those already at issue in this case.

**SUMMARY OF ARGUMENT**

Justice requires granting View leave to file its supplemental counterclaim for at least four reasons: First, View's motion is brought without delay and in good faith. The USPTO issued the '603 Patent—the subject of View's counterclaim—on April 30, 2013, just days before View

---

[1] In accordance with Civil L.R. 10–1, View has incorporated its proposed supplemental counterclaim into the attached Second Amended Answer and Counterclaims, which reproduces View's prior pleading in its entirety. *See* May 1, 2013 Declaration of Keith Slenkovich in Support of View's Motion For Leave to File a Second Amended Answer and Counterclaims to Assert a Supplemental Counterclaim for Patent Infringement (herein "Slenkovich Decl.") at ¶ 3, Ex. A. The addition of View's supplemental counterclaim (the "Seventh Counterclaim"), represents the only amendment to View's pleading sought by this motion. Should the Court prefer a standalone supplemental counterclaim, View will correct its proposed filing accordingly.

is filing this motion. Second, adjudicating the '603 Patent in this case will conserve party resources and promote judicial economy. The '603 Patent is directed to substantially similar technology as U.S. Patent No. 8,243,357 ("the '357 Patent"), which is already asserted by View in this case. In fact, the '603 and '357 patents share the same specification, claim priority to the same provisional application, and share six common inventors. Third, this case is in its infancy and discovery has not commenced. Granting View's motion will not delay the proceedings or otherwise prejudice SAGE. Finally, permitting View to file its counterclaim would not be futile because View's counterclaim states a claim upon which relief can be granted—namely, infringement by SAGE of the '603 Patent. View's motion should be granted.

## STATEMENT OF FACTS

SAGE filed its Complaint for Patent Infringement on December 20, 2012, alleging infringement by View of U.S. Patent Nos. 5,724,177 and 7,372,610. Dkt. 1. View filed its Answer and Counterclaims on February 11, 2013, asserting infringement by SAGE of the '357 Patent. Dkt. 29. View amended its Answer and Counterclaims on March 4, 2013 to add a counterclaim for infringement of U.S. Patent No. 5,831,851 ("the '851 Patent"). Dkt. 34. View's existing counterclaims accuse SAGE's electrochromic window products and its systems for making these products of infringing the '357 and '851 Patents. *Id.*

On April 10, 2013, the USPTO published an Issue Notification for View's then pending U.S. Patent Application No. 12/645,159, indicating that the Application was expected to issue as the '603 Patent on April 30, 2013. *See* Slenkovich Decl. at ¶ 4, Ex. B. Two days later, on April 12, 2013, View sent a letter to SAGE notifying SAGE of the '603 Patent, SAGE's believed infringement of the '603 patent, and informing SAGE that View intended to move for leave to add a supplemental counterclaim to assert the '603 patent in this case. *Id.* at ¶ 5, Ex. C. The '603 Patent issued on April 30, 2013, naming as inventors Mark Kozlowski, Eric Kurman, Zhongchun Wang, Mick Scobey, Jeremy Dixon, and Anshu Pradhan, each also an inventor of the asserted '357 Patent. *Id.* at ¶ 6, Ex. D. All right, title, and interest in and to the '603 Patent has been duly and legally assigned to View. *Id.* at ¶ 7.

The '603 Patent claims priority to the same provisional application as the asserted '357 Patent, shares common inventors and the same specification with the asserted '357 Patent, and covers SAGE technology similar to that already at issue in this case. More specifically, View's existing counterclaims accuse SAGE's electrochromic glass products and its apparatus and system for manufacturing those products of infringing the '357 and '851 Patents. By its proposed amended counterclaim, View seeks to assert that SAGE is infringing the '603 Patent by practicing a method to manufacture the same electrochromic glass products already at issue. *Id.* at ¶ 8.

Discovery in this case is scheduled to begin on May 9, 2013. At the time of filing this motion, the parties had not yet conducted any discovery. An Initial Case Management Conference is scheduled for May 29, 2013. Infringement contentions are currently due to be exchanged among the parties on June 12, 2013, and invalidity contentions are due to be exchanged on August 1, 2013. Dkt. 39; *see* Patent L.R. 3-1 and 3-3; Fed. R. Civ. P. 6(d).

## LEGAL STANDARD

"The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e). The standard for granting a motion to supplement a counterclaim under Rule 13(e) is governed by Rule 15. *Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *25 (N.D. Cal. Sept. 9, 2008) (citations omitted); *Keith v. Volpe*, 858 F.2d 467, 468 (9th Cir. 1988) (stating that "new claims . . . and events occurring after the original action are all properly permitted under Fed. R. Civ. P. 15(d)."). "Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 709, 712 (9th Cir. 2001).

Leave should be given absent reasons "'such as undue delay, bad faith or dilatory motive . . ., undue prejudice to the opposing party . . . [or] futility of amendment.'" *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d

183, 186 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052; s*ee also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (all inferences should be drawn "in favor of granting [a] motion" under Rule 15(a)).  The party opposing the amendment bears the burden of showing why leave to amend should be denied.  *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986).

Each of the *Foman* factors weigh in favor of granting View's motion.  Indeed, Courts in this District routinely grant leave where, as here, a party seeks to add counterclaims early in the proceedings for a patent granted after the initial pleading stage.  *See, e.g.*, *Ziptronix, Inc. v. Omnivision Tech., Inc.*, 2012 WL 3155554 (N.D. Cal. Aug. 2, 2012) (granting leave to add to an infringement action two patents issued after the filing of the first amended complaint); *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2007 WL 3343125 (N.D. Cal. Nov. 7, 2007) (granting leave to add six newly issued patents to an infringement action); *see also Aten Int'l Co., v. Emine Tech. Co.*, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) (granting leave to add three new patents to an infringement action).

**ARGUMENT**

**1.    Judicial Economy Favors Granting View's Motion.**

Judicial economy is best served by permitting View to add its supplemental counterclaim.  View's newly issued patent has the same specification as the asserted '357 Patent and claims priority to the same provisional application as the '357 Patent.  The named inventors of the '603 Patent are named inventors of the asserted '357 Patent, and the '603 Patent covers technology substantially similar to that already at issue in this case.  More specifically, View's existing counterclaims accuse SAGE's electrochromic window products and its systems for manufacturing those products of infringing the '357 and '851 Patents.  By its supplemental counterclaim, View seeks to assert that SAGE is infringing the '603 Patent by performing methods for manufacturing the same electrochromic window products already at issue.

In light of this substantial overlap, permitting View to add the '603 Patent would avoid the costs and delay of a separate lawsuit, as well as ensure consistent resolution of common legal and factual questions. *See Ziptronix*, 2012 WL 3155554.  In *Ziptronix v. Omnivision Tech., Inc.*, this Court granted a plaintiff's request to add supplemental infringement claims on three patents, two of which were issued after the filing of its complaint. *Ziptronix*, 2012 WL 3155554, at *3. Similar to the circumstances here, the new patents were continuations to a patent originally asserted by the plaintiff, shared a common specification, and were directed to similar technology. *Id.* The court found that the three new patents were sufficiently related to the original action to justify permitting the plaintiff to amend its complaint, noting that "[i]t is axiomatic that judicial efficiency is maximized by disposing of related claims in one matter.  Further, adjudicating the related factual and legal issues at the same time not only ensures that the patents are interpreted in a consistent manner, but also avoids the possibility of inconsistent judgments." *Id.* at *5.

As in *Ziptronix*, adjudicating the '603 Patent now would not substantially expand the scope of this suit, would "save the Court and the parties costs, time, and effort when compared to another separate lawsuit," and would ensure consistent results among related claims. *Aten*, 2010 WL 1462110, at *5; *see also Hung Ha v. Celaya*, 2012 WL 5504204, at *2 (N.D. Cal. Nov. 13, 2012) ("The goal of the rule governing supplemental pleading is to promote judicial efficiency.").

### 2. SAGE Will Not Be Prejudiced.

Supplemental pleadings are liberally allowed absent a clear showing of prejudice to the opposing party. *Keith*, 858 F.2d at 473.  SAGE will not suffer any prejudice with the addition of View's proposed counterclaim.

First, this case is in its infancy.  Neither party has propounded discovery, and no deadline for amending or supplementing pleadings—or any other case management schedule—has been proposed or ordered.  Permitting View to add the '603 Patent would not cause any delay to the proceedings. *See, e.g.*, *Ziptronix*, 2012 WL 3155554, at *4 (granting leave to add claims of infringement where discovery had commenced but not yet closed); *cf. Memry Corp.*, 2007 WL

6
Motion for Leave to File a Second Amended Answer and Counterclaims
Case No. C-12-6441 JST

3343125, at *2 (citing *Solomon v. North Am. Life & Casual Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998), where the Ninth Circuit upheld a denial of leave to amend where an amendment "would have required reopening discovery, thereby delaying proceedings").

Second, as addressed above, the '603 Patent shares a common specification with the '357 Patent, and involves technology substantially similar to that already at issue in this case. Litigating the '603 Patent now, where there is a substantial overlap in technology and accused instrumentalities to that already at issue, will most effectively conserve party resources.

Third, invalidity contentions are not due to be exchanged among the parties until August 1, 2013—allowing SAGE nearly four months since being put on notice of the '603 Patent to prepare its contentions. Permitting View to add the '603 Patent is not a surprise to SAGE, and will not prejudice SAGE's ability to prepare its case.

**3.    View Brings This Motion in Good Faith and Without Delay.**

View has not delayed in seeking to add the '603 Patent to this case. View acquired the right to assert the '603 Patent when the patent issued on April 30, 2013—days before bringing this motion. Further, View notified SAGE of the '603 Patent and its intent to add counts of infringement for the '603 Patent to this case by letter dated April 12, 2013—more than two weeks before the '603 Patent issued and immediately after the USPTO published an Issue Notification for the '603 Patent on April 10, 2013. View could not have asserted infringement of the '603 Patent in its original or amended pleadings because the '603 Patent did not issue until after the pleadings were filed. View's only option is to seek to amend its counterclaims to add the '603 Patent, which it does in good faith.

**4.    Allowing View's Supplemental Counterclaim Would Not Be Futile.**

Permitting View to add its Supplemental Counterclaim would not be futile. "'[F]utile amendments should not be permitted.'" *DCD Programs*, 833 F.2d at 188 (quoting *Klamath-Lake Pharm. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)). "[B]efore discovery is completed the proper standard for assessing futility is the same standard used to decide a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). That is, whether the

supplemented claim would state one upon which relief could be granted." *Paralyzed Veterans*, 2008 WL 4183981, at *26 (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). View's Supplemental Counterclaim alleges infringement by SAGE of the '603 Patent, which is a claim upon which relief could be granted. *See* Ex. A. It is not subject to dismissal for any reason nor has any statute of limitation or ultimate repose run. View's Supplemental Counterclaim is therefore valid.

**CONCLUSION**

For the foregoing reasons, View respectfully requests that the Court grant View's Motion for Leave to File a Second Amended Answer and Counterclaims to Assert a Supplemental Counterclaim for Patent Infringement.

DATED: May 10, 2013

WILMER CUTLER PICKERING HALE
    AND DORR LLP

By:    /s/ Keith Slenkovich
       Keith Slenkovich

*Attorneys for Defendant-Counterclaimant
    View, Inc.*