# EXHIBIT A

KEITH SLENKOVICH (SBN: 129793)
JOSEPH F. HAAG (SBN: 248749)
RUSSELL TONKOVICH (SBN: 223280)
MATTHEW CHEN (SBN: 253712)
TOBY MOCK (SBN: 265004)
CRYSTAL ROBERTS (SBN: 284622)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel. (650) 858-6000
Fax. (650) 858-6100
Keith.Slenkovich@wilmerhale.com
Joseph.Haag@wilmerhale.com
Russell.Tonkovich@wilmerhale.com
Matthew.Chen@wilmerhale.com
Tobias.Mock@wilmerhale.com
Crystal.Roberts@wilmerhale.com

WILLIAM F. LEE (*pro hac vice*)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel. (617) 526-6000
Fax. (617) 526-5000
William.Lee@wilmerhale.com

*Attorneys for Defendant View, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **SAGE ELECTROCHROMICS, INC.**,<br><br>    Plaintiff–Counterclaim Defendant,<br><br>        vs.<br><br>**VIEW, INC.**,<br><br>    Defendant–Counterclaimant. | No. C-12-6441 (JST)<br><br>**SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT–COUNTERCLAIMANT VIEW, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

# ANSWER

Defendant View, Inc. ("View"), by and through its undersigned counsel, hereby answers the Complaint for Patent Infringement and Injunctive Relief ("Complaint") brought by Plaintiff SAGE Electrochromics, Inc. ("SAGE") as follows, with each paragraph of the answer below responding to the corresponding numbered or lettered paragraph of the Complaint:

## PARTIES

1. View lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and denies them on that basis.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. View admits that the Complaint purports to state a cause of action under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, and purports to have invoked this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). View denies the remaining allegations of paragraph 4 of the Complaint.

5. View admits, for the purposes of this action only, that this Court has personal jurisdiction over View.

6. Admitted.

7. View admits, for purposes of this action only, that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## INTRADISTRICT ASSIGNMENT

8. View admits that the Complaint purports to be an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3–2(c).

## BACKGROUND

9. View admits that an uncertified copy of United States Patent No. 5,724,177 ("the '177 patent") was attached as Exhibit A to the Complaint, and that the face of Exhibit A shows

1   the title "Electrochromic Devices and Methods," an issue date of March 3, 1998, and assignee
2   Sun Active Glass Electrochromics.  View denies that the '177 patent is valid and any other
3   remaining allegations of paragraph 9 of the Complaint.

4         10.      View lacks knowledge or information sufficient to form a belief as to the truth of
5   the allegations in paragraph 10 of the Complaint, and denies them on that basis.

6         11.      View admits that an uncertified copy of United States Patent No. 7,372,610 ("the
7   '610 patent") was attached as Exhibit B to the Complaint, and that the face of Exhibit B shows
8   the title "Electrochromic Devices and Methods," an issue date of May 13, 2008, and assignee
9   SAGE Electrochromics, Inc.  View denies that the '610 patent is valid and any other remaining
10  allegations of paragraph 11 of the Complaint.

11        12.      View lacks knowledge or information sufficient to form a belief as to the truth of
12  the allegations in paragraph 12 of the Complaint, and denies them on that basis.

13        13.      View admits that the term "electrochromic glass" can be used to refer to glass
14  which can change from a clear state to a tinted state upon the application of an electric charge,
15  and that such glass can return to a clear state when the electric charge is removed.  View denies
16  the remaining allegations of paragraph 13 of the Complaint.

17        14.      View admits that electrochromic glass can be used in building construction and
18  can be used to reduce energy consumption by controlling the amount of unwanted heat and light
19  that enters a building, thus reducing the need for window shades and blinds and allowing the
20  building's occupants to maintain a variable connection to the outside environment.  View denies
21  the remaining allegations of paragraph 14 of the Complaint.

22        15.      View lacks knowledge or information sufficient to form a belief as to the truth of
23  the allegations in paragraph 15 of the Complaint, and denies them on that basis.

24        16.      View lacks knowledge or information sufficient to form a belief as to the truth of
25  the allegations in paragraph 16 of the Complaint, and denies them on that basis.

17. View lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and denies them on that basis.

18. View lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and denies them on that basis.

19. View lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and denies them on that basis.

20. View lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and denies them on that basis.

21. View admits that View (previously known as Soladigm and Echromics), was founded in 2006. View further admits that it announced on November 12, 2012 in a press release that its commercial-scale electrochromic glass product was ready for global deployment. View denies the remaining allegations of paragraph 21 of the Complaint.

22. Denied.

23. Denied.

## COUNT 1

### (Infringement of the '177 Patent)

24. View incorporates its responses to paragraphs 1–23 of the Complaint as if fully set forth herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

# COUNT 2

## (Infringement of the '610 Patent)

31. View incorporates its responses to paragraphs 1–30 of the Complaint as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## RESPONSE TO PRAYER FOR RELIEF

View denies that SAGE is entitled to any relief whatsoever.

A. View denies that SAGE is entitled to the relief requested in paragraph A.

B. View denies that SAGE is entitled to the relief requested in paragraph B.

C. View denies that SAGE is entitled to the relief requested in paragraph C.

D. View denies that SAGE is entitled to the relief requested in paragraph D.

E. View denies that SAGE is entitled to the relief requested in paragraph E.

F. View denies that SAGE is entitled to the relief requested in paragraph F.

G. View denies that SAGE is entitled to the relief requested in paragraph G.

H. View denies that SAGE is entitled to the relief requested in paragraph H.

View denies all remaining allegations in SAGE's complaint not listed above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement of the '177 and '610 Patents)**

View has not infringed, either literally or under the doctrine of equivalents, induced infringement, or contributed to the infringement of any valid, enforceable claim of the '177 or '610 patents.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity of the '177 and '610 Patents)**

One or more claims of the '177 and '610 patents are invalid for failure to comply with one or more of the requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

SAGE'S claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287, and Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with their action.

### FOURTH AFFIRMATIVE DEFENSE

**(Government Sales)**

To the extent that certain products accused of infringing are used and/or manufactured for the United States, SAGE's claims against View with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

# COUNTERCLAIMS

For its Counterclaims against SAGE, Counterclaim-Plaintiff View alleges as follows:

## PARTIES AND BACKGROUND

1. Counterclaim-Plaintiff View is a Delaware corporation with its corporate headquarters located in Milpitas, CA.

2. View (previously known as Soladigm and Echromics), was founded in 2006 in Santa Rosa, CA to engage in research and development in the field of electrochromics.

3. Throughout its history, View has been and continues to be a leading innovator in the research, development, and manufacturing of electrochromic glass, as evidenced by its numerous industry awards and growing intellectual property portfolio of over 115 worldwide patents and applications. View has been internationally recognized by dozens of venture capitalists, CEOs, academics and entrepreneurs as a leader in entrepreneurship, innovation, and management excellence in the field of cleantech, including by its selection from among thousands of domestic and international greentech technology companies as a 2011 GoingGreen Global 200 Winner.

4. In 2012, View completed construction and commenced commercial operation of its state-of-the-art electrochromic glass manufacturing facility in Olive Branch, Miss. At the time of its opening, the facility was the only one of its kind in the world capable of manufacturing large, architectural-scale electrochromic glass at high volumes. The facility has met a long-felt need in the industry for the production of electrochromic glass at a level of quality, size, and volume previously unattainable, and at a cost that will make bringing electrochromic glass to the mainstream a reality.

5. Counterclaim-Defendant SAGE alleges that it is a New Jersey corporation located in Faribault, MN.

6. On information and belief, SAGE engages in the importation, manufacture, distribution, marketing, sale, and/or offer for sale of electrochromic glass products (including but

1  not limited to "SageGlass" and "Quantum Glass" products) throughout the world, within the
2  United States, and within this judicial district.

3     7. On information and belief, SAGE recently constructed a new manufacturing
4  facility for its electrochromic glass products in Faribault, MN, which is scheduled to be in
5  commercial operation by the first quarter of 2013.

## JURISDICTION AND VENUE

7     8. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C.
8  §§ 1331, 1338, and 2201–2202.

9     9. This is an action for patent infringement and declaratory judgment arising under
10 the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act,
11 28 U.S.C. §§ 2201–2202. Thus, this Court has subject matter jurisdiction over these
12 Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201–2202. An actual controversy
13 exists under the Declaratory Judgment Act because SAGE has asserted and is asserting
14 infringement of the '177 and '610 patents by View, and View denies those assertions, and further
15 asserts the '177 and '610 patents are invalid.

16     10. SAGE has availed itself of this Court's personal jurisdiction by having sued View
17 in this Court and, in addition, by having made, distributed, sold, offered for sale, and advertised
18 its products in, and otherwise directed its business activities toward, the State of California.

19     11. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and § 1400(b).

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,243,357)

22     12. View incorporates the allegations contained in paragraphs 1–11 of its
23 Counterclaims as if fully set forth herein.

24     13. On August 14, 2012, United States Patent No. 8,243,357 (the "'357 patent"),
25 entitled "Fabrication of Low Defectivity Electrochromic Devices," was duly and legally issued
26 to inventors Mark Kozlowski, Eric Kurman, Zhongchun Wang, Mick Scobey, Jeremy Dixon,

Anshu Pradhan, and Robert Rozbicki. All right, title, and interest in and to the '357 patent has been duly and legally assigned to View, Inc. (formerly, Soladigm, Inc.). A true and correct copy of the '357 patent is attached hereto as <u>Exhibit A</u>.

14. View is the owner of the '357 patent with the full and exclusive rights to bring suit to enforce the '357 patent.

15. SAGE has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '357 patent, directly and/or indirectly, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), at least by making, using, selling, offering to sell and/or importing electrochromic glass products (including but not limited to SageGlass and Quantum Glass products) in the United States, and/or by contributing to and/or inducing others to do the same.

16. On information and belief, SAGE and/or one or more of its employees or authorized agents has obtained knowledge of the '357 Patent as a result of, by way of example, diligence performed in connection with financing received by SAGE from, e.g., Compagnie de Saint-Gobain (and/or its affiliated entities), and/or the acquisition of SAGE by Compagnie de Saint-Gobain (and/or its affiliated entities), and/or as a result of the instant filing of these Counterclaims.

17. On information and belief, SAGE's actions as alleged herein have actively induced and are continuing to actively induce infringement of the '357 patent by encouraging acts of direct infringement, and SAGE knows or should know it is inducing direct infringement by selling, supplying, encouraging, helping design, supporting and/or instructing third party customers to use SAGE's electrochromic glass products (including but not limited to SageGlass and Quantum Glass products), with the specific intent that these products or services be used by SAGE customers to infringe the '357 patent.

18. On information and belief, SAGE's actions as alleged herein have contributed and are continuing to contribute to infringement of the '357 patent by offering to sell or selling

within the United States or importing into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the claimed invention(s) of the '357 patent, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. On information and belief, SAGE's infringement of the '357 patent has been, and continues to be, willful, deliberate, and in reckless disregard of View's patent rights. SAGE's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

20. By reason of the acts alleged herein, View has suffered, is suffering, and unless restrained by the Court, will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. §§ 284-285 in an amount to be proven at trial.

21. By reason of the acts alleged herein, View has suffered, is suffering, and unless restrained by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which View is entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

**SECOND COUNTERCLAIM**

**(Infringement of U.S. Patent No. 5,831,851)**

22. View incorporates the allegations contained in paragraphs 1–21 of its Counterclaims as if fully set forth herein.

23. On November 3, 1998, United States Patent No. 5,831,851 (the "'851 patent"), entitled "Apparatus and Method for Controlling High Throughput Sputtering," was duly and legally issued to inventors Lindsey Eastburn and Leon Mass. View is the assignee of the rights,

1  title, and interest in and to the '851 patent. A true and correct copy of the '851 patent is attached
2  hereto as Exhibit B.

3    24. View is the owner of the '851 patent with the full and exclusive rights to bring
4  suit to enforce the '851 patent.

5    25. By letter dated February 15, 2013, counsel for View notified SAGE of the '851
6  patent and SAGE's believed infringement thereof. View's letter further requested that SAGE
7  provide a suitable explanation sufficient to demonstrate any claim by SAGE that it does not
8  infringe the '851 patent. Counsel for SAGE confirmed receipt of View's correspondence by
9  return letter dated February 28, 2013. SAGE's response refused to provide any information
10 regarding the functionality of its equipment or any information regarding an alleged basis for
11 non-infringement, and did not deny infringement of the '851 patent generally.

12    26. On information and belief, SAGE has directly infringed and continues to directly
13 infringe, literally and/or under the doctrine of equivalents, one or more claims of the '851 patent
14 in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), at least by making, using, selling, offering
15 to sell and/or importing thin-film coating equipment for the manufacture of electrochromic glass
16 products (including but not limited to SageGlass and Quantum Glass products) in the United
17 States.

18    27. SAGE and/or one or more of its employees or authorized agents has obtained
19 knowledge of the '851 patent at least as a result of correspondence sent by View's counsel to
20 SAGE on February 15, 2013 notifying SAGE of the '851 patent and SAGE's believed
21 infringement thereof.

22    28. On information and belief, SAGE's infringement of the '851 Patent has been, and
23 continues to be, willful, deliberate, and in reckless disregard of View's patent rights. SAGE's
24 willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C.
25 § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

29. By reason of the acts alleged herein, View has suffered, is suffering, and unless restrained by the Court, will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. §§ 284-285 in an amount to be proven at trial.

30. By reason of the acts alleged herein, View has suffered, is suffering, and unless restrained by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which View is entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '177 Patent)

31. View incorporates the allegations contained in paragraphs 1–30 of its Counterclaims as if fully set forth herein.

32. SAGE claims that it is the sole owner of all rights, title and interest in and to the '177 patent. SAGE charged View with infringement of the '177 patent by filing a Complaint for Patent Infringement against View on December 20, 2012.

33. View has not infringed, contributed to infringement, or induced infringement of any valid, enforceable claim of the '177 patent.

34. View is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, any valid, enforceable claim of the '177 patent, (b) it has not induced, and is not inducing, infringement of any valid, enforceable claim of the '177 patent, and (c) it has not contributed, and is not contributing, to infringement of any valid, enforceable claim of the '177 patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '610 Patent)

35. View incorporates the allegations contained in paragraphs 1–34 of its Counterclaims as if fully set forth herein.

36. SAGE claims that it is the sole owner of all rights, title, and interest in and to the '610 patent. SAGE charged View with infringement of the '610 patent by filing a Complaint for Patent Infringement against View on December 20, 2012.

37. View has not infringed, contributed to infringement, or induced infringement of any valid, enforceable claim of the '610 patent.

38. View is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, any valid, enforceable claim of the '610 patent, (b) it has not induced, and is not inducing, infringement of any valid, enforceable claim of the '610 patent, and (c) it has not contributed, and is not contributing, to infringement of any valid, enforceable claim of the '610 patent.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '177 Patent)**

39. View incorporates the allegations contained in paragraphs 1–38 of its Counterclaims as if fully set forth herein.

40. View is informed and believes that SAGE contends that the '177 patent is not invalid. An actual and justiciable controversy exists between the parties with respect to the validity of the '177 patent.

41. One or more claims of the '177 patent is invalid for failure to comply with one or more of the requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

42. View is entitled to a declaratory judgment that one or more claims of the '177 patent is invalid.

**SIXTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '610 Patent)**

43. View incorporates the allegations contained in paragraphs 1–42 of its Counterclaims as if fully set forth herein.

1      44.     View is informed and believes that SAGE contends that the '610 patent is not
2  invalid.  An actual and justiciable controversy exists between the parties with respect to the
3  validity of the '610 patent.

4      45.     One or more claims of the '610 patent is invalid for failure to comply with one or
5  more of the requirements of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including
6  but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

7      46.     View is entitled to a declaratory judgment that one or more claims of the '610
8  patent is invalid.

## SEVENTH COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,432,603)

11     47.     View incorporates the allegations contained in paragraphs 1-46 of its
12 Counterclaims as if fully set forth herein.

13     48.     On April 30, 2013, United States Patent No. 8,432,603 (the "'603 patent"),
14 entitled "Electrochromic Devices," was duly and legally issued to inventors Mark Kozlowski,
15 Eric Kurman, Zhongchun Wang, Mick Scobey, Jeremy Dixon, and Anshu Pradhan.  All right,
16 title, and interest in and to the '603 patent has been duly and legally assigned to View, Inc.  A
17 true and correct copy of the '603 patent is attached hereto as Exhibit C.

18     49.     View is the owner of the '603 patent with the full and exclusive rights to bring
19 suit to enforce the '603 patent.

20     50.     By letter, dated April 12, 2013, counsel for View notified SAGE of the '603
21 patent and SAGE's believed infringement thereof.  View's letter further requested that SAGE
22 provide information sufficient to show SAGE's manufacturing process to allow for an evaluation
23 of SAGE's infringement of the '603 patent.  Counsel for SAGE confirmed receipt of View's
24 correspondence by return letter dated April 26, 2013.  SAGE has refused to provide any
25 information regarding the methods used to manufacture its electrochromic glass products, and
26 has not denied infringement of the '603 patent generally.

51.     On information and belief, SAGE has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '603 patent in violation of 35 U.S.C. § 271(a) by practicing the methods claimed therein for manufacturing electrochromic glass products (including but not limited to SageGlass and Quantum Glass products) in the United States.

52.     SAGE and/or one or more of its employees or authorized agents has obtained knowledge of the '603 patent at least as a result of correspondence sent by View's counsel to SAGE on April 12, 2013 notifying SAGE of the '603 patent and SAGE's believed infringement thereof.

53.     On information and belief, SAGE's infringement of the '603 Patent has been, and continues to be, willful, deliberate, and in reckless disregard of View's patent rights. SAGE's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

54.     By reason of the acts alleged herein, View has suffered, is suffering, and unless restrained by the Court, will continue to suffer injury to its business and property rights, for which it is entitled to damages pursuant to 35 U.S.C. §§ 284-285 in an amount to be proven at trial.

55.     By reason of the acts alleged herein, View has suffered, is suffering, and unless restrained by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which View is entitled to preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, View respectfully requests the following judgment and relief:

A.     That Plaintiffs and Counterclaim-Defendants are not entitled to the relief prayed for in their Complaint, or to any relief whatsoever;

B. That the Court determine that SAGE has infringed and is infringing one or more claims of the '357, '851, and '603 patents;

C. That, after a hearing the Court enter a preliminary injunction ordering SAGE, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the '357, '851, and '603 patents;

D. That, after trial, the Court enter a permanent injunction ordering SAGE, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the '357, '851, and '603 patents;

E. That the Court determine the amount of the damages to View caused by SAGE's infringement and enter judgment for View in that amount, including an assessment of pre-judgment and post-judgment interest and costs;

F. That the Court determine that SAGE's infringement has been willful and deliberate and award up to treble damages to View pursuant to U.S.C. § 284;

G. That the Court grant View declaratory judgment that no valid, enforceable claim of the '177 or '610 patents has ever been, and is not now being, infringed by View or by any other person using View's products, and that View has not induced or contributed to infringement;

H. That the Court grant View's declaratory judgment that one or more claims of the '177 or '610 patents is invalid;

I. That the Court adjudge this to be an "exceptional case" and award View its attorneys' fees pursuant to 35 U.S.C. § 285;

J. That View be awarded its costs of suit pursuant to 35 U.S.C. § 284; and

K. That the Court orders such other and further relief to View as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3–6, Defendant and Counterclaim–Plaintiff View demands a trial by jury on all issues so triable.

DATED:                               WILMER CUTLER PICKERING HALE
                                             AND DORR LLP

                                 By:    /s/ Keith Slenkovich
                                               Keith Slenkovich

*Attorneys for Defendant View, Inc.*