TERRENCE P. MCMAHON (SBN: 71910)
TERRY W. AHEARN (SBN: 216543)
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA  94025-4004
Telephone:     +1 650 815 7400
Facsimile:      +1 650 815 7401
tmcmahon@mwe.com
tahearn@mwe.com

SARAH CHAPIN COLUMBIA (*pro hac vice*)
LEIGH MARTINSON (*pro hac vice*)
HASAN RASHID (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
28 State St.
Boston, Massachusetts 02109
Telephone:     (617) 535-4000
Facsimile:      (617) 535-3800
scolumbia@mwe.com
lmartinson@mwe.com

Attorneys for Plaintiff and Counterclaim Defendant
*SAGE Electrochromics, Inc.*

KEITH SLENKOVICH (SBN: 129793)
JOSEPH F. HAAG (SBN: 248749)
RUSSELL TONKOVICH (SBN: 223280)
TOBY MOCK (SBN: 265004)
CRYSTAL ROBERTS (SBN: 284622)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: 650.858.6000
Fax: 650.858.6100
Keith.Slenkovich@wilmerhale.com
Joseph.Haag@wilmerhale.com
Russell.Tonkovich@wilmerhale.com
Tobias.Mock@wilmerhale.com
Crystal.Roberts@wilmerhale.com

WILLIAM F. LEE (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
    DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: 617.526.6000
Fax: 617.526.5000
William.Lee@wilmerhale.com

Attorneys for Defendant and Counterclaimant
*View, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO**

| | |
|---|---|
| **SAGE ELECTROCHROMICS, INC.,** a New Jersey Corporation,<br><br>Plaintiff Counterclaim-Defendant,<br><br>v.<br><br>**VIEW, INC.**, a Delaware Corporation,<br><br>Defendant-Counterclaimant. | CASE NO.  C 12-06441 (JST)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date:  May 29, 2013<br><br>Time: 2:00 PM.<br><br>Courtroom: 9, 19TH floor |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER     -1-     CASE NO. C 12-06441 (JST)

Plaintiff and Counterclaim-Defendant SAGE Electrochromics, Inc. ("SAGE") and Defendant and Counterclaimant View, Inc. ("View") hereby submit the following Joint Case Management Statement in this action.

## 1. JURISDICTION AND SERVICE

SAGE and View agree that this Court has subject matter jurisdiction over SAGE's claims and counterclaims and View's counterclaims under 28 U.S.C. §§ 1331 and 1338. SAGE and View further agree that this Court has personal jurisdiction over SAGE and View, and that venue is proper in this Court, for the purposes of this action. All parties have been served.

## 2. STATEMENT OF FACTS

### A. Background

SAGE asserts that it owns the entire right, title, and interest in U.S. patent number 5,724,177 ("the '177 patent"), entitled "Electrochromic Devices and Methods," which issued on March 3, 1998, and U.S. patent number 7,372,610 ("the '610 patent"), entitled "Electrochromic Devices and Methods," which issued on May 13, 2008 (collectively, the "SAGE asserted patents").

On December 20, 2012, SAGE filed the instant action against View for infringement of the SAGE asserted patents in connection with View's design and manufacture of dynamic glass, sometimes known as electrochromic glass. SAGE alleges that View makes, uses, offers to sell, and sells certain dynamic glass products that infringe the SAGE asserted patents including, but not limited to, the large scale electrochromic glass product announced by View on or about November 12, 2012, that is manufactured at a facility in Olive Branch, Miss.

View denies any patent infringement, and has asserted defenses and counterclaims asserting noninfringement and invalidity of the SAGE asserted patents. View has also asserted counterclaims for infringement of U.S. Patent number 8,243,357 ("the '357 patent"), entitled "Fabrication of Low Defectivity Electrochromic Devices," which issued on August 14, 2012, and U.S. Patent number 5,831,851 ("the '851 patent"), entitled "Apparatus and Method for Controlling High Throughput Sputtering," which issued on November 3, 1998 (collectively, the

"View asserted patents").[1] View asserts that it owns the entire right, title, and interest in and to the View asserted patents, and alleges that SAGE makes, uses, offers to sell, and sells electrochromic glass products (including but not limited to "SageGlass" and "Quantum Glass" products) and thin-film coating equipment for manufacturing these products that infringe the View asserted patents.

SAGE answered View's counterclaims and denies any patent infringement and has asserted defenses and counterclaims asserting noninfringement and invalidity of the View asserted patents. View answered SAGE's counterclaims, denying noninfringement and invalidity.

On May 10, 2013, View filed a Motion for Leave to File its Second Amended Answer and Counterclaims to Assert a Supplemental Counterclaim for Patent Infringement. View's Supplemental Counterclaim asserts that View owns the entire right, title, and interest in and to U.S. Patent number 8,432,603 ("the '603 patent"), entitled "Electrochromic Devices," which issued on April 30, 2013. View alleges in its proposed Supplemental Counterclaim that SAGE has infringed and continues to infringe one or more claims of the '603 patent by practicing the methods claimed therein for manufacturing electrochromic glass in SAGE's new manufacturing facility in Faribault, MN.

**B.  The Principal Factual Issues That The Parties Dispute:**

(1) Whether View has directly infringed the SAGE asserted patents;

(2) Whether View has induced or contributed to infringement of the SAGE asserted patents;

(3) Whether View has willfully infringed the SAGE asserted patents;

(4) Whether the SAGE asserted patents are invalid;

(5) If View has infringed any valid claim of the SAGE asserted patents, the

---

[1] The term "View asserted patents," as used throughout this Case Management Statement, is subject to View's pending Motion for Leave to File a Second Amended Answer and Counterclaims to Assert a Supplemental Counterclaim for Patent Infringement. If View's motion for leave is granted, the term "View asserted patents" as used throughout this Case Management Statement, should be read to include U.S. Pat. No. 8,432,603.

damages or other relief to which SAGE is entitled;

(6) Whether SAGE has directly infringed the View asserted patents;

(7) Whether SAGE has induced or contributed to infringement of the View asserted patents;

(8) Whether SAGE has willfully infringed the View asserted patents;

(9) Whether the View asserted patents are invalid;

(10) If SAGE has infringed any valid claim of the View asserted patents, the damages or other relief to which View is entitled.

3. **LEGAL ISSUES**

　A. **SAGE**

(1) The proper construction of certain terms in the asserted claims of the SAGE asserted patents;

(2) Whether SAGE is entitled to an injunction against future infringement of the SAGE asserted patents under 35 U.S.C. § 283;

(3) Whether SAGE is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

　B. **View**

(1) The proper construction of certain terms in the asserted claims of the View asserted patents;

(2) Whether View is entitled to an injunction against future infringement of the View asserted patents under 35 U.S.C. § 283;

(3) Whether View is entitled to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

4. **MOTIONS**

On January 10, 2013, View filed an Unopposed Administrative Motion to File a Portion of its Certification of Interested Entities or Persons Under Seal. Dkt. 12. Judge Illston granted View's motion on January 29, 2013. Dkt. 28. On May 10, 2013, View filed its Motion for Leave

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] CASE MANAGEMENT　　　- 4 -　　　CASE NO. C 12-06441 (JST)
ORDER

to File a Second Amended Answer and Counterclaims to Add a Supplemental Counterclaim for Patent Infringement. Dkt. 44. There are no other pending motions. The parties anticipate the use of discovery motions only as necessary to obtain responsive discovery. The parties anticipate filing dispositive motions on issues of infringement and/or validity following the issuance of the claim construction order.

## 5. AMENDMENT OF PLEADINGS

View filed its first Answer, Affirmative Defenses, and Counterclaims to SAGE's complaint on February 11, 2013. Dkt. 29. Prior to SAGE's response to View's counterclaims, View filed an Amended Answer, Affirmative Defenses, and Counterclaims on March 4, 2013. Dkt. 34. On May 10, 2013, View filed a motion for leave to file a Second Amended Answer and Counterclaims to assert a Supplemental Counterclaim for infringement of the '603 patent. Dkt. 44. SAGE's position on the motion is due to be filed on May 24, 2013. The parties reserve the right to seek leave to amend in accordance with Fed. R. Civ. P. 15.

## 6. EVIDENCE PRESERVATION

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and agreed to take reasonable measures to preserve all relevant, discoverable materials that are currently in their possession, custody, or control. The parties have taken appropriate steps to preserve information potentially relevant and responsive to the issues in dispute as currently understood by the parties.

## 7. DISCLOSURES

The parties agree to exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) by May 21, 2013.

## 8. DISCOVERY PLAN

The parties conducted their Rule 26(f) conference on May 8, 2013. To date, neither party has propounded discovery in this matter. The subjects of information for SAGE to prove its claims and for View to defend against these claims and prove its affirmative defenses and counterclaims will be claim construction, infringement, willfulness, validity, enforceability and

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] CASE MANAGEMENT - 5 - CASE NO. C 12-06441 (JST)
ORDER

damages. The parties propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules as follows:

    **A.**    **Depositions.** The parties may notice and take no more than 105 hours of fact depositions, inclusive of depositions taken under Fed. R. Civ. P. 30(b)(6) and depositions taken of named inventors of the asserted patents. This limit does not apply to third party depositions (with the exception of inventors, if applicable) or depositions of experts. The parties agree that there will be a presumptive seven (7) hour limit for all fact and third party depositions. For each party witness designated under Fed. R. Civ. P. 30(b)(6), the parties shall meet and confer to discuss whether the presumptive seven (7) hour limit is appropriate, and requests for additional time commensurate with the number of deposition topics designated to each witness shall not be unreasonably denied. Absent a mutual agreement acknowledged in writing by the parties to increase either the duration of a deposition or the total number of deposition hours per side, a party must seek leave in accordance with the Federal Rules of Civil Procedure to exceed the agreed limits. At the appropriate time following service of expert reports, the parties shall meet and confer to discuss appropriate limitations for expert depositions, which limitations shall be commensurate with the number of issues upon which each expert seeks to offer an opinion;

    **B.**    **Interrogatories.** The parties may serve thirty (30) interrogatories per side in accordance with the Federal Rules of Civil Procedure. The parties may subsequently agree to increase the total number of interrogatories per side. Absent a mutual agreement acknowledged in writing by the parties to increase the total number of interrogatories per side, a party must seek leave to serve additional interrogatories in accordance with the Federal Rules of Civil Procedure;

    **C.**    **Requests for Admissions.** Requests for admissions, other than for the limited purpose of authenticating exhibits for trial, shall be limited to 50 per side;

**D. Expert Discovery.** In accordance with Fed. R. Civ. Proc. 26(b)(4), a testifying expert shall not be subject to discovery on any draft of a report in this case that was written by the testifying expert or his or her staff, and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery. Discovery of materials provided to testifying experts shall be limited to those materials, facts, and other matters actually considered by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case. Materials, communications, and other information exempt from discovery under this section of the Case Management Order shall be treated as attorney-work product for the purposes of this litigation;

**E. Electronically Stored Information.** The parties have reviewed the ESI Guidelines and Checklist as required. The parties will enter into a separate [Proposed] Order Regarding Document Production Protocol that is similar to the Federal Circuit Model Order Regarding E-Discovery in Patent Cases, with various modifications;

**F. Protective Order.** The parties expect that a protective order governing the treatment of confidential and privileged information, including highly-sensitive manufacturing processes, will be required. The parties will submit a Stipulated [Proposed] Protective Order that is similar to the model Stipulated Protective Order of the Northern District of California, with various modifications;

**G. Schedule.** The parties suggest the schedule set forth in the [Proposed] Case Management Order below; and

**H. Discovery Matters in Dispute.** There are no current discovery disputes.

**9. CLASS ACTIONS**

Not applicable.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER - 7 - CASE NO. C 12-06441 (JST)

**10. RELATED CASES**

No related cases are currently ongoing.

**11. RELIEF**

    **A. SAGE seeks the following relief:**

        (1) A judgment that View has infringed, contributorily infringed, and induced infringement of SAGE asserted patents;

        (2) A judgment from this Court to preliminarily and permanently enjoin, View, its parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with View from infringing one or more of the SAGE asserted patents pursuant to 35 U.S.C. § 283;

        (3) A judgment from this Court awarding SAGE actual damages adequate to compensate SAGE for View's acts of patent infringement, together with prejudgment and post-judgment interest;

        (4) A judgment from this Court awarding SAGE enhanced damages, up to and including trebling of SAGE's damages pursuant to 35 U.S.C. § 284 for View's willful infringement of one or more of the SAGE asserted patents;

        (5) A judgment from this Court awarding SAGE costs of the suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

        (6) A judgment from this Court declaring that SAGE has not infringed and is not infringing the View asserted patents;

        (7) A judgment from this Court declaring that the claims of the View asserted patents are invalid and/or void and/or unenforceable;

        (8) Any further relief that this Court deems just and proper.

    **B. View seeks the following relief:**

        (1) A judgment from this Court determining that SAGE has infringed and is

infringing one or more claims of the View asserted patents;

(2) A judgment from this Court entering a preliminary injunction ordering SAGE, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the View asserted patents;

(3) A judgment from this Court entering a permanent injunction ordering SAGE, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the View asserted patents;

(4) A judgment from this Court awarding damages to View caused by SAGE's infringement, including an assessment of prejudgment and post-judgment interest and costs;

(5) A judgment from this Court determining that SAGE's infringement has been willful and deliberate and awarding up to treble damages to View pursuant to U.S.C. § 284;

(6) A judgment from this Court declaring that no valid, enforceable claim of the SAGE asserted patents has ever been, and is not now being, infringed by View or by any other person using View's products, and that View has not induced or contributed to infringement;

(7) A judgment from this Court declaring that one or more claims of the SAGE asserted patents are invalid;

(8) A judgment from this Court declaring this an "exceptional case" and awarding View attorneys' fees pursuant to 35 U.S.C. § 285;

(9) A judgment from this Court awarding View its costs of suit pursuant to 35 U.S.C. § 284; and

(10) Any further relief that this Court deems just and proper.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] CASE MANAGEMENT - 9 - CASE NO. C 12-06441 (JST)
ORDER

**12. SETTLEMENT AND ADR**

Magistrate Judge Spero assigned this case to ADR Multi-Option Program and ordered that ADR certificates be filed by the parties by the date of the parties' 26(f) conference. Dkt. 4. That order was vacated by reassignment to Judge Illston. Dkt. 14. Judge Tigar's reassignment order instructed that "Cases previously referred to an ADR process, whether at filing, by order of the previously assigned judge, or by stipulation and order, shall proceed under the terms of the applicable ADR local rule. Dates for previously scheduled ADR telephone conferences shall remain in effect." Dkt. 30. View filed its ADR Certification on May 8, 2013. Dkt. 41. SAGE filed its ADR Certification on May 21, 2013. Dkt. 47. The parties agree to file a Stipulation to ADR Process or Notice of Need for ADR Telephone Conference by May 21, 2013.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

SAGE has declined to proceed before a United States Magistrate Judge for all purposes. SAGE has filed its Declination to Proceed before a Magistrate Judge. Dkt. No. 8.

**14. OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties believe that it is premature to be able to identify issues that can be narrowed for trial.

**16. EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited schedule with streamlined procedures.

**17. SCHEDULING**

The parties propose that the Court adopt the schedule set forth in the [Proposed] Case Management Order attached hereto.

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] CASE MANAGEMENT ORDER - 10 - CASE NO. C 12-06441 (JST)

**18. TRIAL**

The parties have requested a jury trial and estimate that the length of the trial in this case will be approximately 10-15 days. This estimate may change depending on the actual claims, defenses and products presented at trial in this matter.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSON**

SAGE filed its Certification of Interested Entities or Persons required by Civil Local Rule 3-16. Dkt. No. 2. SAGE is a wholly-owned subsidiary of Saint-Gobain Glass Corporation. View filed its Certification of Interested Non-Party Entities or Persons under partial seal, listing as non-party interested entities: DBL Investors, GE Ventures, Ltd., Khosla Ventures, NanoDimension, Navitas Capital, Reinet Investments S.C.A., Sigma Partners, The Westly Group, and certain other confidential entities or persons. Dkts. 42 and 43.

**20. OTHER MATTERS**

No other matters are pending at this time.

Dated: May 21, 2013           McDERMOTT WILL & EMERY LLP


By:  s/Terry W. Ahearn
   Terrence P. McMahon
   Terry W. Ahearn
   Sarah Chapin Columbia (pro hac vice)
   Leigh Martinson (pro hac vice)
   Hasan Rashid (pro hac vice)

   Attorneys for Plaintiff and Counterclaim Defendant
   SAGE ELECTROCHROMICS, INC.

Dated May 21, 2013

WILMER CUTLER PICKERING HALE AND DORR LLP

By:    S/Keith Slenkovich
   William F. Lee (pro hac vice)
   Keith Slenkovich
   Joseph F. Haag
   Russell Tonkovich
   Toby Mock
   Crystal Roberts

Attorneys for Defendant and Counterclaimant VIEW, INC.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER    - 12 -    CASE NO. C 12-06441 (JST)

# [PROPOSED] CASE MANAGEMENT ORDER

IT IS HEREBY ORDERED that the Case Management Statement and Proposed Order is adopted by the Court as the Case Management Order for the case and the parties are directed to comply with this Order. Accordingly, pursuant to the Federal Rules of Civil Procedure and the Patent Local Rules ("PLR"), the Court Orders adoption of the following Pretrial Docket Control Schedule:

| **Deadline** | **Nature of Discovery/Event** |
|---|---|
| May 8, 2013 | Rule 26(f) Conference. |
| May 9, 2013 | Opening of Fact Discovery. |
| May 21, 2013 | Joint CMC Statement due. ADR certification and ADR process selection. Rule 26 Initial Disclosures. |
| May 29, 2013 | Initial Case Management Conference. |
| June 12, 2013 | Parties to serve "Disclosure of Asserted Claims and Preliminary Infringement Contentions" with Document Production. PLR 3-1 and 3-2. |
| Aug. 1, 2013 | Parties to serve "Preliminary Invalidity Contentions" with Document Production. PLR 3-3 and 3-4. |
| Aug. 19, 2013 | Mutual Exchange of Claim Terms for Construction. PLR 4-1(a). |
| Sept. 3, 2013 | Deadline to meet and confer to limit terms in dispute and jointly identify the ten (10) terms to be most significant in resolving the parties' dispute. PLR 4-1(b). |

| **Deadline** | **Nature of Discovery/Event** |
|---|---|
| Sept. 9, 2013 | Exchange Proposed Constructions for Each Term Identified by the Parties, including Intrinsic and Extrinsic Evidence Supporting each Construction. PLR 4.2(a)(b). |
| Sept. 24, 2013 | Deadline to meet and confer to narrow the issues and finalize preparation of Joint Claim Construction and Prehearing Statement. PLR 4.2(c). |
| Oct. 3, 2013 | Parties to file a Joint Claim Construction and Prehearing Statement. PLR 4-3. |
| Nov. 7, 2013 | Claim Construction Discovery Completed. PLR 4-4. |
| Nov. 21, 2013 | Parties to file and serve Opening Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(a). |
| Dec. 9, 2013 | Parties to file and serve Responsive Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(b). |
| Dec. 19, 2013 | Parties to file and serve Reply Brief with supporting evidence (including expert declarations) regarding claim construction. PLR 4-5(c). |
| Jan. 9, 2014 | Claim Construction Tutorial. |
| Jan. 10, 2014 (given the New Year Holiday, the parties propose that one week be added to the two week requirement under PLR 4-6) | Claim Construction Hearing. PLR 4-6. |
| March 11, 2014 (60 days after Claim Construction Hearing, subject to the Court's convenience) | Claim Construction Order. |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER — - 2 - — CASE NO. C 12-06441 (JST)

| Deadline | Nature of Discovery/Event |
|---|---|
| March 25, 2014 | Last day for Parties to amend "Disclosure of Asserted Claims and Infringement Contentions" and "Invalidity Contentions." |
| May 23, 2014 | Close of Fact Discovery. |
| June 24, 2014 | Expert Reports Exchanged (on any matter on which a party bears the burden of proof). |
| August 26, 2014 | Responsive Expert Reports Exchanged. |
| September 23, 2014 | Expert Discovery completed. |
| October 28, 2014 | Last Day to File Dispositive Motions. |
| November 11, 2014 | Last Day to File Oppositions to Dispositive Motions. |
| November 18, 2014 | Last Day to File Replies to Dispositive Motions. |
| December 18, 2014 (Thursday at 2:00pm per Standing Order) | Hearing on Dispositive Motions. |
| Jan. 21, 2015 (or 21 days prior to pretrial conference per standing order) | Meet and Confer on Topics contained in J. Tigar's Standing Order on Pretrial Conferences (¶A1-4); Exchange of Proposed Exhibits followed by Meet and Confer on Objections and Stipulations to Proposed Exhibits (¶D1-2). |
| Jan. 30, 2015 (or 10 days before final pretrial conference; per standing order) | File Joint Pretrial Conference Statement and Proposed Order (¶B1-15); Deadline to File Motions in Limine (¶E). |
| Feb. 4, 2015 (or 5 *court* days prior to pretrial conference; per standing order) | Jury Voir Dire Questions; Proposed Jury Instructions; Proposed Jury Verdict Forms (¶F1); Deliver to Court three (3) sets of Pre-Marked Proposed Exhibits (¶D4). |
| February 6, 2015 (or 3 *court* days prior to pretrial conference; per standing order) | Deadline to file Oppositions to Motions in Limine (¶E). |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER - 3 - CASE NO. C 12-06441 (JST)

| **Deadline** | **Nature of Discovery/Event** |
|---|---|
| February 11, 2015 (Wednesday at 2:00pm per standing order) | Pretrial Conference. |
| February 23, 2015 | Proposed Trial Date (expected to last 10 – 15 days). |

IT IS SO ORDERED.

Dated: _____

                                       The Honorable Jon S. Tigar
                                       United States District Judge

**SIGNATURE OF ATTESTATION**

Pursuant to Civil L.R. 5.1(i)(3), I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated: May 21, 2013                         s/ Terry W. Ahearn

                                                               Terry W. Ahearn

DM_US 42530659-10.092184.0011

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER     - 5 -     CASE NO. C 12-06441 (JST)