TERRENCE P. MCMAHON (SBN: 71910)
TERRY W. AHEARN (SBN: 216543)
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Tel: (650) 815 7400
Fax: (650) 815 7401
tmcmahon@mwe.com
tahearn@mwe.com

SARAH CHAPIN COLUMBIA (*pro hac vice*)
LEIGH MARTINSON (*pro hac vice*)
HASAN M RASHID (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
Tel: (617) 535-4000
Fax: (617) 535-3800
scolumbia@mwe.com
lmartinson@mwe.com

*Attorneys for Plaintiff-Counterclaim
Defendant SAGE Electrochromics, Inc.*

KEITH SLENKOVICH (SBN: 129793)
JOSEPH F. HAAG (SBN: 248749)
RUSSELL TONKOVICH (SBN 233280)
TOBY MOCK (SBN: 265004)
CRYSTAL ROBERTS (SBN: 284622)
WILMER CUTLER PICKERING HALE
      AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
Fax: (650) 858-6100
Keith.Slenkovich@wilmerhale.com
Joseph.Haag@wilmerhale.com
Russell.Tonkovich@wilmerhale.com
Tobias.Mock@wilmerhale.com
Crystal.Roberts@wilmerhale.com

WILLIAM F. LEE (*pro hac vice*)
WILMER CUTLER PICKERING HALE
      AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
William.Lee@wilmerhale.com

*Attorneys for Defendant-Counterclaimant
View, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SAGE ELECTROCHROMICS, INC. | |
|    Plaintiff-Counterclaim Defendant, | Case No. 12-cv-06441-JST |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| VIEW, INC. | |
|    Defendant-Counterclaimant. | |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.3   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY".

2.4   <u>Designated House Counsel</u>: no more than one (1) House Counsel per party who seeks access to "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" information in this matter and to whom disclosure is reasonably necessary for this litigation, provided that

Designated House Counsel (1) has no involvement in competitive decision-making for a Party or a Party's corporate affiliate or parent entity, as defined in *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984); (2) is not involved in patent prosecution and does not actively manage patent prosecution relating to electrochromic glass and methods for manufacturing the same in accordance with Section 8 of this Protective Order; (3) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (4) as to whom the procedures set forth in Section 7.5 have otherwise been followed.

2.5    Specially Designated House Counsel: no more than one (1) House Counsel per party who seeks access solely to "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY" information in this matter and to whom disclosure is reasonably necessary for this litigation, provided that Specially Designated House Counsel (1) has no involvement in competitive decision-making for a Party or a Party's corporate affiliate or parent entity, as defined in *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984); (2) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in Section 7.5 have otherwise been followed.

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (b) is not a past or current officer, director, or employee of a Party or of a Party's competitor, and (c) at the time of retention, is not anticipated to become an officer, director, or employee of a Party or of a Party's competitor.  Nothing in this order purports to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.  Support staff working at the direction of such experts or consultants where disclosure is reasonably necessary in order for such experts or consultants to perform the duties for which they have been retained

1   may have access to Protected Material.

2        2.8   "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY"

3   Information or Items: sensitive confidential technical information or tangible things (regardless

4   of how it is generated, stored or maintained) that qualify for protection under Federal Rule of

5   Civil Procedure 26(c) that discloses technical information or technical descriptions regarding the

6   Parties' products, methods or processes, the disclosure of which to another Party or Non-Party

7   would create a substantial risk of serious harm that could not be avoided by less restrictive

8   means.  Technical documentation and embodiments of the parties' products and methods,

9   including, but not limited to, product samples, shall presumptively fall within this category of

10  protection.

11       2.9   "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES

12  ONLY" Information or Items: sensitive confidential information or tangible things (regardless of

13  how it is generated, stored or maintained) that qualify for protection under Federal Rule of Civil

14  Procedure 26(c) that discloses information, the disclosure of which to another Party or Non-Party

15  would create a substantial risk of serious harm that could not be avoided by less restrictive

16  means.  Financial information, marketing information, sales data, licensing and other

17  agreements, and email correspondence of a non-technical nature shall presumptively fall within

18  this category of protection.

19       2.10   "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY"

20  Information or Items: extremely sensitive confidential information or tangible items representing

21  computer code and associated comments and revision histories that define or otherwise describe

22  in detail the algorithms or structure of software designs, the disclosure of which to another Party

23  or Non-Party would create a substantial risk of serious harm that could not be avoided by less

24  restrictive means.

25       2.11   House Counsel: attorneys who are employees of a Party or a Party's corporate

26  affiliate or parent entity or who are an independent contractor of a Party or a Party's corporate

27  affiliate or parent entity who provides legal advice on an exclusive basis to that Party. House

28  Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and paralegal and legal support staff working at the direction of such attorneys.

2.14    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium; jury consulting, mock trial coordination) and their employees and subcontractors.

2.17    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY."

2.18    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving

1   Party as a result of publication not involving a violation of this Order, including becoming part

2   of the public record through trial or otherwise; and (b) any information known to the Receiving

3   Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

4   who obtained the information lawfully and under no obligation of confidentiality to the

5   Designating Party.

6   4.      DURATION

7           Even after final disposition of this litigation, the confidentiality obligations imposed by

8   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

9   order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all

10  claims and defenses in this action, with or without prejudice; and (b) final judgment herein after

11  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

12  action, including the time limits for filing any motions or applications for extension of time

13  pursuant to applicable law.

14  5.      DESIGNATING PROTECTED MATERIAL

15          5.1     Exercise of Restraint and Care in Designating Material for Protection.

16          Each Party or Non-Party that designates information or items for protection under this

17  Order must take care to limit any such designation to specific material that qualifies under the

18  appropriate standards.  Mass, indiscriminate or routinized designations are prohibited.

19  Designations that are shown to be clearly unjustified or that have been made for an improper

20  purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

21  unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

22          If it comes to a Designating Party's attention that information or items that it designated

23  for protection do not qualify for protection at all or do not qualify for the level of protection

24  initially asserted, that Designating Party must promptly notify all other parties that it is

25  withdrawing the mistaken designation.

26          5.2     Manner and Timing of Designations.

27          Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a)

28  below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

-5-

protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" conspicuously to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record during the deposition, or in writing up to twenty-one (21) days thereafter, the specific portions of the transcript that should be treated as "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," or in the alternative whether the transcript should be so designated in its entirety. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected

1   Material, and, unless designated in its entirety, the title page shall be followed by a list of all

2   pages (including line numbers as appropriate) that have been designated as Protected Material

3   and the level of protection being asserted by the Designating Party. The Designating Party shall

4   inform the court reporter of these requirements. Any transcript that is prepared before the

5   expiration of a 21-day period for designation shall be treated during that period as if it had been

6   designated "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY" in its

7   entirety unless otherwise agreed. After the expiration of that period, the transcript shall be

8   treated only as actually designated.  In the event the deposition is videotaped, the original and

9   all copies of the videotape shall be marked by the video technician to indicate that the contents

10  of the videotape are subject to this Protective Order, substantially along the lines of "This

11  videotape contains confidential testimony used in this case and is not to be viewed or the

12  contents thereof to be displayed or revealed except pursuant to the terms of the operative

13  Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any

14  Designating Party shall have the right to exclude from oral depositions, other than the deponent,

15  deponent's counsel, the reporter and videographer (if any), any person who is not authorized by

16  this Protective Order to receive or access Protected Material based on the designation of such

17  Protected Material. Such right of exclusion shall be applicable only during periods of

18  examination or testimony regarding such Protected Material.

19          (c)     for information produced in some form other than documentary and for

20  any other tangible items, that the Producing Party affix in a prominent place on the exterior of

21  the medium, container or containers in which the information or item is stored the legend

22  "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY

23  CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY

24  CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," except that tangible

25  samples of accused products or other instrumentalities exchanged between the parties (if any),

26  shall presumptively be treated as "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS'

27  EYES ONLY," whether or not such a legend is affixed thereto.

28

-7-

5.3    <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Designating Party shall provide substitute copies of documents bearing the confidentiality designation.  Upon receiving substitute copies, the Receiving Party shall return or securely destroy, at the Designating Party's option, all material that was not designated properly.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge

-8-

1   process only if it has engaged in this meet and confer process first or establishes that the

2   Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3       6.3     Judicial Intervention.

4       If the Parties cannot resolve a challenge without court intervention, the party seeking to

5   challenge a designation may move for appropriate relief under Civil Local Rule 7 (and in

6   compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within twenty-one

7   (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing

8   that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such

9   motion must be accompanied by a competent declaration affirming that the movant has complied

10  with the meet and confer requirements imposed in the preceding paragraph. Failure by the

11  Designating Party to make such a motion including the required declaration within twenty-one

12  (21) days (or fourteen (14) days, if applicable) shall automatically waive the contesting party's

13  challenge to the confidentiality designation.  Throughout the pendency of any such challenge, the

14  all parties shall continue to afford the material in question the level of protection to which it is

15  entitled under the Producing Party's designation until the court rules on the challenge.

16  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

17      7.1     Basic Principles.

18      A Receiving Party may use Protected Material that is disclosed or produced by another

19  Party or by a Non-Party in connection with this case only for prosecuting, defending, or

20  attempting to settle this litigation. Such Protected Material may be disclosed only to the

21  categories of persons and under the conditions described in this Order. When the litigation has

22  been terminated, a Receiving Party must comply with the provisions of Section 15 below

23  (FINAL DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party at a location and

25  in a secure manner that ensures that access is limited to the persons authorized under this Order.

26      Nothing in this Order shall be construed as limiting a Designating Party's use of its own

27  Protected Material

28      7.2     Disclosure of "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS'

-9-

EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action;

(b)     Designated House Counsel and Specially Designated House Counsel;

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed and provided to the Producing Party an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to receiving Protected Material;

(d)     the court and its personnel;

(e)     any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g)     during their depositions and/or at trial, witnesses in the action to whom disclosure is reasonably necessary and who are either (1) a present director, officer, and/or employee of the Designating Party (for avoidance of doubt, a party that produces a third party's confidential documents that previously were obtained by the producing party in litigation, via subpoena or other discovery, is not the "Designating Party"); (2) a former director, officer, agent, consultant and/or employee of the designating party, and who had access to the information that is disclosed during the course of his or her association with the Designating Party; or (3) a 30(b)(6) witness of the Designating Party. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     any other person with the prior written consent of the Producing Party.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," Information or Items</u>.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action;

(b)     Designated House Counsel (and expressly excluding Specially Designated House Counsel) ;

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed and provided to the Producing Party an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to receiving Protected Material, and as to whom the procedures set forth in paragraph 7.4 have been followed;

(d)     the court and its personnel;

(e)     any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g)     during their depositions and/or at trial, witnesses in the action to whom disclosure is reasonably necessary and who are either (1) a present director, officer, and/or employee of the Designating Party (for avoidance of doubt, a party that produces a third party's confidential documents that previously were obtained by the producing party in litigation, via subpoena or other discovery, is not the "Designating Party"); (2) a former director, officer, agent, consultant and/or employee of the designating party, and who had access to the information that is disclosed during the course of his or her association with the Designating Party; or (3) a 30(b)(6) witness of the Designating Party. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and

-11-

1    may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

2            (h)    the author or recipient of a document containing the information or a

3    custodian or other person who otherwise possessed or knew the information; and

4            (i)    any other person with the prior written consent of the Producing Party.

5            7.4    Procedures for Disclosure of "HIGHLY CONFIDENTIAL TECHNICAL –

6    ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL –

7    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE –

8    ATTORNEYS' EYES ONLY," Information or Items to Experts.

9            (a)    Unless otherwise ordered by the court or agreed to in writing by the

10   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

11   information or item that has been designated "HIGHLY CONFIDENTIAL TECHNICAL –

12   ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL –

13   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE –

14   ATTORNEYS' EYES ONLY," pursuant to paragraphs 7.2(c) and 7.3(c) by an opposing party

15   must first make a written request to the Designating Party that (1) sets forth the full name of the

16   Expert and the city and state of his or her primary residence; (2) attaches a copy of the Expert's

17   current resume; (3) identifies the Expert's current employer(s); (4) identifies each person or

18   entity from whom the Expert has received compensation or funding for work in his or her areas

19   of expertise or to whom the expert has provided professional services, including in connection

20   with a litigation, at any time during the preceding five (5) years; and (5) identifies (by name and

21   number of the case, filing date, and location of court) any litigation in connection with which the

22   Expert has offered expert testimony, including through a declaration, report, or testimony at a

23   deposition or trial, during the preceding five (5) years.  The Party that seeks to make such

24   disclosure to an expert of any information or item that has been designated Protected Material

25   need not identify to the Designating Party the information or items to be disclosed.

26           (b)    A Party that makes a request and provides the information specified in the

27   preceding respective paragraphs may disclose the subject Protected Material to the identified

28   Expert unless, within seven (7) business days of delivering the request, the Party receives a

-12-

1   written objection from the Designating Party. Any such objection must be for good cause and set

2   forth in detail the grounds on which it is based.  In the absence of an objection at the end of the

3   seven (7) day period, the Expert shall be deemed approved under this Protective Order.

4          (c)     A Party that receives a timely written objection must meet and confer with

5   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

6   agreement within three (3) days of the written objection. If no agreement is reached, the Party

7   seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

8   (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking

9   permission from the court to do so within seven (7) days from the date of the meet and confer.

10   Any such motion must describe the circumstances with specificity, set forth in detail the reasons

11   why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

12   disclosure would entail, and suggest any additional means that could be used to reduce that risk.

13   In addition, any such motion must be accompanied by a competent declaration describing the

14   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

15   confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

16   to approve the disclosure.  If relief is sought, designated material shall not be disclosed to the

17   Expert in question until the Court resolves the objection.

18        In any such proceeding, the Party opposing disclosure to an Expert shall bear the burden

19   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

20   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

21        7.5     <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL</u>

22   <u>TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-</u>

23   <u>TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE</u>

24   <u>CODE – ATTORNEYS' EYES ONLY," Information or Items to Designated House Counsel and</u>

25   <u>Specially Designated House Counsel.</u>

26          (a)     Unless otherwise ordered by the Court or agreed in writing by the

27   Designating Party, a Party that seeks to designate a Designated House Counsel or Specially

28   Designated House Counsel, or replace its existing Designated House Counsel or Specially

-13-

1    Designated House Counsel with a new designee, must first make a written request to the

2    Designating Party that (1) sets forth the full name of the House Counsel; (2) the city and state of

3    his or her primary residence; (3) identifies the House Counsel's current employer, job title, and

4    description of job responsibilities; and (4) indicates whether the House Counsel is being

5    proposed as either Designated House Counsel or Specially Designated House Counsel.

6              (b)     A Party that makes a request and provides the information specified in the

7    preceding paragraph may disclose Protected Material to the identified House Counsel unless,

8    within seven (7) business days of delivering the request, the Party receives a written objection

9    from the Designating Party. Any such objection must set forth in detail the grounds on which it is

10   based.

11             (c)     A Party that receives a timely written objection must meet and confer with

12   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

13   agreement. If no agreement is reached, the Party seeking to make the disclosure to the House

14   Counsel may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

15   Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

16   describe the circumstances with specificity, set forth in detail the reasons for which the

17   disclosure to the House Counsel is reasonably necessary, assess the risk of harm that the

18   disclosure would entail and suggest any additional means that might be used to reduce that risk.

19   In addition, any such motion must be accompanied by a competent declaration in which the

20   movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the

21   content of the meet and confer discussions) and sets forth the reasons advanced by the

22   Designating Party for its refusal to approve the disclosure.  Alternatively, the parties may raise

23   with the appointed Magistrate Judge, and the Magistrate Judge may approve and/or Order, an

24   alternative or expedited procedure for resolving any disagreements regarding disclosure to House

25   Counsel.

26             (d)     In any such proceeding the Party opposing disclosure to the House

27   Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail

28

-14-

1   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

2   Material to the proposed House Counsel.

3       7.6     Disclosure of Third Party Materials, Or Materials Subject to Protective Orders In

4   Other Litigation.

5       In the event that a Party reasonably believes that, due to a confidentiality obligation

6   owed to a nonparty, it cannot produce certain information ("Restricted Information") in this

7   action, said Party shall within seven (7) days of discovering such obligation: (1) provide written

8   notification to the nonparty that Restricted Information is subject to disclosure in this action; and

9   (2) provide the nonparty with a copy of this Order. No more than ten (10) business days after

10  making such notification, the Party in possession of the Restricted Information shall inform the

11  Party requesting such information of the third party's response to the notification, or lack thereof.

12  8.      PROSECUTION BAR

13      Absent written consent from the Producing Party, any individual who receives access to

14  an adverse party's "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY"

15  or "HIGHLY CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," information

16  shall not be involved in the prosecution of patents or patent applications relating to

17  electrochromic glass and methods for manufacturing the same, including without limitation the

18  patents asserted in this action and any patent or application claiming priority to or otherwise

19  related to the patents asserted in this action, before any foreign or domestic agency, including the

20  United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph,

21  "prosecution" includes drafting, amending, or advising regarding the drafting or amending of

22  patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include

23  representing a party in connection with a challenge to a patent before a domestic or foreign

24  agency (including, but not limited to, a reissue proceeding, *ex parte* reexamination, *inter partes*

25  reexamination, *inter partes* review, or other post-grant review), as long as the individual is not

26  involved in directly or indirectly drafting, amending, or advising regarding the drafting or

27  amending of patent claims. This Prosecution Bar shall begin when access to "HIGHLY

28  CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY" or "HIGHLY

-15-

CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," information is first received by the affected individual and shall end one (1) year after final termination of this action.

9.     SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. If in electronic form, the source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device (except as provided below). The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request or print on-site paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request or print on-site paper copies for the purpose of reviewing the source code in the first instance. The

1   Producing Party shall provide all such source code in paper form including bates numbers and

2   the label "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY." The

3   Producing Party may challenge the amount of source code requested in hard copy form pursuant

4   to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

5   Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party"

6   for purposes of dispute resolution.

7           (e)     The Receiving Party shall maintain a record of any individual who has

8   inspected any portion of the source code in electronic or paper form, and maintain a record of the

9   existence of any electronic or paper copies of the code. The Receiving Party shall maintain all

10  paper copies of any printed portions of the source code in a secured area.  Absent permission by

11  the Producing Party, the Receiving Party shall only make additional paper or electronic (.pdf)

12  copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other

13  papers (including a testifying expert's expert report), (2) necessary for deposition, or (3)

14  otherwise necessary for the preparation of its case. Additional paper or electronic copies are

15  prohibited. Any paper copies used during a deposition shall be retrieved by the Producing or

16  Receiving Party at the end of each day and must not be given to or left with a court reporter or

17  any other individual.

18  10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

19  <u>LITIGATION</u>.

20          If a Party is served with a subpoena or a court order issued in other litigation that

21  compels disclosure of any information or items designated in this action as "HIGHLY

22  CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY

23  CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY

24  CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," that Party must:

25          (a)     promptly notify in writing the Designating Party. Such notification shall

26  include a copy of the subpoena or court order;

27          (b)     promptly notify in writing the party who caused the subpoena or order to

28  issue in the other litigation that some or all of the material covered by the subpoena or order is

1   subject to this Protective Order. Such notification shall include a copy of this Stipulated

2   Protective Order; and

3          (c)     cooperate with respect to all reasonable procedures sought to be pursued

4   by the Designating Party whose Protected Material may be affected.

5          If the Designating Party timely seeks a protective order, the Party served with the

6   subpoena or court order shall not produce any information designated in this action as "HIGHLY

7   CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY

8   CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY

9   CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," before a determination by

10  the court from which the subpoena or order issued, unless the Party has obtained the Designating

11  Party's permission. The Designating Party shall bear the burden and expense of seeking

12  protection in that court of its confidential material – and nothing in these provisions should be

13  construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

14  directive from another court.

15         By entering this order and limiting the disclosure of information in this case, the

16  Court does not intend to preclude another court from finding that information may be relevant

17  and subject to disclosure in another case. Any person or party subject to this order who becomes

18  subject to a motion to disclose another Party's information designated "HIGHLY

19  CONFIDENTIAL TECHNICAL – ATTORNEYS' EYES ONLY," "HIGHLY

20  CONFIDENTIAL NON-TECHNICAL – ATTORNEYS' EYES ONLY," or "HIGHLY

21  CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY,"  pursuant to this order

22  shall promptly notify that party of the motion so that the party may have an opportunity to appear

23  and be heard on whether that information should be disclosed.

24  11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

25  LITIGATION

26         (a)     The terms of this Order are applicable to information produced by a Non-

27  Party in this action and designated as "HIGHLY CONFIDENTIAL TECHNICAL –

28  ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL NON-TECHNICAL –

-18-

STIPULATED PROTECTIVE ORDER
Case No.  12-CV-06441-JST

1  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE –

2  ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

3  this litigation is protected by the remedies and relief provided by this Order. Nothing in these

4  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

5          (b)    In the event that a Party is required, by a valid discovery request, to

6  produce a Non-Party's confidential information in its possession, and the Party is subject to an

7  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

8  Party shall:

9          1.   promptly notify in writing the Requesting Party and the Non-Party that

10  some or all of the information requested is subject to a confidentiality agreement with a Non-

11  Party;

12          2.   promptly provide the Non-Party with a copy of the Stipulated Protective

13  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

14  the information requested; and

15          3.   make the information requested available for inspection by the Non-Party.

16          (c)    If the Non-Party fails to object or seek a protective order from this court

17  within fourteen (14) days of receiving the notice and accompanying information, the Receiving

18  Party may produce the Non-Party's confidential information responsive to the discovery request.

19  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any

20  information in its possession or control that is subject to the confidentiality agreement with the

21  Non-Party before a determination by the court. Absent a court order to the contrary, the Non-

22  Party shall bear the burden and expense of seeking protection in this court of its Protected

23  Material.

24          (d)    Notwithstanding any other provision in this Order, documents or other

25  information, including pleadings or discovery responses, that are produced by a Party in this

26  action, but that were originally produced or prepared by an opposing party or third party in

27  another litigation, and which are designated pursuant to a Protective Order or similar Order or

28  stipulated agreement in the prior action, must be treated in accordance with the confidentiality

1    designations made by the party that originally produced or provided the materials.  For example,

2    if a document was produced by a subpoenaed party as "Outside Counsel's Eyes Only" in a prior

3    litigation, and that document is produced by a Party in this action that originally obtained the

4    document pursuant to the subpoena in the prior action, it must be treated as "Outside Counsel's

5    Eyes Only" in this action

6    12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8    Material to any person or in any circumstance not authorized under this Stipulated Protective

9    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

10   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

11   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

12   made of all the terms of this Order, and (d) request such person or persons to execute the

13   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14   13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

15   MATERIAL

16       Inadvertent production of information shall be handled as follows, but this is without

17   prejudice to the right of any party to apply to the Court for further protection or disclosure

18   relating to discovery:

19       (a)    Notice By Producing Party.  Pursuant to Federal Rules of Civil Procedure

20   26(b)(5), immediately upon receiving notice from the producing party that information subject to

21   the attorney-client privilege or work-product immunity has been inadvertently produced, the

22   receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor

23   shall it disclose their substance.  The receiving party shall return or destroy the documents or

24   materials and all copies within three (3) business days from receiving notice;

25       (b)    Discovery By Receiving Party.  If the receiving party, without notice from the

26   producing party, determines that information subject to the attorney-client privilege or work-

27   product immunity has been inadvertently produced, the receiving party shall immediately contact

28   the producing party and advise them of the inadvertent disclosure.  Pursuant to Federal Rules of

Civil Procedure 26(b)(5), the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.  In addition, the receiving party shall return or destroy the documents or materials and all copies within three (3) business days from discovery of the inadvertent disclosure;

(c)     Challenges.  If the receiving party believes that it has a good-faith basis for challenging the privilege claim, the receiving party shall provide the producing party with a written explanation of the good-faith basis for the belief that the inadvertently produced documents or materials are not privileged within three (3) business days of the producing party's request for return.  The producing party shall respond in writing to the receiving party's timely challenge to the privilege or immunity claim within five (5) business days from receipt of the challenge;

(d)     Motion To Compel.  In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party shall have five (5) business days from receipt of the producing party's written response to the privilege challenge to file a motion (in accordance with any applicable standing orders or local rules) seeking an order compelling production of the inadvertently produced documents or materials.  The receiving party shall not use the substantive content of the inadvertently produced documents or materials to challenge their status as privileged or immune, but may submit the document under confidential seal for the Court's review.  In the event that a motion is made, the producing party shall have the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery;

(e)     No Waiver - Order.  Inadvertent disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).  Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work product protection is not waived by disclosure connected with the above-referenced matter and any such disclosure is also not waived in any other Federal or State proceeding.

-21-

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek further or additional protection of any Disclosure or Discovery Material or to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.4   No Restriction on Advising Client. Nothing in this Order shall be construed to prevent Counsel from advising their respective clients regarding this case, even if Counsel must rely on Protected Information in formulating such advice, as long as no Protected Information is disclosed in violation of this Order.

14.5   Limitation on Discovery from Experts. Absent good cause, drafts of expert reports and other expert work product is not discoverable. Additionally, communications between an Expert and a Party's Counsel are not discoverable except as provided in Rule

-22-

1    26(b)(4)(C) of the Federal Rules of Civil Procedure. Reports and materials exempt from

2    discovery under this section shall be treated as attorney work product for the purposes of this

3    case and Protective Order.

4    15.    FINAL DISPOSITION

5         Within sixty (60) days after the final disposition of this action, as defined in paragraph 4,

6    each Receiving Party must return all Protected Material to the Producing Party or destroy such

7    material, unless otherwise ordered or agreed in writing by the Producing Party. As used in this

8    subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

9    any other format reproducing or capturing any of the Protected Material. Whether the Protected

10   Material is returned or destroyed, the Receiving Party must submit a written certification to the

11   Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

12   deadline that affirms that the Receiving Party has not retained any copies, abstracts,

13   compilations, summaries or any other format reproducing or capturing any of the Protected

14   Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

15   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

16   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

17   consultant and expert work product, even if such materials contain Protected Material. Any such

18   archival copies that contain or constitute Protected Material remain subject to this Protective

19   Order as set forth in Section 4 (DURATION).  In addition, notwithstanding the preceding

20   section, Counsel are entitled to retain any copies that exist on backup tapes or other media used

21   for disaster recovery purposes, provided that such copies will not be accessed except upon notice

22   to the Producing Party.

23

24

25

26

27

28

1     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED: July 2, 2013                    _____/s/ Terry W. Ahearn_____

4                                          Attorneys for Plaintiff

5

6   DATED: July 2, 2013                    _____/s/ Toby Mock_____

7                                          Attorneys for Defendant

8

9                              SIGNATURE ATTESTATION

10          Pursuant to General Order No. 45(X)(B), I hereby attest that I have obtained the

11   concurrence in the filing of this document from all the signatories for whom a signature is

12   indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records

13   to support this concurrence for subsequent production for the court if so ordered or for inspection

14   upon request.

15

16   Dated: July 2, 2013                   /s/ Terry W. Ahearn
                                           Terry W. Ahearn

17

18   PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20

21   DATED: __July 2, 2013_____        _____

22                                         The Hono
                                           United Sta

23

24

25

26

27

28

                                        -24-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *SAGE Electrochromics, Inc. v. View, Inc.*,  Case No. 12-cv-06441-JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

DM_US 42607120-8.092184.0011

-25-