1  Evan S. Nadel (SBN 213230)
   ENadel@mintz.com
2  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   44 Montgomery Street, 36th Floor
3  San Francisco, California  94104
   Telephone:  (415) 432-6016
4  Facsimile:   (415) 432-6001

5  John A. Bauer (*Pro Hac Vice* application to be filed)
   JABauer@mintz.com
6  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   666 Third Avenue
7  New York, New York 10017
   Telephone:  (212) 692-6795
8  Facsimile:   (212) 983-3115

9  Attorneys for Proposed
   Intervenor-Plaintiff
10 Leybold Optics, GmbH

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 SAGE ELECTROCHROMICS, INC., a New        Case No. 3:12-cv-06441 (JST)
   Jersey Corporation,
16                                           LEYBOLD OPTICS, GMBH'S NOTICE
         Plaintiff Counterclaim-Defendant,   OF MOTION TO INTERVENE
17            v.                             PURSUANT TO FED. R. CIV. P. 24(A)(2)
                                             AND (B)(2) AND MEMORANDUM OF
18                                           POINTS AND AUTHORITIES IN
                                             SUPPORT OF MOTION TO
19 VIEW, INC., a Delaware Corporation,       INTERVENE

20       Defendant-Counterclaimant           Date:  October 31, 2013
21                                           Time  2:00 p.m.
                                             Judge:  Hon. Jon S. Tigar
22                                           Ctrm.:   9-19th Floor
23

24

25

26

27

28

   Leybold Motion to Intervene                    Case No: 3:12-cv-06441 (JST)

1    PLEASE TAKE NOTICE that on October 31, 2013, or as soon thereafter as the matter may

2    be heard in Courtroom 9 of the above-titled Court, Leybold Optics, GmbH ("Leybold") will and

3    hereby does move the Court pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively 24(b)(2), to

4    intervene as a plaintiff in this matter for the limited purpose of defending against Defendant, View

5    Inc.'s ("View") counterclaim alleging infringement of U.S. Patent No. 5,831,851 (the "'851 patent").

6    Leybold's counter-claims will be for a declaration of non-infringement and invalidity of the '851

7    patent.

8    This motion is based on the proposed complaint in intervention (attached hereto as Exhibit

9    A), the concurrently filed Declaration of Evan S. Nadel, the entire file in this matter and any

10   argument presented at the hearing of this motion.

11

12   Dated:  September 19, 2013.                Respectfully submitted

13

14                                             /s/ Evan S.Nadel
                                               Evan S.Nadel (SBN 213230)
15                                             ENadel@mintz.com
                                               MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO,
                                               P.C.
16                                             44 Montgomery Street, 36th Floor
                                               San Francisco, California  94104
17                                             Telephone:  (415) 432-6016
                                               Facsimile:   (415) 432-6001
18
                                               John A. Bauer (*Pro Hac Vice* application to be filed)
19                                             JABauer@mintz.com
                                               MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO,
20                                             P.C.
                                               666 Third Avenue
21                                             New York, New York 10017
                                               Telephone:  (212) 692-6795
22                                             Facsimile:   (212) 983-3115

23

24                                             Attorneys for Proposed Intervenor Plaintiff
                                               Leybold Optics, GmbH

25

26

27

28

Leybold Motion to Intervene                                    Case No. 3:12-cv-06441 (JST)

1

2                        **MEMORANDUM OF POINTS AND AUTHORITIES**

3   **I.      SUMMARY OF ARGUMENT**

4            Leybold manufactured and sold the accused coating equipment to Plaintiff SAGE

5   Electrochromics, Inc. ("SAGE").  As part of the sale, Leybold indemnified SAGE against a claim of

6   patent infringement.  Leybold, which has intimate knowledge of the accused coating equipment, has a

7   significantly protectable interest and should be allowed to protect that interest.  Indeed, SAGE has

8   informed Leybold that it does not oppose this motion and will file a statement of non-opposition.

9            In addition, the case is in its infancy.  No depositions have been noticed or taken of the

10  parties.  Claim construction briefing is not scheduled to commence until November 2013 with a

11  hearing scheduled for January 2014. Fact discovery will not close until a yet to be determined date

12  well into 2014.  And Leybold is not requesting to alter the dates of the Scheduling Order.  Dkt 57.

13           Accordingly, Leybold's motion to intervene as a matter of right pursuant to Fed. R. Civ. P.

14  24(a)(2) or, alternatively, permissively pursuant to Fed. R. Civ. P. 24 (b)(2), should be granted.

15

16  **II.     BACKGROUND**

17           **A.      The Case Is In Its Infancy**

18           On December 20, 2012, SAGE filed its Complaint (Dkt. 1) against View alleging

19  infringement by View of U.S. Patent Nos. 5,724,177 (the "'177 patent" *Id.*, Ex.A)) and 7,372,610

20  (the "'610 patent" *Id.*, Ex.B)) by making, using, selling, offering for sale, and/or importing View's

21  dynamic glass products.  *Id.*, ¶¶25 and 33, respectively.

22           On February 11, 2013, View filed an Answer and Counterclaims (Dkt. 29) denying

23  infringement and counterclaiming that SAGE is infringing U.S. Patent No. 8, 243,357 (the "'357

24  patent" *Id.*, Ex.A)) by making, using, selling, offering for sale, and/or importing electrochromic

25  glass products such as SageGlass.  *Id.*, ¶15.

26           On March 4, 2013, View filed a First Amended Answer and Counterclaims (Dkt. 34) that

27  included an additional counterclaim alleging SAGE is infringing U.S. Patent No. 5,831,851 (the

28  "'851 patent" *Id.*, Ex.B)) by making, using, selling, offering for sale, and/or importing "thin-film

1    coating equipment" for the manufacture of electrochromic glass products such as SageGlass.  *Id.*,

2    ¶26.  View further alleged that SAGE's infringement of the '851 patent was willful, deliberate, and

3    in reckless disregard of View's patent rights, and therefore, View was entitled to enhanced damages.

4    *Id.*, ¶28.

5         On May 10, 2013, View filed a motion for leave to file a Second Amended Answer and

6    Counterclaims (Dkt. 44 & Ex.A) to submit an additional counterclaim alleging SAGE's patent

7    infringement of U.S. Patent No. 8,432,603 (the "'603 patent") recently issued on April 30, 2013.

8         On May 21, 2013, the parties submitted a Joint Case Management Statement and Proposed

9    Case Order.  Dkt. 48.  The Proposed Case Management Order provided dates for exchanging

10   infringement and invalidity contentions, for exchanging claim construction positions, and for a claim

11   construction hearing date of January 10, 2014.  *Id.*, p. 2.  It provided for a March 25, 2014 cut-off

12   date for the parties to amend "Asserted Claims and Infringement Contentions" and "Invalidity

13   Contentions."  *Id.*, p. 3.  It also provided a date of May 23, 2014 for the close of fact discovery.  *Id.*,

14   p. 3.  The parties represented that "neither party has propounded discovery in this matter."  *Id.*, p. 5.

15        On May 29, 2013, the Court entered a Scheduling Order (Dkt. 57) entering dates closely

16   tracking those set forth in the Proposed Case Management Order up until the claim construction

17   hearing.  The Court set a claim construction hearing date of January 28, 2014 whereas the parties

18   requested a hearing date of January 10, 2014.   The Court further set a "Further Case Management

19   Conference" for April 2, 2014.  The Court declined, however, to adopt any dates after April 2, 2014

20   addressing fact discovery, expert discovery, or trial.  Presumably, the Court would revisit those dates

21   in connection with the April 2, 2014 Further Case Management Conference.

22        On May 29, 2013, View filed a Second Amended Answer and Counterclaims (Dkt. 58) that

23   included an additional counterclaim alleging SAGE is infringing the '603 patent by practicing the

24   claimed methods of the '603 patent.  *Id.*, Ex. C.

25        On June 12, 2013, View first contended that use of a high volume film deposition coating

26   equipment made by Leybold Optics infringed the '851 patent.  *See* Declaration of Evan S. Nadel

27   ("Nadel Decl"), Ex. 1 (Defendant-Counterclaimant View Inc.'s Disclosure of Asserted Claims and

28   Infringement Contentions) at p. 1-4.

As of September 18, 2013, neither party has noticed or taken any depositions of the parties.

**B.     SAGE Purchased The Accused Coating Equipment From Leybold who Indemnified SAGE Against A Claim of Patent Infringement**

Leybold is a company organized under the laws of Germany that develops, manufactures, and supplies high volume manufacturing ("HVM") equipment and systems for the coating of glass (hereinafter "HVM Coating Equipment"). SAGE purchased from Leybold HVM Coating Equipment manufactured by Leybold pursuant to an Equipment Manufacturing and Supply Agreement (the "Supply Agreement"). The Supply Agreement contains an indemnity provision indemnifying SAGE against a claim alleging that use of the HWM Coating Equipment constitutes patent infringement and providing for Leybold to defend such claim. Nadel Decl. Ex. 2 (Supply Agreement) at ¶14.1.

**III.    LEGAL STANDARDS FOR INTERVENTION**

**A.     Intervention As Of Right**

The requirements of Rule 24(a)(2) have the following four elements:

(1)     the application must be timely;

(2)     the applicant must have a "significantly protectable" interest relating to the transaction that is the subject of the litigation;

(3)     the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest, and

(4)     the applicant's interest must be inadequately represented by the parties before the court.

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *Ctr. for Biological Diversity v. United States EPA*, 2012 U.S. Dist. LEXIS 35972, at *6-7 (N.D. Cal. Mar. 16, 2012).

**B.    Permissive Intervention**

The decision to grant or deny a motion for permissive intervention is "directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court.*, 187 F.3d 1096, 1100 (9th Cir. 1999).  Permissive intervention is allowed under Rule 24(b)(2) where the moving party shows:

> (1)    independent grounds for jurisdiction;
>
> (2)    that the motion is timely, and
>
> (3)    that the applicant's claim or defense, and the main action, have
>
> a question of law or a question of fact in common.

*League of United Latin Am. Citizens,* 131 F.3d at 1308*; see also Drakes Bay Oyster Co. v. Salazar*, 2013 U.S. Dist. LEXIS 15055, at *24-25 (N.D. Cal. Feb. 4, 2013).

# IV.    ARGUMENT

## A.    Intervention As of Right Should Be Permitted

Rule 24(a) is generally construed broadly in favor of proposed intervenors. *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397 (9th Cir. 2002).  "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Id.*, 288 F.3d at 397-98 (quoting *Greene v. United States*, 996 F.2d 973, 980 (9th Cir. 1993)).  As the four conditions for intervention as of right under Rule 24(a)(2) are met in this instance, this liberal policy should be followed.

### 1.    Leybold's Motion To Intervene Is Timely

The Court must construe the requirements of Rule 24, including timeliness, broadly in favor of the party seeking intervention. *NRDC v. Gutierrez*, 2007 U.S. Dist. LEXIS 40895, at * 33 (N.D. Cal. May 22, 2007) (citing *Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983)). The Court must be lenient in applying the timeliness requirement where intervention is sought as a matter of right. *Id*. ( citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).

In assessing timeliness, the Ninth Circuit considers: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *GE v. Wilkins*, 2011 U.S. Dist. LEXIS 13809, at *4, 2011 WL 533549 (E.D. Cal. Feb. 11, 2011) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)). Additionally, courts should assess whether any claimed delay in seeking intervention as of right would prejudice any of parties, not whether intervention itself will cause the nature, duration or disposition of lawsuit to change. *South Dakota Farm Bureau, Inc. v South Dakota*, 189 F.R.D. 560, 566 (D.S.D. 1999).

Here, the case is in its infancy. No party depositions have been noticed or taken. Claim construction briefing is not scheduled to commence until November 2013 with a hearing scheduled for January 2014. Dkt 57. Fact discovery will not close until a yet to be determined date well into 2014. Dkt. 48 and 57. And Leybold is not requesting to alter the dates of the Scheduling Order. Dkt 57. Thus, defendant View would not be prejudiced by Leybold's intervention into the case at this juncture. Nor would SAGE by prejudiced by Leybold's intervention. Indeed, SAGE has informed Leybold that it does not oppose this motion and it intends to file a statement of non-opposition. Accordingly, because the case is in its early stages and the parties will not be prejudiced by Leybold's intervention,[1] it is beyond dispute that Leybold's motion is timely. [2]

### 2.   Leybold Has A "Significantly Protectable Interest" Relating To The Transaction That Is The Subject Of The Litigation

To determine whether an applicant has a "significantly protectable" interest necessary for intervention, this Court will consider (a) whether the interest is protectable under some law, and (b) whether there is a relationship between the legally protected interest and the claims at issue. *Ctr. for Biological Diversity v. United States EPA*, 2012 U.S. Dist. LEXIS 35972, at *6-7 (N.D. Cal. Mar. 16, 2012) (citing *Wilderness Soc. v. United States Forest Service*, 630 F.3d 1173, 1179 (9th Cir.

---

[1]      Leybold seeks intervention only for the purpose of defending against View's counterclaim alleging infringement of U.S. Patent No. 5,831,851, rather than to participate in an open ended manner on all issues in the litigation currently involving four other patents. This limited role will further minimize burden on the parties.

[2]      View first contended that *Leybold manufactured coating equipment* infringes the '851 patent in View's infringement contentions served June 12, 2013.  *See* Nadel Decl. Ex. 1.

1    2011)). A would-be intervenor will generally demonstrate it "has a sufficient interest for intervention

2    purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."

3    *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

4         A court rarely has a problem finding a significantly protectable interest when the applicant

5    demonstrates an interest in tangible property or funds.  *City of Emeryville v. Robinson*, 621 F.3d

6    1251, 1259–1260 (9th Cir. 2010) (holding that a contribution claim subject to extinction is a

7    significantly protectable interest); s*ee also Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)

8    (interest must be "direct, substantial, [and] legally protectable"; interest must be one that substantive

9    law recognizes as belonging to or owned by applicant).  Here, Leybold has significant legal and

10   economic interests in combating the '851 patent infringement counterclaim.  Legally, Leybold's

11   interests arise from its express indemnification in the Supply Agreement.  *See, e.g., WS Packaging*

12   *Grp., Inc. v. Global Commerce Grp., L.L.C.,* 505 F. Supp. 2d 561 (E.D. Wisc. 2007) (concluding

13   that a manufacturer had a legal interest in a case brought against its customers because that

14   manufacturer had an obligation to indemnify); *Monolithic Power Sys., Inc. v. 02 Micro Int'l Ltd.,*

15   2008 WL 3266647, at *3 (N.D. Cal. Aug. 6, 2008) (finding a legal interest where the manufacturer

16   was "be[ing] forced to indemnify its customers for losses they would incur in an infringement suit

17   brought against them").  Specifically, the Supply Agreement states that "Supplier [Leybold] shall

18   defend, indemnify…Company [Sage]… for any loss or damage…arising from…any claim that a

19   Coater or the operation of a Coater infringes the Intellectual Property rights…of any person…"

20   Nadel Decl. Ex. 2 at p. 14.1  This language thus demonstrates that, as indemnitor, Leybold has a

21   direct legal interest in the litigation.

22        Similarly, as manufacturer of the accused equipment, the outcome of this action will directly

23   impact Leybold's economic interests.  A manufacturer "has an obvious and direct interest in defending

24   its [] customers in their use of Applicant's [] technology." *Ancora Techs., Inc. v. Toshiba Am. Info. Sys.,*

25   *Inc.,* No. CV 08-0626, 2008 WL 4326788, at *1 (C.D. Cal. Sept. 22, 2008) (granting software

26   manufacturer's unopposed motion to intervene in infringement case against its customers who were

27   accused of infringement based upon their use of manufacturer's software and technology); *see also*

28   *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.,* 2005 WL 2465898, at *2-4 (D. Del. May 18, 2005)

1   (granting manufacturers' motions to intervene under Rule 24(a) based upon "compelling interest"

2   where customers' liability depended upon whether manufacturers' components infringed); *Stewart-*

3   *Warner Corp. v. Westinghouse Elec. Corp.,* 325 F.2d 822, 825 (2d Cir. 1963) ("[t]here is no doubt of

4   the propriety of [the] intervention as the manufacturer and vendor ... of equipment alleged by [plaintiff]

5   to be an infringement...").

6          In addition, View's allegation that Leybold's customer SAGE has infringed a patent through

7   the use of Leybold's equipment could jeopardize  Leybold's business reputation and corresponding

8   ability to generate sales.  *See Arris Grp., Inc. v. British Telecomms. PLC,* 639 F.3d 1368 (Fed. Cir.

9   2011) ( "[W]here a patent holder accuses customers of direct infringement based on the sale or use

10  of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if . .

11  . there is a controversy between the patentee and the supplier as to the supplier's liability for induced

12  or contributory infringement based on the alleged acts of direct infringement by its customers.")

13  Accordingly, Leybold has direct legal and economic interests in this action that will be affected by

14  its disposition.

15

16          **3.     Without Intervention, Leybold's Ability To Protect Its Interests Will Be**
                      **Impaired and Impeded Because SAGE Cannot Adequately Protect**
17                    **Leybold's Interests**

18

19          The Ninth Circuit has followed the guidance of the Rule 24 advisory committee notes in

20  analyzing the third intervention factor.  *See Southwest Center for Biologocal Diversity v. Berg*, 268

21  F.3d 810, 822 (9th Cir. 2001).  The notes state that "[i]f an absentee would be substantially affected

22  in a practical sense by the determination made in an action, he should, as a general rule, be entitled

23  to intervene." *Id.*  As explained above, Leybold would be substantially affected in a practical sense if

24  not permitted to intervene to oppose View's counterclaim of '851 patent infringement.

25          Leybold is the manufacturer of the allegedly infringing coating equipment and thus in the

26  best position to meaningfully defend against View's '851 patent infringement counterclaim.  If

27  Leybold is not permitted to intervene, its ability to protect its interests will be impaired.  *See*

28  *Honeywell,* 2005 WL 2465898 at *4 (where a manufacturer's interest would not be adequately

-7-

1   represented by customers, the manufacturer "can rightly claim that its interests will be impaired or

2   affected, as a practical matter, by the disposition of the action, unless it is involved in the case directly

3   and able to make its positions known."); *Delphi Corp. v. Automotive Tech. Int'l, Inc.,* No. 08-11048,

4   2008 WL 2941116, at *5 (E.D. Mich. Jul. 25, 2008) (finding that the "manufacturer controlled the

5   design and production and therefore is in the best position to defend its own products"); *Kleissler*

6   *v. U.S. Forrest Service,* 157 F.3d 964, 974 (3d Cir. 1998) (noting that the "presence of intervenors

7   may serve to prevent errors from creeping into the proceedings [and] clarify some issues").

8          For all of the foregoing reasons, Leybold should be permitted to intervene as of right in order

9   to protect its interests.

10          **B.      Permissive Intervention Should Be Allowed**

11          In the alternative, the Court should grant Leybold permissive intervention pursuant to Rule

12   24(b)(2).

13                  **1.      Independent Grounds For Jurisdiction Exist**

14          The Ninth Circuit has indicated that an independent ground for jurisdiction is not required

15   when a party seeks to join claims already before the court. *Blake v Pallan*, 554 F.2d 947, 956 (9th

16   Cir 1977).  The '851 patent infringement counterclaim is already before the court.  In any event,

17   independent grounds for jurisdiction nonetheless exist because federal courts have exclusive

18   jurisdiction over all suits "arising under any Act of Congress relating to patents." 28 U.S.C. § 1338.

19                  **2.      The Motion Is Timely**

20          As set forth above, Leybold's motion to intervene is timely.  Further, while the parties would

21   not be prejudiced if intervention is granted, Leybold will be prejudiced if intervention is denied.

22                  **3.      Common Questions Of Law And Fact Exist**

23          Although the applicant for permissive intervention does not have to show a direct "interest"

24   in the litigation as is required for intervention of right under Rule 24(a)(2), Leybold nonetheless has

25   a direct interest in defending against the '851 patent infringement counterclaim.  *SEC v. United*

26   *States Realty & Improvement Co*., 310 U.S. 434, 459 (1940) (Fed. R. Civ. P. 24(b)(2) "plainly

27   dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest

28   in the subject of the litigation").

1       Here, as the manufacturer of the equipment accused of infringement in the '851 patent

2 infringement counterclaim, Leybold has a direct interest in defending its equipment.  As such,

3 Leybold's defenses related to the '851 patent counterclaim share identical questions of law and fact

4 with the main action.  Thus, permissive intervention is proper.

5       As required by Fed. R. Civ. P. 24(c), a proposed Complaint in Intervention is attached hereto

6 as Exhibit A.

7

8 **V.**     **CONCLUSION**

9       For all of the foregoing reasons, Leybold requests that this Court grant its motion to intervene

10 as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, that this Court permit

11 Leybold to permissively intervene pursuant to Fed. R. Civ. P. 24 (b)(2).

12

13 Dated:  September 19, 2013.                 Respectfully submitted

14

15                                     /s/ Evan S. Nadel
                                    Evan S. Nadel (SBN 213230)

16                                     ENadel@mintz.com
                                    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO,
                                    P.C.

17                                     44 Montgomery Street, 36th Floor
                                    San Francisco, California  94104

18                                     Telephone:  (415) 432-6016
                                    Facsimile:   (415) 432-6001

19

20                                     John A. Bauer (*Pro Hac Vice* application to be filed)
                                    JABauer@mintz.com

21                                     MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO,
                                    P.C.

22                                     666 Third Avenue
                                    New York, New York 10017

23                                     Telephone:  (212) 692-6795
                                    Facsimile:   (212) 983-3115

24

25                                     Attorneys for Proposed Intervenor Plaintiff
                                    **Leybold Optics, GmbH**

26

27

28

Leybold Motion to Intervene                     Case No. 3:12-cv-06441 (JST)

EXHIBIT A

Evan S. Nadel (SBN 213230)
ENadel@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, California  94104
Telephone:  (415) 432-6016
Facsimile:   (415) 432-6001

John A. Bauer (*Pro Hac Vice* application to be filed)
JABauer@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, New York 10017
Telephone:  (212) 692-6795
Facsimile:  (212) 983-3115

Attorneys for Proposed
Intervenor-Plaintiff
Leybold Optics, GmbH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE ELECTROCHROMICS, INC., a New Jersey Corporation,<br><br>      Plaintiff Counterclaim-Defendant,<br>            v.<br><br>VIEW, INC., a Delaware Corporation,<br><br>      Defendant-Counterclaimant. | Case No. 3:12-cv-06441 (JST)<br><br>**LEYBOLD OPTICS, GMBH'S COMPLAINT IN INTERVENTION**<br><br>Judge:  Hon. Jon S. Tigar<br>Ctrm.   9 — 19th Floor<br><br>**DEMAND FOR JURY TRIAL** |
| LEYBOLD OPTICS, GMBH, a German Company<br><br>            Intervenor-Plaintiff<br><br>      v.<br><br>VIEW, INC., a Delaware Corporation,<br><br>      Defendant | |

For its Complaint in Intervention against Defendant and Counterclaimant View, Inc.

("View"), Intervenor Leybold Optics, GmbH ("Leybold") alleges as follows:

**PARTIES**

1.   Intervenor-Plaintiff Leybold is company existing under the laws of Germany and headquarted at Siemenstrasse 88, 63755 Alzenau, Germany.

2.   Upon information and belief, Plaintiff and counterclaim-defendant SAGE Electrochromics, Inc. ("SAGE") is a New Jersey corporation with its principal place of business located at One SAGE Way, Faribault, MN 55021.

3.   Upon information and belief, Defendant and counterclaimant View is a Delaware corporation with its corporate headquarters and principal place of business located at 195 S. Milpitas Blvd., Milpitas, CA, 95035.

**JURISDICTION AND VENUE**

4.   This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5.   The Court has personal jurisdiction over SAGE by virtue of SAGE availing itself on this Court by filing its Complaint.  *See* Dkt. 1.

6.   The Court has personal jurisdiction over View by virtue of View availing itself of this Court's personal jurisdiction by answering SAGE's Complaint and asserting counterclaims against SAGE.  *See* Dkt. 29.

7.   Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL ALLEGATIONS**

8.   Leybold is a company organized under the laws of Germany that develops, manufactures, and supplies high-volume manufacturing ("HVM") equipment and systems for the coating of glass.

9.   SAGE, upon information and belief, is a designer and developer of electrochromic glass technology and materials.

10. View, upon information and belief, is involved in the research, development, and manufacturing of electrochromic glass.

LEYBOLD OPTIC, GMBH'S COMPLAINT IN INTERVENTION  Case No.3:12-cv-06441 (JST)

11. In January 2011, Leybold and SAGE entered into an Equipment Manufacturing and Supply Agreement (the "Supply Agreement") in conjunction with SAGE purchasing HVM equipment and systems for the coating of glass (the " HVM Coating Equipment"). [1]

12. The Supply Agreement contains an indemnity provision indemnifying SAGE against a claim alleging that use of the HWM Coating Equipment constitutes patent infringement and providing for Leybold to defend such claim.  Supply Agreement, ¶14.1.

13.   On December 20, 2012, SAGE filed its Complaint (Dkt. 1) against View alleging infringement by View of U.S. Patent Nos. 5,724,177 (the "'177 patent" (*Id*., Ex.A)) and 7,372,610 (the "'610 patent" (*Id*., Ex.B)) by making, using, selling, offering for sale, and/or importing View's dynamic glass products.  *Id*., ¶¶25 and 33, respectively.

14.   On February 11, 2013, View filed an Answer and Counterclaims denying infringement and counterclaiming that SAGE is infringing U.S. Patent No. 8, 243,357 (the "'357 patent" (Dkt. 29 & Ex.A)) by making, using, selling, offering for sale, and/or importing electrochromic glass products such as SageGlass.  *Id*., ¶15.

15.   On March 4, 2013, View filed a First Amended Answer and Counterclaims that included an additional counterclaim alleging SAGE is infringing U.S. Patent No. 5,831,851 (the "'851 patent" (Dkt. 34.& Ex.B)) by making, using, selling, offering for sale, and/or importing "thin-film coating equipment" for the manufacture of electrochromic glass products such as SageGlass.  *Id*., ¶26.  View further alleged that SAGE's infringement of the '851 patent was willful, deliberate, and in reckless disregard of View's patent rights, and therefore, View was entitled to enhanced damages.  *Id*., ¶28.

16. View alleges that it is the assignee of the rights, title, and interest in and to the '851 patent and that it is the owner of the '851 patent with the full and exclusive rights to bring suit to enforce the '851 patent.   Dkt. 34, ¶¶ 23 and 24, respectively.

---

[1]      A redacted copy of the Supply Agreement is attached as Exhibit 1

LEYBOLD OPTIC, GMBH'S COMPLAINT IN INTERVENTION  Case No.3:12-cv-06441 (JST)

17. On June 12, 2013, View first contended that use of a high volume film deposition coating equipment made by Leybold Optics infringed the '851 patent.  See Defendant-Counterclaimant View Inc.'s Disclosure of Asserted Claims and Infringement Contentions, Exhibit C, p. 1-4.⊠

18. Leybold supports with SAGE in defending against the '851 patent infringement claim brought by View as to the accused coating equipment.

19. Leybold believes that it has the right to make, use, sell, offer to sell, and/or import the accused coating equipment free of any valid '851 patent rights of View.  Leybold also believes that the '851 patent is invalid.

# FIRST CAUSE OF ACTION:

## DECLARATION OF NON-INFRINGMENT OF THE '851 PATENT

20. The allegations in paragraphs 1-19 of the Complaint In Intervention are incorporated by reference as if fully set forth herein.

21. The allegations of '851 patent infringement in View's Amended Answer and Counterclaims (Dkt. 34, ¶¶ 22-30) and in Defendant-Counterclaimant View Inc.'s Disclosure of Asserted Claims and Infringement Contentions have created an actual, substantial, and continuing justiciable controversy between Leybold and View, having diverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the asserted claims of the '851 patent.

22. The accused coating equipment does not infringe under 35 U.S.C. § 271 any asserted claim of the '851 patent.

23. Leybold is entitled to a judicial declaration that the manufacture, use, offering for sale, sale, and/or importing of the accused coating equipment does not infringe directly or indirectly, literally or by equivalents, the '851 Patent.

LEYBOLD OPTIC, GMBH'S COMPLAINT IN INTERVENTION  Case No.3:12-cv-06441 (JST)

**SECOND CAUSE OF ACTION:**

**DECLARATION OF INVALIDITY OF THE '851 PATENT**

24. The allegations in paragraphs 1-23 of the Complaint In Intervention are incorporated by reference as if fully set forth herein.

25. The asserted claims of the '851 Patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. There is an actual, substantial, and continuing justiciable controversy between Leybold and View, having diverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding validity of the '851 patent.

27. Leybold is entitled to a judicial declaration that the asserted claims of the '851 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Leybold requests entry of judgment in its favor and against View as follows:

1.  That the Court dismiss with prejudice View's March 4, 2013 Amended Answer and Counterclaim relating to the '851 Patent, and that View take nothing by its Counterclaims;

2.  A declaration and entry of judgment in favor of Leybold and against View that the accused equipment does not infringe the asserted claims of the '851 patent;

3.  A declaration and entry of judgment in favor of Leybold and against View that Leybold and SAGE are not liable for direct, contributory or induced infringement of the asserted claims of the '851 patent as to the accused equipment;

4.  A declaration and entry of judgment in favor of Leybold and against View that the asserted claims of the '851 patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112;

5.  Leybold's costs and disbursements in connection with this litigation, as permitted pursuant to 35 U.S.C. § 284;

LEYBOLD OPTIC, GMBH'S COMPLAINT IN INTERVENTION  Case No.3:12-cv-06441 (JST)

1    6.   A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285,

2  and an award to Leybold of its reasonable attorney's fees; and

3    7.   Such other relief, in law and in equity, that this Court deems appropriate.

4

5                              **DEMAND FOR JURY TRIAL**

6

         Leybold demands a trial by jury of all claims and issues so triable.

7

8

9

10  Dated: September 19, 2013          Respectfully submitted,

11

12                                     /s/ Evan S. Nadel
                                       Evan S. Nadel (SBN 213230)
13                                     ENadel@mintz.com
                                       MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
14                                     44 Montgomery Street, 36th Floor
                                       San Francisco, California  94104
15                                     Telephone:     (415) 432-6016
                                       Facsimile:     (415) 432-6001
16
                                       John A. Bauer (*Pro Hac Vice* application to be filed)
17                                     JABauer@mintz.com
                                       MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
18                                     666 Third Avenue
                                       New York, New York 10017
19                                     Telephone:     (212) 692-6795
                                       Facsimile:     (212) 983-3115
20
                                       Attorneys for Proposed Intervenor  Plaintiff
21                                     **Leybold Optics, GmbH**

22

23

24

25

26

27

28

                                       6