KEITH SLENKOVICH (SBN: 129793)
JOSEPH F. HAAG (SBN: 248749)
RUSSELL TONKOVICH (SBN: 223280)
TOBY MOCK (SBN: 265004)
CRYSTAL ROBERTS (SBN: 284622)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel. (650) 858-6000
Fax. (650) 858-6100
Keith.Slenkovich@wilmerhale.com
Joseph.Haag@wilmerhale.com
Russell.Tonkovich@wilmerhale.com
Tobias.Mock@wilmerhale.com
Crystal.Roberts@wilmerhale.com

WILLIAM F. LEE (*pro hac vice*)
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel. (617) 526-6000
Fax. (617) 526-5000
William.Lee@wilmerhale.com

*Attorneys for Defendant-Counterclaimant View, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **SAGE ELECTROCHROMICS, INC.**, | No. C-12-6441 (JST) |
| Plaintiff–Counterclaim Defendant, | **DEFENDANT–COUNTERCLAIMANT VIEW, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| vs. | |
| **VIEW, INC.**, | |
| Defendant–Counterclaimant. | Date:  November 7, 2013<br>Time:  2:00 p.m.<br>Place: Courtroom 9, 19th Floor |

**NOTICE**

To the court and all interested parties, please take notice that a hearing on Defendant-Counterclaimant View, Inc.'s Motion for Leave to File a Third Amended Answer and Counterclaims will be held on November 7, 2013 at 2:00 p.m. in Courtroom 9, Floor 19, of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California.

**MOTION**

Pursuant to Fed. R. Civ. P. 15(a), Defendant-Counterclaimant View, Inc. ("View") hereby moves for leave to file a Third Amended Answer, Affirmative Defenses and Counterclaims (attached hereto as Exhibit A) to withdraw its counterclaims for patent infringement of U.S. Patent No. 8,432,603 (the "'603 patent").

**STATEMENT OF ISSUE TO BE DECIDED**

Whether justice requires that the court grant View's Motion for Leave to File a Third Amended Answer, Affirmative Defenses, and Counterclaims to withdraw a claim of infringement for the '603 patent where withdrawal of the claim would conserve the Court's and parties' resources, and does not prejudice any party to this action.

**SUMMARY OF ARGUMENT**

Justice requires granting View leave to file its amended counterclaims withdrawing its claims for patent infringement of the '603 patent for at least two reasons:  First, withdrawing View's patent infringement claims will conserve the Court's and parties' resources by avoiding needless litigation of claims that View does not wish to pursue.  Second, View's withdrawal of the '603 patent in no way prejudices any other party in this case.  View's motion should be granted.

**STATEMENT OF FACTS**

Plaintiff-Counterclaim Defendant SAGE Electrochromics, Inc. ("Sage") filed its Complaint for Patent Infringement on December 20, 2012, alleging infringement by View of U.S. Patent Nos. 5,724,177 and 7,372,610.  Dkt. 1.  View filed its Answer and Counterclaims on February 11, 2013, asserting infringement by SAGE of U.S. Patent No. 8,243,357.  Dkt. 29.

View amended its Answer and Counterclaims on March 4, 2013 to add a counterclaim for infringement of U.S. Patent No. 5,831,851.  Dkt. 34.  On April 12 and 30, 2013, View requested in writing from Sage "documentation sufficient to show SAGE's confidential manufacturing process in order to allow for an evaluation of SAGE's infringement of the '603 patent."  View indicated that based on publicly available information, it appeared that Sage's new manufacturing facility was infringing at least some claims of the '603 patent.  Sage refused to provide any information in response to View's inquiry.  On May 10, 2013, View sought leave to file a Second Amended Answer, Affirmative Defenses and Counterclaims to assert a supplemental counterclaim for patent infringement of the '603 patent. Dkt. 44.  On May 29, 2013, the Court granted View's motion, Dkt. 54, and View filed its amended counterclaims.  Dkt. 58.  View served its Patent L.R. 3-1 Infringement Contentions for the '603 patent on June 12, 2013 and therein provided public information suggesting that Sage's new manufacturing facility was infringing at least some claims of the '603 patent, including a report submitted by Sage to the Department of Energy in connection with a grant application.  *See* Declaration of Tobias Mock, at ¶ 4.

On July 8 and 31, 2013, Sage provided in sworn interrogatory responses information regarding its manufacturing processes pertaining to View's infringement claims for the '603 patent.  The parties had follow-up correspondence to resolve questions raised by View with respect to the interrogatory responses.  View has reviewed this information and now wishes to withdraw its infringement claims against the '603 patent.  *See id.* at ¶ 5.

## LEGAL STANDARD

"Rule 15 advises the court that 'leave shall be freely given when justice so requires.'  This policy is 'to be applied with extreme liberality.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 709, 712 (9th Cir. 2001)).  Leave should be given absent reasons "'such as undue delay, bad faith or dilatory motive . . ., undue prejudice to the opposing party . . . [or] futility of amendment.'"  *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182

1 (1962)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052; *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (all inferences should be drawn "in favor of granting [a] motion" under Rule 15(a)). The party opposing the amendment bears the burden of showing why leave to amend should be denied. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986).

This Court has held that the proper procedure for withdrawing one of several claims is an amended pleading under Fed. R. Civ. P. 15(a). *See Mitchell v. Reg'l Trust Servs. Corp.*, No. 12-CV-5547-JSW, 2013 WL 556395 (N.D. Cal. Feb. 12, 2013) ("Rule 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants."). "[L]itigants interested in dismissing individual claims, but not all claims, should seek leave to amend the complaint under Fed. R. Civ. P. 15(a) and not dismissal under Fed. R. Civ. P. 41(a)(2)." *Andrews v. Jung*, No. 12-4614-LB, 2013 WL 4029056, at *2 (N.D. Cal. Aug. 6, 2013) (denying stipulated dismissal of seven of ten claims and requiring Plaintiff to file an amended complaint); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 41 does not allow for "piecemeal dismissals"). Withdrawal of a claim under Rule 15 is without prejudice. *See id.* at 690 ("It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment.").

## ARGUMENT

Justice requires granting View's motion for leave to file a Third Amended Answer, Affirmative Defenses, and Counterclaims to withdraw View's claims for patent infringement of the '603 patent without prejudice.

First, the Court's and parties' resources will be preserved by granting View leave to amend its counterclaims to withdraw the '603 patent from this action. View seeks to withdraw

its claim without prejudice to save the Court and parties from litigating a patent that View no longer wishes to pursue.  Thus, the issues in front of the Court will be narrowed.

Second, withdrawing View's infringement claim for the '603 patent in no way causes prejudice to any other party in this case.  In fact, all parties benefit from View's withdrawal of claims that it does not wish to pursue.  Further, Sage does not oppose View's motion.  Therefore, justice requires granting View leave to file its amended counterclaims to withdraw these claims.

## CONCLUSION

For the foregoing reasons, View respectfully requests that the Court grant View's Motion for Leave to File a Third Amended Answer and Counterclaims to withdraw its counterclaims for patent infringement of the '603 patent without prejudice.

DATED:  September 27, 2013

WILMER CUTLER PICKERING HALE
   AND DORR LLP

By:     /s/ Keith Slenkovich
           Keith Slenkovich

*Attorneys for Defendant-Counterclaimant*
   *View, Inc.*

**CERTIFICATE OF CONFERENCE**

I certify that I have met and conferred with Plaintiff-Counterclaim Defendant Sage Electrochromics, Inc. ("Sage") about the merits of this motion. Pursuant to this Court's Order of May 29, 2013, Dkt. 54, View requested both prior to and during the meet and confer that Sage stipulate in writing to the filing of View's Third Amended Counterclaims. Sage informed View that it would not oppose View's Motion to amend, but that it would not agree to a stipulation. Sage further indicated that it intended to file a statement of non-opposition upon View's filing of the Motion.

Executed this 27th day of September 2013, in Palo Alto, California.

/s/ Keith Slenkovich
Keith Slenkovich

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

View, Inc.'s Motion for Leave to File Third Amended Answer and Counterclaims
Case No. C-12-6441 (JST)