1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Evan Nadel (SBN 213230)
ENadel@mintz.com
Mintz Levin Cohn Ferris Glovsky And Popeo, P.C.
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone: (415) 432-6016
Facsimile: (415) 432-6001

John A. Bauer (*Pro Hac Vice* application pending)
JABauer@mintz.com
Mintz Levin Cohn Ferris Glovsky And Popeo, P.C.
666 Third Avenue
New York, New York 10017
Telephone: (212) 692-6795
Facsimile: (212) 983-3115

Attorneys for Proposed
Intervenor-Plaintiff
Leybold Optics, GmbH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE ELECTROCHROMICS, INC., a New Jersey Corporation, <br><br> Plaintiff Counterclaim-Defendant, <br> v. <br><br> VIEW, INC., a Delaware Corporation, <br><br> Defendant-Counterclaimant | Case No. 3:12-cv-06441 (JST) <br><br> **LEYBOLD OPTICS, GMBH'S REPLY MEMORANDUM IN SUPPORT ITS MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(A)(2) AND (B)(2)** <br><br> Date: October 31, 2013 <br> Time 2:00 PM <br> Judge: Hon. Jon S. Tigar <br> Ctrm.: 9-19th Floor |

Leybold Reply In Support of its Motion to Intervene                    3:12-cv-06441 (JST)

## I.    SUMMARY OF REPLY

In responding to Leybold Optics GmbH's ("Leybold") motion to intervene,[1] View, Inc. ("View") does not dispute: (a) that Leybold's indemnification of SAGE Electrochromics, Inc. ("SAGE") for infringement of U.S. Patent No. 5,831,851 (the "'851 patent") is a "significantly protectable" interest; (b) that Leybold's ability to protect its interest will be impaired or impeded if it does not intervene, and (c) that Leybold is inadequately represented by SAGE's counsel.   View also acknowledges that the case is "still in its relatively early stages,"[2] but contends that Leybold's motion should be denied as untimely because seven months have passed before Leybold filed its motion and during that time the parties have exchanged claim construction positions, preliminary contentions, and engaged in some discovery.  View is wrong.  View cites no law to support its assertion that a seven month period constitutes untimely delay, much less a seven month period in a case "still in its relatively early stages."  View relies on cases where the proposed intervenor waited for *years* before seeking intervention.  Further, Leybold has already stated it does not intend to alter the dates of the Scheduling Order (Dkt. 57), eliminating any potential prejudice to View.  Accordingly, Leybold's motion to intervene was timely filed.

Implicitly acknowledging that Leybold's motion to intervene was timely filed, and thus will be granted, View devotes a substantial portion of its opposition to proposing restrictions on Leybold's participation in the case once Leybold is a party.   Once again, View is wrong.  Intervenors, as a general rule, are permitted to litigate fully once joined as a party, and View has not cited a single case to support its position.  Indeed, the purpose of intervention is to allow the intervenor to protect its rights as a party.  View provides no legitimate grounds for restricting Leybold's ability to litigate to protect its interests.  Accordingly, Leybold's motion to intervene should be granted without View's proposed restrictions on Leybold's participation.

---

[1]      Leybold Optics GmbH's Notice of Motion to Intervene Pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(2) and Memorandum of Points and Authorities in Support of Motion to Intervene ("Leybold Mot."). Dkt. 85.

[2]      View, Inc.'s Memorandum of Points and Authorities in Opposition to Leybold Optics, Gmbh's Motion to Intervene ("Opp."), p. 6.  Dkt. 91.

-1-

## II.     ARGUMENT

### A.     Leybold Meets The Requirements for Fed. R. Civ. P. 24(a)(2) and 24(b)(2)

Leybold is the manufacturer of the High Volume Manufacturing Equipment Coating Equipment (the "HVM Coating Equipment") alleged to infringe the '851 Patent.  Leybold Mot. at 3. Leybold indemnified SAGE for its alleged patent infringement of the '851 patent.  *Id*.  Accordingly, Leybold has a "significantly protectable" interest that may be "impair[ed] or imped[ed]" if Leybold is precluded from intervening in the case.  *Id.* at 5-7; Fed. R. Civ. P. 24(a)(2) and 24(b)(2).  Further, Leybold's interest is not adequately represented by SAGE.  *Id.* at 7-8.  Significantly, View does not dispute these points.  Rather, View contends only that Leybold's intervention motion is untimely because seven months passed between the first arguable issue impacting Leybold and Leybold filing its motion and because the parties have exchanged claim construction positions, preliminary contentions, and engaged in some discovery.  Thus, despite acknowledging that the case is "still in its relatively early stages," View alleges that Leybold's intervention will "implicate countless unknown prejudices to View."  Opp. at 6 & 7, respectively.

The argument that Leybold's intervention could "implicate *countless unknown* prejudices to View" (Opp. at 7 (emphasis added)) lacks any specificity, revealing View's desperate attempt to manufacture a claim of prejudice.  In fact, the case is at such an early stage that no party depositions have been noticed or taken and the Court has not even entered a scheduling order providing when fact or expert discovery will close.  Presumably, fact and expert discovery will close sometime well into 2014.  *See* Dkt. 48 and 57.  Further, View's alleged concerns about having to renegotiate the provisions of the Stipulated Protective Order (Dkt. 63) and ESI Protocol (Dkt. 49 and 53) with Leybold are unfounded.  Opp. at 8.  Leybold agrees to the provisions of the Stipulated Protective Order and ESI Protocol in this action, eliminating any delay or potential prejudice.  View's unsupported assertion of prejudice fails.

With respect to proposed claim construction exchanges, claim construction briefing, and claim construction hearings, as well as certain contentions, the Court has entered a Scheduling Order addressing those aspects of the case.  Dkt. 57.  Leybold has already represented to the Court that it will not request to alter the dates of that Scheduling Order.  Dkt. 57, *see* Leybold Mot. at 3.  Thus,

-2-

1   View's contention of prejudice from the standpoint of claim construction and contentions is not

2   correct.  In sum, it is clear that defendant View would not be prejudiced by Leybold's intervention

3   into the case at this juncture.

4           Finally, the cases View cites do *not* support its position that a seven month gap between the

5   filing of a complaint and motion to intervene in a case in its early stages would render intervention

6   untimely under Fed. R. Civ. P. (a)(2) or 24(b)(2).

7           View relies on *Moore v. Verizon Commc'ns Inc.*, No. 09-1823-SBA, 2013 WL4 50365 (N.D.

8   Cal. Feb. 5, 2013).  Opp. at 5.  In that case, in April 2009, plaintiff filed a class action against

9   Verizon.  *Id.* at *2.  In February 2012, the Court issued an Order preliminarily approving settlement.

10  In March 2012, approximately ***three years*** *after the complaint had been filed* and after the *Court had*

11  *preliminarily approved settlement*, ESBI filed a motion to intervene.  The Court denied the motion,

12  expressly noting that ESBI sought to "intervene at a late stage in the proceedings [where] substantial

13  discovery and motion practice … [and] mediation for over a year" had already occurred.  *Id.* at *6.

14          View also relies on the equally if not more inapposite cases of *Cal. Dept. of Toxic Substances*

15  *Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)(holding that the

16  stage of the proceedings factor weighs heavily against intervenor where *motion to intervene was not*

17  *filed until after the parties settled following more than* ***six years*** *of litigation*, and on the same day

18  plaintiff moved for judicial approval of the consent decree) and *League of United Latin Am. Citizens*

19  *v .Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)(intervention motion to participate in litigation

20  concerning California's Proposition 187 was denied where motion was filed more than *two years*

21  after original complaint, district court had already issued TRO and preliminary injunction,

22  defendants had appealed the injunction to the Ninth Circuit, and four other sets of parties had

23  successfully intervened at an earlier stage in the litigation).  Significantly, View does not cite a

24  single case involving a manufacturer and customer, let alone a manufacture who indemnified its

25  customer against a claim of alleged patent infringement.

26          Accordingly, as demonstrated above, Leybold's motion to intervene was timely filed and

27  should be granted.  Given that Leybold plainly satisfies the requirements of both Fed. R. Civ. P.

28

1   24(a)(2) and 24(b)(2), it is not surprising that View devotes a substantial portion of its opposition to

2   an effort to impose restrictions on Leybold's participation in the case once Leybold becomes a party.

4   **B.    View's Attempt to Unduly Restrict Leybold's Right to Fully Litigate Would Eviscerate Fed. R. Civ. P. 24**

6          A party has the right to intervene if it can demonstrate the following four factors: timeliness;

7   an <u>interest relating to the subject of the action</u>; <u>practical impairment of the party's ability to protect</u>

8   <u>that interest</u>; and <u>inadequate representation by the parties to the suit</u>.  *Portland Audubon Soc'y v.*

9   *Hodel, 866 F.2d 302, 308* (9th Cir. 1989)(emphasis added).  Thus, intervention requires a showing

10  from the proposed intervenor that an interest is at risk in the litigation and the proposed intervenor

11  cannot adequately protect that interest unless it is a party to the suit.  Consequently, it is well

12  established that intervenors, as a general rule, are permitted to litigate fully once admitted to a suit.

13  *NRDC v. Gutierrez*, 2007 U.S. Dist. LEXIS 40895, at * 33 (N.D. Cal. May 22, 2007); *League of*

14  *United Latin Am. Citizens v .Wilson,* 131 F.3d 1297, 1304 (9th Cir. 1997).

15         Notwithstanding that intervenors are permitted to litigate as ordinary parties once joined in a

16  suit, View attempts to severely restrict Leybold's ability to litigate to protect its interests by asserting

17  that Leybold should "step into Sage's shoes."  Opp. at 5 & 8.

18         View's argument is undermined by the undisputed facts that: (a) SAGE's alleged

19  infringement of the '851 patent is a "significantly protectable" interest; (b) Leybold's ability to

20  protect its interest will be impaired or impeded if it does not intervene; and (c) Leybold is

21  inadequately represented by SAGE's counsel.

22         View nevertheless asks this Court to prevent Leybold from standing on its own as a party by

23  proposing restrictions on Leybold's ability to serve discovery requests, including without limitation

24  interrogatories, requests for admissions and deposition notices.  Opp. at 8.   View also requests that

25  Leybold and SAGE be considered as a single entity for purposes of briefing and oral arguments,

26  presumably even if their interests differ on a particular issue.  *Id.*   <u>View cites no law in support of its</u>

27  <u>proposed draconian restrictions</u>.  Rather, View alleges that the timing of Leybold's motion to

28  intervene warrants such restrictions.  *Id.*  As shown above, however, Leybold's motion was timely

1    filed.  Indeed, this case is indisputably "still in its relatively early stages" and a scheduling order

2    setting a close of fact and expert discovery has not even been entered.  In addition, Leybold also

3    agrees to abide by the provisions of the Stipulated Protective Order (Dkt.63) and ESI Protocol.  Dkt.

4    49 and 53.  Thus, View's assertion is groundless.  View also asserts that Leybold's indemnity

5    provision warrants these restrictions.  Such an assertion is patently absurd.  Leybold's indemnity

6    provision allows for Leybold to fully litigate to protect its interests.  It does not impair its ability to

7    do so, nor does it allow non-parties to the agreement to impose limitations on Leybold.

8          In sum, neither the law nor the facts support View's thinly veiled attempt to circumvent Fed.

9    R. Civ. P. (a)(2) and 24(b)(2) by unduly restricting the right of Leybold to fully participate in the

10   litigation as an ordinary party to protect its interests.  Accordingly, Views' proposed restrictions on

11   Leybold's participation in this action should be denied.

12

13   **III.     CONCLUSION**

14          For all of the foregoing reasons, Leybold requests that this Court grant its motion to intervene

15   as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, that this Court permit

16   Leybold to permissively intervene pursuant to Fed. R. Civ. P. 24 (b)(2).

17

18

19

20

21

22

23

24

25

26

27

28

Leybold Reply In Support of its Motion to Intervene                    3:12-cv-06441 (JST)

1    Dated:  October 10, 2013                    Respectfully submitted

2
                                                /s/ Evan Nadel
3                                               Evan Nadel (SBN 213230)
                                                ENadel@mintz.com
4                                               MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                                POPEO, P.C.
5                                               44 Montgomery Street, 36th Floor
                                                San Francisco, California  94104
6                                               Telephone:  (415) 432-6016
                                                Facsimile:   (415) 432-6001
7
                                                John A. Bauer (*Pro Hac Vice* application
8                                               pending)
                                                JABauer@mintz.com
9                                               MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                                POPEO, P.C.
10                                              666 Third Avenue
                                                New York, New York 10017
11                                              Telephone: (212) 692-6795
                                                Facsimile: (212) 983-3115
12
                                                Attorneys for Proposed
13                                              Intervenor-Plaintiff
                                                **Leybold Optics, GmbH**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Leybold Reply In Support of its Motion to Intervene                    3:12-cv-06441 (JST)