TERRENCE P. MCMAHON (SBN: 71910)
TERRY W. AHEARN (SBN: 216543)
McDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: +1 650 815 7400
Facsimile: +1 650 815 7401
tmcmahon@mwe.com
tahearn@mwe.com

SARAH CHAPIN COLUMBIA (*pro hac vice*)
LEIGH MARTINSON (*pro hac vice*)
HASAN RASHID (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
28 State St
Boston, Massachusetts 02109
Telephone: (617) 535-4000
Facsimile: (617) 535-3800
scolumbia@mwe.com
lmartinson@mwe.com
hrashid@mwe.com

Attorneys for Plaintiff
*SAGE Electrochromics, Inc*.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| **SAGE ELECTROCHROMICS, INC.,** a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>**VIEW, INC**., a Delaware Corporation,<br><br>Defendant. | CASE NO. C 12-06441 (JST)<br><br>ELECTRONIC CASE FILING<br><br>**DEMAND FOR JURY TRIAL**<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT SAGE ELECTROCHROMICS, INC.'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT VIEW, INC.'S THIRD AMENDED COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

In response to View, Inc.'s ("View") Third Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Answer and Counterclaims") filed in this action (Dkt. No. 92), SAGE Electrochromics, Inc. ("SAGE"), through its attorneys, hereby responds to the Counterclaims as follows:

## GENERAL DENIAL

Except as expressly admitted herein, SAGE denies each and every allegation in the Amended Answer and Counterclaims. SAGE specifically denies any infringement or wrongdoing.

## PARTIES AND BACKGROUND

1. On information and belief, SAGE admits that View is a Delaware corporation with its corporate headquarters located in Milpitas, CA.

2. On information and belief, SAGE admits that View was previously known as Soladigm and Echromics and was founded in 2006 in Santa Rosa, CA. SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2. Therefore SAGE denies the remaining allegations in Paragraph 2.

3. SAGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3. Therefore SAGE denies the allegations in Paragraph 3.

4. SAGE admits a long-felt need existed in the industry for the production of electrochromic glass beginning at least as early as 1991. SAGE admits that View constructed a glass manufacturing facility in Olive Branch, Miss. SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4. Therefore SAGE denies the remaining allegations in Paragraph 4.

5. SAGE admits that it is a New Jersey corporation located in Faribault, MN.

6. SAGE admits that it manufactures, distributes, markets, sells and/or offers for sale electrochromic glass products, including but not limited to "SageGlass" products, throughout the world, within the United States, and within this judicial district. SAGE denies the remaining allegations in Paragraph 6.

7.   SAGE admits that it recently constructed a new manufacturing facility for its electrochromic glass products in Faribault, MN, and that the facility is scheduled to be in operation in the first quarter of 2013.

## JURISDICTION AND VENUE

8.   SAGE admits that this Court has jurisdiction over the Amended Answer and Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-2202.

9.   SAGE admits that this Court has subject matter jurisdiction over the Amended Answer and Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.  SAGE admits an actual controversy exists.

10.  SAGE admits this Court has personal jurisdiction over SAGE in this action.

11.  SAGE admits that venue is proper.

## FIRST COUNTERCLAIM

### (Infringement of U.S. Patent No. 8,243,357)

12.  Answering Paragraph 12, SAGE incorporates by reference its answers to Paragraphs 1-11 above as if fully set forth in Paragraph 12.

13.  SAGE admits that U.S. Patent No. 8,243,357 ("the '357 Patent"), titled "Fabrication of Low Defectivity Electrochromic Devices," was issued on August 14, 2012. SAGE admits that Mark Kozlowski, Eric Kurman, Zhongchun Wang, Mike Scobey, Jeremy Dixon, Anshu Pradhan, and Robert Rozbicki are listed as inventors on the '357 Patent.  SAGE admits that a copy of the '357 Patent was attached to the Amended Answer and Counterclaims as Exhibit A.  SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.  Therefore SAGE denies the remaining allegations in Paragraph 13.

14.  SAGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.  Therefore SAGE denies the allegations in Paragraph 14.

15.  SAGE denies the allegations set forth in Paragraph 15.

SAGE's Answer to View's Third Amended Counterclaims, Affirmative Defenses, and Counterclaims — - 3 -   CASE NO.  C 12-06441 (JST)

16. SAGE admits that SAGE and/or one or more of its employees or authorized agents obtained knowledge of the '357 Patent at least as earlier as the filing of the First Amended Answer and Counterclaims. SAGE denies the remaining allegations of Paragraph 16.

17. SAGE denies the allegations set forth in Paragraph 17.

18. SAGE denies the allegations set forth in Paragraph 18.

19. SAGE denies the allegations set forth in Paragraph 19.

20. SAGE denies the allegations set forth in Paragraph 20.

21. SAGE denies the allegations set forth in Paragraph 21.

## SECOND COUNTERCLAIM

### (Infringement of U.S. Patent No. 5,831,851)

22. Answering Paragraph 22, SAGE incorporates by reference its answers to Paragraphs 1-21 above as if fully set forth in Paragraph 22.

23. SAGE admits that U.S. Patent No. 5,831,851 ("the '851 Patent"), titled "Apparatus and Method for Controlling High Throughput Sputtering," was issued on November 3, 1998. SAGE admits that Lindsey Eastburn and Leon Mass are listed as inventors on the '851 Patent. SAGE admits that a copy of the '851 Patent was attached to the Amended Answer and Counterclaims as Exhibit B. SAGE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23. Therefore SAGE denies the remaining allegations in Paragraph 23.

24. SAGE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24. Therefore SAGE denies the allegations in Paragraph 24.

25. SAGE admits that View notified SAGE of the '851 Patent by a letter dated February 15, 2013. SAGE admits that it responded to View's letter on February 28, 2013. The letters speak for themselves and do not require further characterization. Therefore SAGE denies any remaining allegations of Paragraph 25.

26. SAGE denies the allegations set forth in Paragraph 26.

SAGE's Answer to View's Third Amended Counterclaims, Affirmative Defenses, and Counterclaims - 4 - CASE NO. C 12-06441 (JST)

27. SAGE admits that it obtained knowledge of the '851 Patent at least as a result of the correspondence sent by View to SAGE on February 15, 2013.

28. SAGE denies the allegations set forth in Paragraph 28.

29. SAGE denies the allegations set forth in Paragraph 29.

30. SAGE denies the allegations set forth in Paragraph 30.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '177 Patent)**

31. Answering Paragraph 31, SAGE incorporates by reference its answers to Paragraphs 1-30 above as if fully set forth in Paragraph 31.

32. SAGE admits that it is the sole owner of all rights, title, and interest in and to U.S. Patent No. 5,724,177 ("the '177 patent"). SAGE admits it charged View with infringement of the '177 Patent by filing a Complaint for Patent Infringement against View on December 20, 2012.

33. SAGE denies the allegations set forth in Paragraph 33.

34. SAGE denies the allegations set forth in Paragraph 34.

**FOURTH COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement of the '610 Patent)**

35. Answering Paragraph 35, SAGE incorporates by reference its answers to Paragraphs 1-34 above as if fully set forth in Paragraph 35.

36. SAGE admits that it is the sole owner of all rights, title, and interest in and to U.S. Patent No. 7,372,610 ("the '610 patent"). SAGE admits it charged View with infringement of the '610 Patent by filing a Complaint for Patent Infringement against View on December 20, 2012.

37. SAGE denies the allegations set forth in Paragraph 37.

38. SAGE denies the allegations set forth in Paragraph 38.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '177 Patent)**

39. Answering Paragraph 39, SAGE incorporates by reference its answers to Paragraphs 1-38 above as if fully set forth in Paragraph 39.

 40. SAGE admits that it contends that the '177 Patent is valid and enforceable.  SAGE admits that an actual and justiciable controversy exists between the parties with respect to the validity of the '177 Patent.

 41. SAGE denies the allegations set forth in Paragraph 41.

 42. SAGE denies the allegations set forth in Paragraph 42.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '610 Patent)

 43. Answering Paragraph 43, SAGE incorporates by reference its answers to Paragraphs 1-42 above as if fully set forth in Paragraph 43.

 44. SAGE admits that it contends that the '610 Patent is valid and enforceable.  SAGE admits that an actual and justiciable controversy exists between the parties with respect to the validity of the '610 Patent.

 45. SAGE denies the allegations set forth in Paragraph 45.

 46. SAGE denies the allegations set forth in Paragraph 46.

## RESPONSE TO PRAYER FOR RELIEF

SAGE denies that View is entitled to any relief whatsoever.

 A. SAGE denies that View is entitled to the relief requested in Paragraph A.
 B. SAGE denies that View is entitled to the relief requested in Paragraph B.
 C. SAGE denies that View is entitled to the relief requested in Paragraph C.
 D. SAGE denies that View is entitled to the relief requested in Paragraph D.
 E. SAGE denies that View is entitled to the relief requested in Paragraph E.
 F. SAGE denies that View is entitled to the relief requested in Paragraph F.
 G. SAGE denies that View is entitled to the relief requested in Paragraph G.
 H. SAGE denies that View is entitled to the relief requested in Paragraph H.
 I. SAGE denies that View is entitled to the relief requested in Paragraph I.
 J. SAGE denies that View is entitled to the relief requested in Paragraph J.
 K. SAGE denies that View is entitled to the relief requested in Paragraph K.

SAGE's Answer to View's Third Amended Counterclaims, Affirmative Defenses, and Counterclaims — - 6 - — CASE NO. C 12-06441 (JST)

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

## FIRST AFFIRMATIVE DEFENSE

**(No Literal Infringement)**

47. SAGE has not literally infringed and does not literally infringe, directly and/or indirectly, contributorily and/or by inducement, any valid and enforceable claim of the '357 or '851 Patents.

## SECOND AFFIRMATIVE DEFENSE

**(No Infringement Under Doctrine of Equivalents)**

48. Under the Doctrine of Equivalents, SAGE has not infringed and does not infringe, directly and/or indirectly, contributorily and/or by inducement, any valid and enforceable claim of the '357 or '851 Patents.

## THIRD AFFIRMATIVE DEFENSE

**(Patent Invalidity)**

49. The '357 and '851 Patents are invalid at least because they fail to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102 and/or 103.

## FOURTH AFFIRMATIVE DEFENSE

**(Patent Invalidity)**

50. The '357 and '851 Patents are invalid at least because they fail to meet the conditions for patentability set forth in 35 U.S.C. § 112.

## FIFTH AFFIRMATIVE DEFENSE

**(Laches, Waiver, Unclean Hands and Estoppel)**

51. View's claims for relief are barred in whole or in part under the equitable doctrines of laches, waiver, unclean hands, and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

**(Limitation of Damages of the '851 Patent)**

52. View's claim for damages for any alleged infringement of the '851 Patent is limited by 35 U.S.C. §286.

## SEVENTH AFFIRMATIVE DEFENSE

### (Limitation of Damages)

53. View is barred, in whole or in part, from recovering any damages for any alleged infringement of the '357 and '851 Patents under 35 U.S.C. §287.

## COUNTERCLAIMS

For its Counterclaims against View, Plaintiff and Counterdefendant SAGE alleges as follows:

## THE PARTIES

1. SAGE is a New Jersey corporation located at One SAGE Way in Faribault, MN 55021.

2. Upon information and belief, View is a Delaware corporation, having its corporate headquarters and principal place of business at 195 S. Milpitas Blvd., Milpitas, CA 95035. Defendant does business in the Northern District of California.

3. View was formerly known as Soladigm, Inc., which also did business in the Northern District of California.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. View, directly or through its intermediaries, makes, distributes, offers for sale or license, sells or licenses, and advertises its products and services in the United States, the State of California, and the Northern District of California. Defendant has conducted and does conduct business within the State of California and within this judicial district, including but not limited to Defendant's announcement on or about November 12, 2012 that its View Dynamic Glass was installed and publicly in use in the W San Francisco Hotel located at 181 3rd Street, San Francisco, CA.

6. In its First Amended Answer and Counterclaims to SAGE's initial Complaint (Dkt. No. 34), View admitted, for purposes of this action only, that this Court has personal jurisdiction over View. View has further availed itself of this Court's personal jurisdiction by

1 asserting Counterclaims against SAGE in this Court and, in addition, by having made, distributed,

2 sold, offered for sale, and advertised its products in, and otherwise directed its business activities

3 toward, the State of California.

4   7. Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391 and

5 1400(b).

## COUNT I

**(Declaratory Judgment of Non-Infringement of the '357 Patent)**

8. The allegations of paragraphs 1-7 of these Counterclaims are incorporated by reference as if fully set forth herein.

9. On March 4, 2013, Defendant View filed its First Amended Answer and Counterclaims in this Court, alleging infringement by SAGE of the '357 Patent. Dkt. No. 34.

10. The allegations of infringement in the First Amended Answer and Counterclaims have created an actual and justiciable controversy between SAGE and View concerning whether SAGE infringes any valid and enforceable claim of the '357 Patent.

11. SAGE does not infringe, directly or indirectly, literally or by equivalents, the '357 Patent.

12. Accordingly, SAGE is entitled to a declaratory judgment that it does not infringe the '357 Patent.

## COUNT II

**(Declaratory Judgment of Non-Infringement of the '851 Patent)**

13. The allegations of paragraphs 1-12 of these Counterclaims are incorporated by reference as if fully set forth herein.

14. On March 4, 2013, Defendant View filed its First Amended Answer and Counterclaims in this Court, alleging infringement by SAGE of the '851 Patent. Dkt. No. 34.

15. The allegations of infringement in the First Amended Answer and Counterclaims have created an actual and justiciable controversy between SAGE and View concerning whether SAGE infringes any valid and enforceable claim of the '851 Patent.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1    16.    SAGE does not infringe, directly or indirectly, literally or by equivalents, the '851 Patent.

17.    Accordingly, SAGE is entitled to a declaratory judgment that it does not infringe the '851 Patent.

### COUNT III

**(Declaratory Judgment of Invalidity of the '357 Patent)**

18.    The allegations of paragraphs 1-17 of these Counterclaims are incorporated by reference as if fully set forth herein.

19.    One or more claims of the '357 Patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

20.    Accordingly, SAGE is entitled to a declaratory judgment that the asserted claims of the '357 Patent are invalid.

### COUNT IV

**(Declaratory Judgment of Invalidity of the '851 Patent)**

21.    The allegations of paragraphs 1-20 of these Counterclaims are incorporated by reference as if fully set forth herein.

22.    One or more claims of the '851 Patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

23.    Accordingly, SAGE is entitled to a declaratory judgment that the asserted claims of the '851 Patent are invalid.

### COUNT V

**(Declaratory Judgment of Non-Infringement of the '603 Patent)**

24.    The allegations of paragraphs 1-23 of these Counterclaims are incorporated by reference as if fully set forth herein.

25.    View filed and served its Second Amended Answer and Counterclaims on May 29, 2013 (Dkt. No. 58) asserting, among other allegations, a Seventh Counterclaim for infringement

by SAGE, of U.S. Patent No. 8,432,603 (the '603 patent). SAGE filed its Answer to Defendant and Counterclaimant View, Inc.'s Second Amended Counterclaims on June 12, 2013 (Dkt. No. 60).

26. On July 8 and July 31, 2013, SAGE served verified interrogatory responses and documents. In light of those verified responses, it was clear that View could not prove infringement of the '603 patent . As a result of SAGE's clear noninfringement of the '603 patent, on August 13, 2013, SAGE sent View a letter questioning View's Rule 11 basis for maintaining its cause of action for infringement of the '603 patent, together with a proposed motion On August 29, 2013, View responded to SAGE's Rule 11 letter seeking additional information. SAGE sent additional information to View on September 3, 2013 further confirming its noninfringement of the '603 patent. On September 6, 2013, View sent SAGE a draft amended answer and counterclaims, in which it had dropped the '603 patent. Since then, the parties have been engaged in negotiations on the dismissal of View's allegations of infringement by SAGE of the '603 patent.

27. Having demonstrated through verified interrogatory responses and documents that it has not and does not infringe, either literally or by equivalents, the '603 patent, SAGE is entitled to judgment on the merits, and with prejudice, as to the allegations contained in View's previous Seventh Counterclaim for infringement by SAGE of the '603 patent. View, however, refuses to agree to a stipulation for entry of judgment on the merits.

28. Instead, on September 27, 2013, View filed it Unopposed Motion for Leave to File a Third Amended Answer and Counterclaims dropping the '603 patent from its counterclaims. Dkt. No. 87. SAGE did not oppose View's motion for leave. Dkt. No. 88. The Court granted View's motion on October 2, 2013. Dkt. No. 89. On October 4, 2013, View filed its Third Amended Answer, Affirmative Defenses and Counterclaims. Dkt. No. 92.

29. Because View refused to withdraw its allegations of infringement of the '603 patent with prejudice and refuses to agree to a stipulation of judgment of non-infringement of the '603 patent on the merits, the allegations of infringement in the Second Amended Answer and Counterclaims have created an actual and justiciable controversy between SAGE and View

1 concerning whether SAGE infringes any valid and enforceable claim of the '603 Patent. Without
2 a dismissal with prejudice or stipulation of judgment of non-infringement on the merits, View
3 could assert the '603 patent against SAGE on the same allegations as contained in its Second
4 Amended Answer and Counterclaims. Absent a dismissal with prejudice or judgment on the
5 merits, SAGE is still faced with a threat of suit as to the '603 patent.

6   30. SAGE does not infringe, directly or indirectly, literally or by equivalents, the '603
7 Patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '603 Patent)

10   31. The allegations of paragraphs 1-30 of these Counterclaims are incorporated by
11 reference as if fully set forth herein.

12   32. One or more claims of the '603 Patent are invalid because they fail to meet the
13 patentability requirement of Title 35 of the United States Code, including but not limited to 35
14 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

16 WHEREFORE, SAGE respectfully requests entry of judgment in its favor and against
17 View as follows:

18   33. That the Court dismiss with prejudice View's Amended Answer and
19 Counterclaims, and that View take nothing by its Counterclaims;

20   34. That the Court enter judgment against View and in favor of SAGE;

21   35. That the Court enter judgment declaring that SAGE has not infringed and is not
22 infringing the '357 Patent;

23   36. That the Court enter judgment declaring that SAGE has not infringed and is not
24 infringing the '851 Patent;

25   37. That the Court enter judgment declaring that SAGE has not infringed and is not
26 infringing the '603 Patent;

27   38. That the Court enter judgment declaring that the claims of the '357 Patent are
28 invalid and/or void and/or unenforceable;

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

39. That the Court enter judgment declaring that the claims of the '851 Patent are invalid and/or void and/or unenforceable;

40. That the Court enter judgment declaring that the claims of the '603 Patent are invalid and/or void and/or unenforceable;

41. That the Court award SAGE its fees and costs, including attorney fees incurred herewith;

42. That the Court award SAGE such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

SAGE demands a trial by jury of all claims and issues so triable.

Dated: October 21, 2013                McDERMOTT WILL & EMERY LLP


By: */s/ Terry W. Ahearn*
   Terrence P. McMahon
   Terry W. Ahearn
   Sarah Chapin Columbia (*pro hac vice*)
   Leigh Martinson (*pro hac vice*)
   Hasan Rashid (*pro hac vice*)

   Attorneys for Plaintiff
   SAGE ELECTROCHROMICS, INC.

DM_US 45954244-3.092184.0011

SAGE's Answer to View's Third Amended Counterclaims, Affirmative Defenses, and Counterclaims — - 13 - — CASE NO. C 12-06441 (JST)