UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAGE ELECTROCHROMICS, INC.,

    Plaintiff,

v.

VIEW, INC.,

    Defendant.

Case No. 12-cv-06441-JST

**ORDER GRANTING MOTION TO INTERVENE**

Re: ECF No. 85

## I. INTRODUCTION

Leybold Optics, GMBH ("Leybold") has moved to intervene in this patent infringement action between Plaintiff-Counterclaim Defendant Sage Electrochromics, Inc. ("Sage") and Defendant-Counterclaimant View, Inc. ("View"). Leybold Optics, GMBH's Notice of Motion to Intervene Pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(2) and Memorandum of Points and Authorities in Support of Motion to Intervene ("Motion"), ECF No. 85. Now, after considering the papers and the arguments of the parties at oral argument held on November 21, 2013, and good cause appearing, the Court decides the matter as described herein.

## II. BACKGROUND

### A. Procedural History

Sage filed a complaint against View in December 2012, alleging infringement of U.S. Patent Nos. 5,724,177 and 7,372,610. ECF No. 1. View answered in February 2013, counterclaiming that Sage is infringing on U.S. Patent No. 8,243,357. ECF No. 29. View amended its answer in March 2013 to add an additional counterclaim for infringement of U.S. Patent No. 5,831,851, and amended again in May 2013 to allege infringement of U.S. Patent No. 8,432,603. ECF Nos. 37 & 58. In the March amendment, View alleged that its patent infringement claims included a claim against "thin-film coating equipment for the manufacture of

electrochromic glass products." ECF No. 37.

In May-June 2013, Sage and View met and agreed to a discovery plan, including a plan for discovery of electronically stored information, agreed to protective order, and exchanged infringement contentions pursuant to Patent Local Rule 3-1. ECF Nos. 48, 49, 53, 62, 63. In its infringement contentions filed June 12, View identified a "film deposition apparatus made by Leybold Optics." ECF No. 85-1, at 6.

Sage and View exchanged invalidity contentions in August 2013, and filed their Joint Claim Construction and Prehearing Statement in October 2013. Leybold's counsel contacted View's counsel in early September to state that it would seek to intervene in this case. Declaration of Keith Slenkovich ¶ 5, ECF No. 91-1. Leybold then filed this motion later in September 2013, seeking to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, permissively pursuant to Fed. R. Civ. P. 24 (b)(2). Sage has filed a statement of non-opposition to intervention, ECF No. 86, and View has filed an opposition brief. View Inc.'s Memorandum of Points and Authorities in Opposition to Leybold Optics, GMBH's Motion to Intervene ("Opp."), ECF No. 91.

### B. Legal Standard

To be entitled to intervention as of right, "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (citing Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir. 1990)). Courts considering 24(a) motions follow 'practical and equitable considerations' and construe the Rule 'broadly in favor of proposed intervenors.'" Wilderness Soc., 630 F.3d at 1179 (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)).

Under the permissive intervention rule, "the court may permit anyone to intervene who: (a) is given a conditional right to intervene by a federal statute; or (b) has a claim or defense that

shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1). "[P]ermissive intervention 'requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

### C. Jurisdiction

The Court has jurisdiction over this action since it arises under a federal statute relating to patents. 28 U.S.C. § 1338(a).

## III. ANALYSIS

### A. Standards for Intervention

Leybold and Sage are parties to an agreement indemnifying Sage against a patent infringement claim relating to the equipment identified in View's counterclaim and infringement contentions. Motion 3:4-12; Exh. 2 to Declaration of Evan S. Nadel ¶ 14.1, ECF No. 85-1. That agreement provides for Leybold to defend such a claim. Id.

View does not dispute that this constitutes a "significantly protectable interest relating to the property or transaction which is the subject of the action," and neither does it dispute that disposition of this matter may impair or impede Leybold's ability to protect that interest, and that Sage inadequately represents Leybold's interest. The Court agrees with Leybold that these three factors favoring intervention as of right are satisfied, and further that Leybold has a "claim . . . that shares with the main action a common question of law or fact," which would ordinarily justify permissive intervention.

View's only argument against intervention is that Leybold's motion is untimely, because Leybold delayed bringing its motion for seven months after it should have known that its equipment and coating system was implicated in this case. "Timeliness is 'the threshold

requirement' for intervention as of right." League of United Latin Am. Citizens v. Wilson ("LULAC"), 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990)). "In determining whether a motion for intervention is timely," courts "consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" LULAC, 131 F.3d at 1302 (quoting County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986)). For two reasons, the Court finds that Leybold's motion is timely.

First, as View acknowledges, the case is "still in its relatively early stages." View nonetheless argues that the stage of the proceedings weighs against permitting intervention because "the parties have already made their substantive disclosures under Patent L.R. 3-1 and 3-3, engaged in meaningful progress toward *Markman* proceedings, and engaged in substantial discovery." Opp. 6:20-24. The authorities View cites, however, involved cases in considerably later stages of development, and do not support View's position. See Calif. Dep't. of Toxic Substances Control v. Commercial Realty Projects, Inc. ("CDTSC"), 309 F.3d 1113, 1119-20 (9th Cir. 2002) (intervention motion filed on day parties moved for judicial approval of consent decree); Moore v. Verizon Commc'ns Inc., No. 09-1823-SBA, 2013 WL 450365, at *2 (N.D. Cal. Feb. 5, 2013) (intervention motion filed months after court had preliminarily approved settlement). With the Court not yet having addressed the merits of any party's substantive contentions, and not yet even having set a final case schedule, the Court finds that this factor weighs in favor of permitting intervention.

Second, View has not cited any specific prejudice it would suffer if the Court permits intervention at this point, beyond "duplicating several months of existing discovery and related negotiations between the parties." Opp. 7:1-2. Even this relatively thin claim of prejudice does not appear to be entirely justified, since Leybold has agreed to abide by the provisions of the already agreed-upon protective order and ESI protocol.

As to the third factor -- the "reason for and length of the delay" -- the Court agrees with View that Leybold has not provided any reason for its delay in filing its motion. From this, the Court concludes that it had no reason. Unjustified delay should not be encouraged, since the

4

Ninth Circuit has emphasized that "[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." CDSTC, 309 F.3d at 1120 (quoting Oregon, 913 F.2d at 589).  However, at the same time the Court must also consider the length of the delay.  While unexplained, the seven-month delay at issue here is not extraordinary.  Moreover, even if the Court were to conclude that this third factor weighed against intervention (which it does not), that finding alone would not compel the Court to deny intervention.

The requirements for intervention are satisfied.

### B.  Restrictions on Leybold's Participation in the Case

Finally, View argues that, if Leybold is permitted to intervene in the case, the Court should impose certain restrictions on Leybold's ability to participate independently in this case and to seek relief from this Court.  Opp. 8:3-9:9.  View cites no authority that would permit its proposed unilateral limitations on one party's litigation rights.  "[A]s a general rule, intervenors are permitted to litigate fully once admitted to a suit." LULAC, 131 F.3d at 1304; see also Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1920 (3d ed.) ("the intervenor is entitled to litigate fully on the merits once intervention has been granted").

In considering any future requests for relief, the Court will consider, as appropriate, the various equitable factors that may weigh for or against granting such relief.  But the Court will not impose blanket restrictions on a party entitled as a matter of right to participate in the case.

### IV.  CONCLUSION

The motion to intervene is GRANTED.

**IT IS SO ORDERED.**

Dated: November 21, 2013

_____
JON S. TIGAR
United States District Judge

5