1  Evan S. Nadel (SBN 213230)
   ENadel@mintz.com
2  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   44 Montgomery Street, 36th Floor
3  San Francisco, California 94104
   Telephone: (415) 432-6016
4  Facsimile: (415) 432-6001

5  John A. Bauer (admitted *Pro Hac Vice*)
   JABauer@mintz.com
6  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
   666 Third Avenue
7  New York, New York 10017
   Telephone: (212) 692-6795
8  Facsimile: (212) 983-3115

9  Attorneys for Intervenor-Plaintiff
   LEYBOLD OPTICS, GmbH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAGE ELECTROCHROMICS, INC., a New Jersey Corporation,<br><br>    Plaintiff Counterclaim-Defendant,<br>        v.<br><br>VIEW, INC., a Delaware Corporation,<br><br>    Defendant-Counterclaimant. | Case No. 3:12-cv-06441-JST<br><br>**LEYBOLD OPTICS, GMBH'S COMPLAINT IN INTERVENTION**<br><br>Judge: Hon. Jon S. Tigar<br>Ctrm.  9 — 19th Floor<br><br>**DEMAND FOR JURY TRIAL** |
| LEYBOLD OPTICS, GMBH, a German Company<br><br>            Intervenor-Plaintiff<br><br>        v.<br><br>VIEW, INC., a Delaware Corporation,<br><br>    Defendant | |

1

LEYBOLD OPTIC, GMBH'S COMPLAINT IN INTERVENTION   Case No.3:12-cv-06441-JST

For its Complaint in Intervention against Defendant and Counterclaimant View, Inc. ("View"), Intervenor Leybold Optics, GmbH ("Leybold") alleges as follows:

## PARTIES

1. Intervenor-Plaintiff Leybold is company existing under the laws of Germany and headquarted at Siemenstrasse 88, 63755 Alzenau, Germany.

2. Upon information and belief, Plaintiff and Counterclaim-defendant SAGE Electrochromics, Inc. ("SAGE") is a New Jersey corporation with its principal place of business located at One SAGE Way, Faribault, MN 55021.

3. Upon information and belief, Defendant and Counterclaimant View is a Delaware corporation with its corporate headquarters and principal place of business located at 195 S. Milpitas Blvd., Milpitas, CA, 95035.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over SAGE by virtue of SAGE availing itself of this Court by filing its Complaint. *See* Dkt. 1.

6. The Court has personal jurisdiction over View by virtue of View availing itself of this Court's jurisdiction by answering SAGE's Complaint and asserting counterclaims against SAGE. *See* Dkt. 29.

7. Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

8. Leybold is a company organized under the laws of Germany that develops, manufactures, and supplies high-volume manufacturing ("HVM") equipment and systems for the coating of glass.

9. SAGE, upon information and belief, is a designer and developer of electrochromic glass technology and materials.

10. View, upon information and belief, is involved in the research, development, and manufacturing of electrochromic glass.

11. In January 2011, Leybold and SAGE entered into an Equipment Manufacturing and Supply Agreement (the "Supply Agreement") in conjunction with SAGE purchasing HVM equipment and systems for the coating of glass (the "HVM Coating Equipment"). A redacted copy of the Supply Agreement is attached hereto as Exhibit A.

12. The Supply Agreement contains an indemnity provision indemnifying SAGE against a claim alleging that use of the HWM Coating Equipment constitutes patent infringement and providing for Leybold to defend such claim. Supply Agreement, ¶14.1.

13. On December 20, 2012, SAGE filed its Complaint (Dkt. 1) against View alleging infringement by View of U.S. Patent Nos. 5,724,177 (the "'177 patent" (*id*., Ex. A)) and 7,372,610 (the "'610 patent" (*id*., Ex. B)) by making, using, selling, offering for sale, and/or importing View's dynamic glass products. Compl., ¶¶25 and 33, respectively.

14. On February 11, 2013, View filed an Answer and Counterclaims denying infringement and counterclaiming that SAGE is infringing U.S. Patent No. 8, 243,357 (the "'357 patent" (Dkt. 29 & Ex. A)) by making, using, selling, offering for sale, and/or importing electrochromic glass products such as SageGlass. *Id*., ¶15.

15. On March 4, 2013, View filed a First Amended Answer and Counterclaims that included an additional counterclaim alleging SAGE is infringing U.S. Patent No. 5,831,851 (the "'851 patent" (Dkt. 34.& Ex. B)) by making, using, selling, offering for sale, and/or importing "thin-film coating equipment" for the manufacture of electrochromic glass products such as SageGlass. *Id*., ¶26. View further alleged that SAGE's infringement of the '851 patent was willful, deliberate, and in reckless disregard of View's patent rights, and therefore, View was entitled to enhanced damages. *Id*., ¶28.

16. View alleges that it is the assignee of the rights, title, and interest in and to the '851 patent and that it is the owner of the '851 patent with the full and exclusive rights to bring suit to enforce the '851 patent. Dkt. 34, ¶¶ 23 and 24, respectively.

17. On June 12, 2013, View first contended that use of a high volume film deposition coating equipment made by Leybold Optics infringed the '851 patent. *See* Defendant-Counterclaimant View Inc.'s Disclosure of Asserted Claims and Infringement Contentions, at Ex. C, pp. 1-4.

18. Leybold supports SAGE in defending against the '851 patent infringement claim brought by View as to the accused coating equipment.

19. Leybold believes that it has the right to make, use, sell, offer to sell, and/or import the accused coating equipment free of any valid '851 patent rights of View. Leybold also believes that the '851 patent is invalid.

## FIRST CAUSE OF ACTION:

## DECLARATION OF NON-INFRINGMENT OF THE '851 PATENT

20. The allegations in paragraphs 1-19 of the Complaint in Intervention are incorporated by reference as if fully set forth herein.

21. The allegations of '851 patent infringement in View's Amended Answer and Counterclaims (Dkt. 34, ¶¶ 22-30) and in Defendant-Counterclaimant View Inc.'s Disclosure of Asserted Claims and Infringement Contentions have created an actual, substantial, and continuing justiciable controversy between Leybold and View, having diverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the asserted claims of the '851 patent.

22. The accused coating equipment does not infringe under 35 U.S.C. § 271 any asserted claim of the '851 patent.

23. Leybold is entitled to a judicial declaration that the manufacture, use, offering for sale, sale, and/or importing of the accused coating equipment does not infringe directly or indirectly, literally or by equivalents, the '851 Patent.

LEYBOLD OPTIC, GMBH'S COMPLAINT IN INTERVENTION  Case No.3:12-cv-06441-JST

## SECOND CAUSE OF ACTION:

## DECLARATION OF INVALIDITY OF THE '851 PATENT

24. The allegations in paragraphs 1-23 of the Complaint in Intervention are incorporated by reference as if fully set forth herein.

25. The asserted claims of the '851 Patent are invalid because they fail to meet the patentability requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. There is an actual, substantial, and continuing justiciable controversy between Leybold and View, having diverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding validity of the '851 patent.

27. Leybold is entitled to a judicial declaration that the asserted claims of the '851 Patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Leybold requests entry of judgment in its favor and against View as follows:

1. That the Court dismiss with prejudice View's March 4, 2013 Amended Answer and Counterclaim relating to the '851 Patent, and that View take nothing by its Counterclaims;

2. A declaration and entry of judgment in favor of Leybold and against View that the accused equipment does not infringe the asserted claims of the '851 patent;

3. A declaration and entry of judgment in favor of Leybold and against View that Leybold and SAGE are not liable for direct, contributory or induced infringement of the asserted claims of the '851 patent as to the accused equipment;

4. A declaration and entry of judgment in favor of Leybold and against View that the asserted claims of the '851 patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112;

5. Leybold's costs and disbursements in connection with this litigation, as permitted pursuant to 35 U.S.C. § 284;

6. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Leybold of its reasonable attorney's fees; and

7. Such other relief, in law and in equity, that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Leybold demands a trial by jury of all claims and issues so triable.

Dated: November 22, 2013          Respectfully submitted,

/s/ Evan S. Nadel
Evan S. Nadel (SBN 213230)
ENadel@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, California  94104
Telephone:    (415) 432-6016
Facsimile:    (415) 432-6001

John A. Bauer (admitted *Pro Hac Vice*)
JABauer@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, New York 10017
Telephone:    (212) 692-6795
Facsimile:    (212) 983-3115

Attorneys for Intervenor-Plaintiff
**LEYBOLD OPTICS, GmbH**