UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE ELECTROCHROMICS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>VIEW, INC., <br><br>　　　　Defendant. | Case No.  12-cv-06441-JST <br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND DISCLOSURES** <br><br>Re: ECF No. 113 |

　　　　Plaintiff and Counterclaim Defendant SAGE Electrochromics, Inc. ("SAGE") has moved pursuant to Patent Local Rule 3-6(c) to amend its infringement contentions and supplement its Patent Local Rule 3-2(e) disclosures.  ECF No. 113.  Defendant and Counterclaimant View, Inc. ("View") has filed an opposition in which it does not oppose SAGE's request to amend its infringement contentions, but opposes only SAGE's request to supplement its disclosures.

　　　　"Amendment of . . . Infringement Contentions may be made only by order of the Court upon a timely showing of good cause."  Patent Local Rule 3-6.  "The local patent rules in the Northern District of California . . . require[] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery."  O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).  It is established within the district that in determining whether to grant leave to amend infringement contentions, the court first considers whether the moving party was diligent in amending its contentions, and only if that criterion is satisfied proceeds to consider whether the non-moving party would suffer prejudice if the motion to amend were granted.  See, e.g., Acer, Inc. v. Tech. Properties Ltd., Case No. 5:08-CV-00877 JF/HRL, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10,

2010).

Patent Local Rule 3-1(g) provides:

> If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

Patent Local Rule 3-2(e) provides that among a party's disclosure obligations is the following:

> If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

View cites no authority discussing the proper standard for determining whether a party should be permitted to supplement its Patent Local Rule 3-2(e) disclosures, as distinct from whether a party should be permitted to amend its infringement contentions.  By not opposing SAGE's request to amend its infringement contentions, View presumably concedes that SAGE's proposed amendments do not unfairly alter SAGE's infringement theories.

Even assuming that the two-part "diligence" and "prejudice" standard applies to the supplementation of 3-2(e) disclosures, the standard has been met.  One set of documents reflect the comparative testing of SAGE and View products.  SAGE received samples of View's products after bringing a successful motion to compel in September, had comparative tests performed on the samples in October, received the final testing results in November, and brought its motion to amend in December.  As to the second set of documents, while they were received in June, they were received from View.  While SAGE presumably could have sought to supplement its disclosures in June, the Patent Local Rules do not contemplate that a party must supplement its disclosures every time it receives a new piece of evidence pertinent to its Rule 3-1(g) contention, especially when that evidence is information that the other party already possesses.  The Court agrees with SAGE that the most appropriate opportunity to supplement 3-2(e) disclosures (and the only opportunity explicitly provided for in the Patent Local Rules) is when amending infringement

1 or invalidity contentions.

2 View has also failed to demonstrate that it will be prejudiced by the supplementation of the disclosures. Patent Local Rule 3-2(e) requires a litigant to produce documents "sufficient to show" the operation of any aspects or elements of such instrumentalities on which the patent claimant relies. But it does not require the disclosure of all evidence the party has that supports the claim. While View may dispute that the initially disclosed documents are in fact sufficient (and may even dispute that the *newly* disclosed documents are sufficient), the fact that it takes that position does not permit it to oppose any later attempts to supplement 3-2(e) disclosures. Moreover, the documents are already in the factual record, discovery is still ongoing, and the Court has not yet set a schedule for dispositive motions. In all, there is no demonstrated undue prejudice to View.

The motion is GRANTED.

**IT IS SO ORDERED.**

Dated: January 28, 2014

_____
JON S. TIGAR
United States District Judge