UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE ELECTROCHROMICS, INC., <br><br> Plaintiff-counterdefendant, <br><br> v. <br><br> VIEW, INC., <br><br> Defendant-counterclaimant. | Case No.  12-cv-6441-JST <br><br> **ORDER GRANTING LEAVE TO AMEND; SETTING CASE MANAGEMENT CONFERENCE** <br><br> Re: ECF No. 145 |

In this patent infringement action, Plaintiff SAGE Electrochromics, Inc. has moved to amend its complaint to assert infringement of four patents not named in the operative complaint: United States Patent Nos. 6,039,850 ("the '850 Patent"), 5,830,336 ("the '336 Patent"), 6,337,758 B1 ("the '758 Patent"), and 7,193,763 B2 ("the '763 Patent") (collectively, the "New Patents"). The matter came for hearing April 3, 2014.  The Court will grant the motion.

**I.    BACKGROUND**

**A.    Factual and Procedural History**

SAGE's initial complaint alleges that Defendant View, Inc. ("View") has infringed SAGE's United States Patent Nos. 5,724,177 and 7,372,610.  Complaint for Patent Infringement and Injunctive Relief, ECF No. 1.  View has denied infringement in its answer and counterclaimed for infringement of View's United States Patent Nos. 5,831,851 and 8,243,357.  The Court held a hearing on January 28 for the purposes of construing ten disputed claim terms in these four Patents-in-Suit, but has not yet issued its claim construction order.

**B.    Jurisdiction**

The Court has jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**C.     Legal Standard**

Federal Rule of Civil Procedure 15 provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This "policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)).

"A court must "consider '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.'" Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)). "[C]onsideration of prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

View suggests in its papers that the Court should apply Rule 16's most stringent "good cause" standard, because the Court set certain deadlines in a May 2013 scheduling order, and noted that those deadlines could not be modified without leave of Court. See Case Scheduling Order, ECF No. 57. But the Court did not set a deadline to amend the pleadings in that order. See Knudsen v. City & Cnty. of San Francisco, No. 12-cv-01944-JST, 2013 WL 6235507, at *1, n.1 (N.D. Cal. Dec. 2, 2013) ("Because the Court did not set a deadline for amending the pleadings in the scheduling order it issued . . . , motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 15"). As SAGE points out, View joined a joint case management statement in May, which stated that "both parties reserve the right to seek leave to amend in accordance with Fed. R. Civ. P. 15." ECF No. 48.

The Court also notes that Patent Local Rule 3-6 requires a higher showing for amending infringement contentions than Rule 15 requires for amendment of the complaint. "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative." Atmel Corp. v. Info. Storage Devices Inc., No. 95-cv-1987 FMS, 1998 WL

775115, at *2 (N.D. Cal. Nov. 5, 1998).  Notably, under Rule 15 "undue delay by itself is insufficient to justify denying a motion to amend," while "under Patent Local Rule 3-6, if there is no showing of diligence, then a court need not even entertain whether the amendment would prejudice the nonmoving party."  Trans Video Electronics, Ltd. v. Sony Electronics, Inc., 278 F.R.D. 505, 507-08 (N.D. Cal. 2011) aff'd, 475 F. App'x 334 (Fed. Cir. 2012).

View does not argue that the Patent L.R. 3-6 standard applies to this motion, and so the Court will not apply it.  But in permitting a party to amend the complaint to add a new infringement allegation, the court is effectively permitting the amendment of the infringement contentions.   It would be a strange result if a patent plaintiff were to be permitted to amend the complaint to add a new patent infringement claim, and then denied the ability to amend the infringement contentions to reflect that change.

There appears to be a split of authority in this district regarding whether Rule 15 or Patent Local Rule 3-6 applies to motions to amend the complaint to add new patent infringement claims.  Compare SAP Aktiengesellschaft v. i2 Technologies, Inc., 250 F.R.D. 472, 475 (N.D. Cal. 2008) (Rule 15 governs, even when the amendment would add new patents, and amendment of the complaint effectively constitutes good cause to amend the infringement contentions); with Trans Video, 278 F.R.D. at 507 (Patent Local Rule standard must be satisfied when party seeks to amend complaint to add new patent infringement claim); see also In BioGenex Labs. v. Ventana Med. Sys., Inc., No. 03-cv-3916-JF, 2005 WL 7139102 (N.D. Cal. Feb. 24, 2005) ("[u]nlike BioGenex's motions for leave to amend its preliminary infringement contentions, which are governed by . . . the relatively strict standards discussed above, BioGenex's motion for leave to amend its complaint [to add a new patent] is governed by the more liberal standard of Fed.R.Civ.P. 15(a)").  However, even in the Trans Video, which applied the Patent Local Rule standard, the case was in a much more advanced posture.  278 F.R.D. at 510 (movant's "belated motion to amend was made in bad faith, only as a last-ditch attempt to avoid the summary judgment" order the court had already issued, and consequently the motion to amend lacked merit "whether made pursuant to Rule 15 or Patent Local Rule 3-6").

## II. ANALYSIS

View does not argue that amendment would be futile or that there is any evidence of bad faith. SAGE has not previously amended its complaint. The motion turns on whether there has been undue delay or prejudice.

View argues that there has been undue delay because the motion to amend comes fourteen months after the complaint was filed. The declarations of SAGE personnel establish that View's product is not available to the public, that SAGE only recently obtained a product sample, and that the results of the testing SAGE performed on the sample only became available in November 2013 (with regard to the '758 Patent) and February 2014 (which provided final confirmation that SAGE had a good-faith basis to assert infringement of the '763 Patent). See Declaration of Charles J. Hayes ¶¶ 5-8, ECF No. 145-2. View disputes whether this additional testing was necessarily required, and some of these arguments are compelling, at least as to some of the New Patents. But in the absence of a showing of prejudice, mere delay does not justify denial of a motion to amend under Rule 15.

"The party opposing amendment bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). View has shown none. View objects that if the New Patents are added, and the case schedule is not adjusted, its full and fair opportunity to defend the claims will be compromised. But the Court will not adopt a new case schedule without carefully considering View's rights to respond to and defend the New Patent claims. View's alternative argument is that, if the case schedule *is* adjusted, the resolution of its counterclaims will now be delayed. But a mere pendency in the resolution of claims does not constitute substantial prejudice. View identifies no legal rights it has lost through this delay, nor any actual impacts the delay would have on its business.

View's strongest argument regarding prejudice is that SAGE knew at least in November that at least some of the New Patents would be added to this case, but did not move for leave until February. SAGE's response is that it was more reasonable to file one motion once it had all of the

4

information necessary to assert infringement of all the New Patents, rather than file *seriatam* motions to amend over the course of four months.[1]

Ordinarily, SAGE's decision to wait would have been the most efficient one, and would not have prejudiced any party or the Court. Here, however, SAGE sat silently through the claim construction process, during which the parties had to jointly identify which ten terms were most significant to the resolution of this case, without disclosing that it knew it would be introducing new patents to the overall mix of the case.

But that does not mean SAGE's motion should be denied, in part because the Court finds that SAGE acted in good faith, and in part because SAGE learned about one new patent after the claim construction hearing was over, so the parties would find themselves here to a certain extent anyway. Rather, the way to avoid any prejudice to View is to set a case schedule that does not deprive View of its fair opportunity to respond to, and propose constructions of, the newly asserted claims.[2]

The Motion to Amend is GRANTED.

The Court hereby SETS this matter for a case management conference on May 7, 2104 at 2:00 p.m., to set the remaining dates in this action. The parties shall meet and confer and file a joint case management statement at least ten court days before the case management conference. In that statement, the parties shall propose either a joint schedule, or competing schedules, for all remaining deadlines before trial.[3] In their proposals or proposals, the parties will propose, among

---

[1] As SAGE acknowledges, it was also in its own interest to file a consolidated motion, rather than have to deal with the higher legal standard that applies to second and third requests to amend the complaint. See Reply Br. 5:14-17.

[2] This may require the Court to adjust, in this special situation, its general rule to only construe "the terms whose construction will be most significant to the resolution of the case up to a maximum of 10," Patent L.R. 4-3(c), since the parties may request construction of some terms within the New Patents.

[3] If the parties submit competing schedules, the Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable. See Michael Carrell & Richard Bales, Considering Final Offer Arbitration to Resolve Public Sector Impasses in Times of Concession Bargaining, 28 Ohio St. J. on Disp. Resol. 1, 20 (2013) ("In baseball arbitration . . . the parties . . . have every incentive to make a reasonable proposal to the arbitrator because the arbitrator will choose the more reasonable offer").

other dates, a deadline for any further amendment of the pleadings, a deadline to file an updated Claim Construction and Prehearing Statement pursuant to Patent Local Rule 4-3, a number of terms whose construction will be most significant to the resolution of the case,[4] a proposed approximate date for any further claim construction hearing, a deadline to complete a settlement conference before Judge Grewal, and a deadline to identify the number of claim terms that will proceed to trial.   The proposal shall also contain the parties' proposal regarding the number of total claims it would be reasonable to try before a jury.  See In re Katz Interactive Call Processing Patent Litig., 639 F.3d 1303, 1311-13 (Fed. Cir. 2011); see also Stamps.com Inc. v. Endicia, Inc., 437 F. App'x 897, 902 (Fed. Cir. 2011) (unpublished).

**IT IS SO ORDERED.**

Dated: April 7, 2014



JON S. TIGAR
United States District Judge

---

[4] The parties should choose the terms from among all the patents that are now at issue.  If the parties believe that the Court should deviate from its usual rule of construing not more than ten total terms, they should explain why.

Today the Court has issued an order construing the terms that were before it on January 28, 2014. The Court does not assume that the parties will now choose the same ten terms they previously chose, ECF No. 90 at 2, but neither does the Court assume that it should construe ten additional terms to those it previously construed.