UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGE ELECTROCHROMICS INC, <br><br> Plaintiff, <br><br> v. <br><br> VIEW INC, <br><br> Defendant. _____/ | No. C-12-06441 JST (DMR) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE [DOCKET NO. 156]** |

Defendant-Counterclaimant View, Inc. ("View") and Intervenor-Plaintiff Leybold Optics, GmbH ("Leybold") filed a joint discovery letter regarding View's motion to strike Leybold's invalidity contentions. [Docket No. 156 (Joint Letter).] The court conducted a hearing on May 8, 2014. For the following reasons, the court grants View's motion to strike.

**I. Background**

Plaintiff-Counterclaim Defendant SAGE Electrochromics, Inc. ("Sage") filed this action on December 20, 2012, alleging that View's dynamic glass product infringes two of Sage's patents. Sage develops "dynamic glass," sometimes referred to as "electrochromic glass," which can change from a clear state to a tinted state upon the application of an electric charge to the glass. (Compl. ¶ 13.) In its February 2013 answer, View asserted a counterclaim alleging that Sage is infringing one of View's patents. [Docket No. 29.] View later amended its answer in March and May 2013 to add

United States District Court
For the Northern District of California

1  additional counterclaims for infringement of two patents. [Docket Nos. 34, 58.] Of importance to
2  this motion, View's March 2013 amended counterclaim alleged that Sage infringed at least one
3  claim of U.S. Patent Nos. 5,831,851 ("the '851 patent") by "making, using, selling, offering to sell
4  and/or importing thin-film coating equipment for the manufacture of electrochromic glass products."
5  [Docket No. 34 at 11-12.]

Following an initial case management conference on May 29, 2013, the Honorable Jon S.
Tigar, the presiding judge in this matter, entered a scheduling order. [Docket No. 57.] The court set
deadlines of June 12, 2013 and August 1, 2013 for the parties to serve infringement and invalidity
contentions, respectively, with the close of claim construction discovery on November 7, 2013. The
court also set a claim construction briefing schedule and a claim construction hearing for January 28,
2014.[1] The court did not set a deadline for fact or expert discovery.

In its June 12, 2013 infringement contentions, View identified Sage's alleged infringement of
the '851 patent by a "film deposition apparatus made by Leybold Optics."[2] [Docket No. 107 (Order
Granting Mot. to Intervene) 2.] View and Sage exchanged invalidity contentions as scheduled on
August 1, 2013. (Joint Letter 2 n.1.)

On September 19, 2013, Leybold moved to intervene solely on the basis of its
indemnification of Sage against claims that the use of Leybold's coating equipment infringes the
'851 patent. [Docket No. 85 (Mot. to Intervene) 3, 5 n.5.] Leybold argued that View would not be
prejudiced by its intervention as the case was "in its infancy" and Leybold was "not requesting to
alter the dates" of the court's scheduling order. (Mot. to Intervene 5.)

View opposed the motion as untimely, arguing that Leybold did not move to intervene for
seven months after it became aware that its equipment and coating system were implicated, citing a
February 2013 letter by View to Sage regarding Sage's use of Leybold's equipment. [Docket No. 91
(Opp'n to Mot. to Intervene) 3, 6-7.] In the alternative, View argued that if the court allowed

---

[1] The court conducted the claim construction hearing on January 28, 2014 and issued a claim construction order on April 8, 2014. [Docket No. 160.]

[2] Leybold is a German company that "develops, manufactures, and supplies high-volume manufacturing . . . equipment and systems for the coating of glass." [Docket No. 110 (Compl. in Intervention) ¶ 8.]

2

Leybold to intervene, the court should impose certain restrictions on Leybold's participation, including deeming Leybold and Sage to "constitute one 'side'" and limiting Leybold's right to discovery to that to which Sage was entitled under the parties' discovery plan. (Opp'n to Mot. to Intervene 8.) In its reply, to highlight its argument that View would not be prejudiced by its intervention, Leybold acknowledged that the court had entered a scheduling order "[w]ith respect to proposed claim construction exchanges, claim construction briefing, and claim construction hearings, as well as certain contentions," and reiterated its representation that "it [would] not request to alter the dates" of the scheduling order. [Docket No. 94 (Reply) 2-3.]

On November 21, 2013, the court granted Leybold leave to intervene as of right. While finding that Leybold's seven month delay in seeking intervention was "unexplained," the court ultimately concluded that the motion was not untimely. (Order Granting Mot. to Intervene 4-5.) The court rejected View's request for limitations on Leybold, holding that it would not "impose blanket restrictions on a party entitled as a matter of right to participate in the case." (Order Granting Mot. to Intervene 5.) Instead, the court noted that in considering any future requests for relief, the court would consider, "as appropriate, the various equitable factors that may weigh for or against granting such relief." (Order Granting Mot. to Intervene 5.) The court did not issue a new scheduling order.[3]

On November 22, 2013, Leybold filed its Complaint in Intervention, seeking a declaratory judgment that the '851 patent was invalid or not infringed. (Compl. in Intervention 3-4.) Thereafter, Leybold participated in the claim construction briefing and tutorial. (Joint Letter 7.) On January 23, 2014, days before the January 28 *Markman* hearing and without seeking leave of court, Leybold served invalidity contentions on View. These contentions introduce additional patent prior art and obviousness combinations that were not part of Sage's '851 patent invalidity contentions. (Joint Letter 3.)

---

[3] Judge Tigar has since entered a scheduling order governing newly asserted infringement claims by Sage against View pertaining to four additional patents. [Docket No. 172.] According to the parties, these new claims do not implicate Leybold. [Docket No. 166 (Joint Case Management Statement) 4.]

On March 31, 2014, View and Leybold submitted the instant joint letter brief, in which View asks the court to strike Leybold's invalidity contentions. View argues that Leybold's invalidity contentions were served well beyond the August 1, 2013 deadline set by Judge Tigar in the scheduling order, and that Leybold did not seek relief from the scheduling order.

## II. Legal Standards

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether there is good cause to modify a scheduling order, courts focus on the reasonable diligence of the moving party. *See Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Patent Local Rules 3-1 and 3-3 are discovery devices that set forth the standards for disclosing asserted claims, infringement contentions, and invalidity contentions in patent infringement actions. Rule 3-1, which addresses the timing and substance of infringement contentions, "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Intertrust Techs. Corp. v. Microsoft Corp.*, No. 01-1640 SBA, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003) (citation and quotation marks omitted); *accord Bender v. Freescale Semiconductor, Inc.*, No. 09–1156 PJH (MEJ), 2010 WL 1689465, at *2 (N.D. Cal. Apr. 26, 2010). Patent Local Rule 3–3 requires a party opposing a claim of patent infringement to serve on all parties its invalidity contentions within 45 days after being served with the patentee's Rule 3-1 infringement contentions. These rules require parties to define their theories of patent infringement and invalidity early on in the course of litigation. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). They aim to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, No. 09-1152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (citation and quotation marks omitted).

**III. Discussion**

View argues that the court should strike Leybold's invalidity contentions on the grounds that Leybold violated Rule 16(b)(4) by serving them after the court-ordered August 1, 2013 deadline without seeking leave to do so. It also argues that Leybold violated Patent Local Rule 3-6, which provides that invalidity contentions may be amended "only by order of the Court upon a timely showing of good cause." (Joint Letter 3-6 (citing N.D. Patent L.R. 3-6).) View asserts that Leybold's actions violate its "unequivocal" representations to the court in connection with its motion to intervene that Leybold did not seek to alter the dates of the scheduling order. (Joint Letter 1.)

As an initial matter, the court finds that Patent Local Rule 3-6 does not apply. That rule addresses the amendment of invalidity contentions. Here, Leybold served its own invalidity contentions; it did not amend another party's contentions. View's position that Leybold violated Rule 3-6 by serving invalidity contentions without leave of court is a variation of its previous argument that Leybold and Sage should be treated as one party, a position which Judge Tigar expressly rejected in granting Leybold leave to intervene.

Leybold's invalidity contentions were not, however, timely under the court's scheduling order, which provided an August 1, 2013 deadline. Leybold did not move for relief from the scheduling order, which would have been the prudent course of action prior to serving its invalidity contentions. Given that Leybold opposes View's current motion on the grounds that it was diligent in serving its invalidity contentions, the court will construe Leybold's opposition as a motion for relief pursuant to Rule 16(b)(4). To determine whether a party has shown good cause to modify a scheduling order under Rule 16(b), the court must focus on Leybold's "reasonable diligence" and reasons for seeking the requested modification. *See Noyes*, 488 F.3d at 1174 n.6. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Leybold argues that the August 1, 2013 deadline did not apply to it, because Leybold did not become a party until late November 2013. However, this position does not square with Leybold's

actions and representations in this case. To begin with, Leybold indisputably was involved in litigation activities well before it moved to intervene. At the hearing on the current motion, Leybold conceded that by March 2013, it was on notice of View's infringement allegations regarding Leybold's equipment. Leybold also admitted that it had been involved in preparing Sage's invalidity contentions, which Sage served on the August 1, 2013 deadline. In fact, Leybold had commenced its own prior art research in connection with the '851 patent *prior* to August 2013. By the time Leybold filed its motion for intervention, its prior art research was well underway. Nevertheless, Leybold unequivocally represented to Judge Tigar that it was not seeking to amend the dates of the scheduling order. In other words, at the time it sought intervention, Leybold had been conducting invalidity research, but failed to alert Judge Tigar that it was contemplating filing its own invalidity contentions – an event that implicated the scheduling order that Leybold represented it would not alter.[4]

View's central argument is that Leybold violated the representations it made to Judge Tigar. Curiously, Leybold fails to address this argument in the joint discovery letter. It is beyond dispute that Leybold twice represented to Judge Tigar that its intervention would not alter the scheduling order – an order that Leybold acknowledged as including a deadline for invalidity contentions. Yet Leybold has in fact "altered" the scheduling order by filing invalidity contentions beyond the deadline and without leave of court.

Given the sequence of events, the court concludes that Leybold did not act with requisite diligence in seeking relief from, or more accurately, ignoring the scheduling order. Here, Judge Tigar found that Leybold had inexplicably waited seven months before moving to intervene. During that time, Leybold admittedly participated behind the scenes in reviewing Sage's invalidity contentions. Leybold was also conducting its own prior art research. Leybold knew that the court's scheduling order provided a deadline for contentions, and apparently intended to serve its own

---

[4] Leybold does not dispute that its invalidity contentions identify patent prior art. Courts have recognized that it is more difficult to establish diligence when attempting to add prior art references that are publicly available. *See, e.g., Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2014 WL 186405, at *2 (N.D. Cal. Jan. 16, 2014) (denying motion to amend invalidity contentions where information sought to be added was publicly available and no explanation given why it could not have been discovered earlier).

contentions beyond that deadline, yet never brought this to Judge Tigar's attention. Instead, Leybold told Judge Tigar that its intervention would not affect the scheduling order.

While the focus of the Rule 16(b) inquiry is upon the moving party's diligence and reasons for seeking a modification, the existence of prejudice to View supplies an additional reason to deny Leybold's motion for relief from the scheduling order. *See Johnson*, 975 F.2d at 609. Leybold correctly notes that document production is ongoing, no party depositions have been taken, and there is no scheduled close of fact discovery. However, View has identified at least some prejudice to its position should Leybold's invalidity contentions be permitted to stand. Leybold served its invalidity contentions on January 23, 2014, adding new prior art after the parties' claim construction briefing on the '851 patent was complete and only five days before the claim construction hearing. As a result, references in its invalidity contentions were "immune" from View's strategic deliberations in identifying the limited number of claims permitted by Judge Tigar to be construed prior to trial. At the hearing on this motion, View's counsel represented that had View been on notice of Leybold's invalidity contentions earlier in the claims construction process, it would have considered adding two to three terms to its initial exchange of proposed terms for construction.

The court finds that Leybold has failed to show good cause to modify the court's scheduling order based on its lack of diligence and insufficient reasons for failing to adhere to the scheduling order. Therefore, the court denies Leybold's attempt to modify the scheduling order and grants View's motion to strike Leybold's January 23, 2014 invalidity contentions.

## IV. Conclusion

For the foregoing reasons, View's motion to strike Leybold's invalidity contentions is GRANTED.

IT IS SO ORDERED.

Dated: May 15, 2014



DONNA M. RYU
United States Magistrate Judge

7